Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
stephen.jensen@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Perry D. Oldham (Bar No. 216016)
Perry.oldham@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS IN SUPPORT OF PRELIMINARY INJUNCTION UNDER SEAL**<br><br>**Hon. James V. Selna**<br>**Hon. Magistrate John D. Early**<br><br>**Hearing: March 22, 2021**<br>**Time: 1:30 p.m.**<br>**Court: Room: 10C**<br><br>**Discovery Cutoff: 05/21/2021**<br>**Pre-Trial Conf.: 12/13/2021**<br>**Trial: 01/11/2022** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively "Plaintiffs") respectfully request leave to file under seal:

(1)   Portions of Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction ("Memorandum");

(2)   Declaration of Jesse Chen in Support of Plaintiffs' Motion for Preliminary Injunction and accompanying exhibits ("Chen Declaration");

(3)   Declaration of James McNames in Support of Plaintiffs' Motion for Preliminary Injunction and accompanying exhibits ("McNames Declaration");

(4)   Portions of the Declaration of Joe Kiani in Support of Plaintiffs' Motion for Preliminary Injunction ("Kiani Declaration"); and

(5)   Exhibits 1, 2, 6, 9, 10, 12-21, and 23-37 to the Declaration of Brian C. Claassen in Support of Plaintiffs' Motion for Preliminary Injunction;

Plaintiffs have provided proposed redacted versions of the Memorandum and Kiani Declaration.  Plaintiffs do not believe redactions are feasible for the Chen Declaration, McNames Declaration or Exhibits 1, 2, 6, 9, 10, 12-21, and 23-37 due to the amount of confidential information contained therein.

## I.   <u>LEGAL STANDARD</u>

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)).  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013).  Information should be sealed where

"competitors could not obtain [the information] anywhere else."  *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).   Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action."  Cal. Civ. Code § 3426.5 (emphasis added).

## II.   ARGUMENT

### A.   The Information Plaintiffs Seek To Seal Is Confidential

Plaintiffs' Memorandum, the Chen Declaration, the McNames Declaration, the Diab Declaration, the Kiani Declaration and Exhibits 1, 2, 6, 9, 10, 12-21, and 23-37 each contain confidential information as described in more detail below.

First, the redacted portions of Plaintiffs' Memorandum detail Plaintiffs' confidential and proprietary technical trade secrets, including explanations of Plaintiffs' confidential algorithms, development efforts, and other technical information.   Claassen Decl. ¶ 4.   The redacted portions of Plaintiffs' Memorandum also correlate aspects of Plaintiffs' trade secrets with internal True Wearables documents.  *Id.*  This information is confidential and valuable to Plaintiffs in part because of its secrecy.  Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets.  If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.*

Second, the Chen Declaration includes a similar explanation of Plaintiffs' technical trade secrets.  *Id.* ¶ 5.  The Chen Declaration also contains additional details about Plaintiffs' technology and development process that were not included in Plaintiffs' Memorandum.  *Id.*  Disclosure of the Chen Declaration would harm Plaintiffs for the reasons discussed above.  *Id.*

-2-

Third, the McNames Declaration includes a similar explanation of Plaintiffs' technical trade secrets, as well as Dr. McNames' analysis of the advantages of Plaintiffs' trade secrets. *Id.* ¶ 6. The McNames Declaration further correlates aspects of Plaintiffs' trade secrets with internal True Wearables documents. *Id.* Disclosure of the McNames Declaration would harm Plaintiffs for the reasons discussed above. *Id.*

Fourth, the redacted portions of the Kiani Declaration discuss Plaintiffs' technical trade secrets and Plaintiffs' confidential strategies for protecting those trade secrets. *Id.* ¶ 7. Disclosure of the redacted portions of the Kiani Declaration would harm Plaintiffs for the reasons discussed above. *Id.* Disclosure would also reveal Plaintiffs' confidential business strategies. Disclosure of these strategies may enable Plaintiffs' competitors to employ Plaintiffs' confidential information to compete with Plaintiffs or undermine Plaintiffs' strategies. *Id.*

Fifth, Exhibits 1, 6, 9, 10, 12-15, 23, 35 are Plaintiffs' internal presentations, correspondence, and discovery responses that disclose and describe Plaintiffs' technical trade secrets and Plaintiffs' confidential strategies for protecting those trade secrets. Disclosure of these exhibits would harm Plaintiffs for the same reasons discussed above. *Id.* ¶ 8. Exhibits 29-34 are confidential unpublished patent applications that disclose Plaintiffs' technical trade secrets, Plaintiffs' confidential strategies for protecting those trade secrets, and confidential patent prosecution strategies. *Id.* Disclosure of these exhibits would also harm Plaintiffs for the same reasons discussed above. *Id.*

Sixth, Exhibits 2, 16-20, 26-27 are True Wearables documents, including unpublished patent applications and inventor notebooks, that reflect Plaintiffs trade secrets that were misappropriated by True Wearables. *Id.* ¶ 9. Disclosure of these documents would reveal Plaintiffs' trade secrets and would thus harm Plaintiffs for the same reasons discussed above. *Id.* Exhibits 21, 24-25, and 28 are documents reflecting True Wearable's prosecution strategy for unpublished patent

applications.  *Id.*  Exhibits 36 and 37 are True Wearables' discovery responses in this case.  Exhibits 2, 16-21, 24-28, and 36-37 all include information that True Wearables has marked "Confidential – Attorney's Eyes Only" under the Protective Order in this case.  *Id.*

**B.    The Court Should Grant Plaintiffs' Application to Seal**

Courts seal documents where, as here, disclosure "will cause competitive harm."  *See Apple*, 727 F.3d at 1221.  Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else."  *Id.* at 1229.  Plaintiffs seek to seal trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5.  Indeed, regardless of any dispute True Wearables may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that the documents Plaintiffs seek to seal discuss Plaintiffs' "alleged trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5.  Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets."  *Kamakana*, 447 F.3d at 1179.

## III.    CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of the Memorandum and Kiani Declaration, and the McNames Declaration, Chen Declaration, and Exhibits 1, 2, 6, 9, 10, 12-21, and 23-37 in their entirety.

Respectfully submitted

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated:  February 18, 2021         By: */s/ Brian C. Claassen*
                                       Joseph R. Re
                                       Stephen C. Jensen
                                       Irfan A. Lateef
                                       Perry D. Oldham
                                       Brian C. Claassen

                                       Attorneys for Plaintiffs,

-4-