Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
stephen.jensen@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
**KNOBBE, MARTENS, OLSON**
 **& BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS'** *EX PARTE* **APPLICATION AND ORDER DENYING PLAINTIFFS' PRELIMINARY INJUNCTION**<br><br>**Hon. James V. Selna**<br>**Hon. Magistrate John D. Early**<br><br>**Hearing: April 26, 2021**<br>**Time: 1:30 p.m.**<br>**Court: Room: 10C**<br><br>**Discovery Cutoff: 05/21/2021**<br>**Pre-Trial Conf.: 12/13/2021**<br>**Trial: 01/11/2022**<br><br>**[FILED UNDER SEAL]** |

**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**

Plaintiffs respectfully submit this memorandum of points and authorities in support of their motion for the Court to reconsider its orders (1) striking Plaintiffs' Trade Secret 12 (Dkt. 186) ("*Ex Parte* Order") and (2) denying Plaintiffs' Preliminary Injunction ("PI") Motion (Dkt. 187).  The Court should reconsider both orders because the Court appears to have failed to consider material facts concerning Plaintiffs' July 2020 interrogatory responses.  Both Court orders are premised on the Court's incorrect acceptance of Defendants' unsupported assertion that Plaintiffs added Trade Secret 12 in an October 2020 interrogatory response. But evidence of record shows Plaintiffs added Trade Secret 12 in its July response. Both Court orders were based on clear error and would lead to a manifestly unjust result, depriving Plaintiffs the ability to protect Trade Secret 12.

## I. STATEMENT OF FACTS OF RECORD

### A. Plaintiffs' July 1, 2020 Interrogatory Responses

On July 1, 2020, Plaintiffs served its first supplemental responses to Interrogatories 1 and 11 ("July Responses").  Dkt. 161-2 (Kachmer Decl.) ¶ 4-5. Plaintiffs' July Responses were of record on Defendants' *ex parte* application.  Dkt. 159-2 (Ex. A – Response to Interrogatory No. 1); Dkt. 159-3 (Ex. B – Response to Interrogatory No. 11).  Interrogatory 1 asks Plaintiffs to identify their trade secrets. Dkt. 159-2 at 56.  Interrogatory 11 asks for details and documents for the identified trade secrets.  Dkt. 159-3 at 91-92.

Plaintiffs' July Responses identified Trade Secret 15: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 159-2 at 63. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*.

The July Responses also included a table with two columns listing documents showing (a) each trade secret, and (b) Defendants' misappropriation. Dkt. 159-3 at 113-114.  For Trade Secrets 15 and 16, Plaintiffs identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. (MASM0126888-

-1-

1 | 127089; MASM0114198-210). ███████████████████████
2 | ████████ Dkts. 152-02 ¶ 17; 152-05, 152-07, and 152-08. ████████
3 | ████████████████████████████████████████ Dkt. 159-3 at 113-114
4 | (MASM0114198-210); *see also* Dkt. 152-05. ████████████████
5 | ████████████████████████ *Id*. Plaintiffs' July Response also listed evidence
6 | by bates number showing Defendants' misappropriation. This list included
7 | ████████████████████████████████████████████████████
8 | Dkt. 159-3 at 114 (TRUE28808-56); *see also* Dkt. 152-06.

### B. Defendants Admitted Plaintiffs Identified Trade Secret 12 and the ███████████ in July

After the July Responses, the parties exchanged letters regarding those responses. Dkt. 159-01 (*Ex Parte* App.) at 9:20-21. On July 24, 2020, Plaintiffs wrote to Defendants about ███████████ Dkt. 171-06 (Ex. E to Defendants' PI Opp.). Plaintiffs explained that ████████████████████████████████████████████████████████████ *Id*. Defendants opposed the PI motion relying on the letter's disclosure of the ███████████. Defendants argued the letter showed Plaintiffs delayed in filing the PI motion because the letter was dated July 24, 2020. *Id*. Defendants' argument admits that Plaintiffs identified the ███████████ in July 2020. *Id*.

### C. Plaintiffs' October 30, 2020 Interrogatory Response

On October 30, 2020, Plaintiffs served a second supplemental response to Interrogatory 1 ("October Response"). Dkt. 161-2 ¶ 4. That Response added just one new trade secret, Trade Secret 10. That Response also consolidated Trade Secrets 15 and 16 to become Trade Secret 12. *Compare* Dkt. 159-2 (Ex. A) at p. 63 (July response) *with* p. 68 (October response). With regard to Trade Secret 12, Plaintiffs listed the bates number of ███████ that Plaintiffs previously listed in the July Response to Interrogatory 11. *Compare* Dkt. 159-3 (Ex. B) at p. 113-14 (July response) *with* Dkt. 159-2 at 68 (October response). Plaintiffs' October

-2-

Response also referenced the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Dkt. 152-05 (MASM0114198-210). The following table shows how the October Response revised the July Response with regard to Trade Secret 12.

| July Responses | October Response |
|---|---|
| **Interrogatory No. 1** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. **Interrogatory No. 11** Documents Representative of Trade Secrets 15 and 16 list: **MASIMO114198-21**[1] | **Interrogatory No. 1** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **(MASIMO114198-21)** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

**D. The Court's *Ex Parte* Order**

On March 11, 2021, the Court granted in part Defendants' *ex parte* application and struck Plaintiffs' Trade Secret 12. Dkt. 186. The Court found Plaintiffs admitted "that 'one' of the trade secrets in their October 30, 2020 Second Supplemental Interrogatory Response had not been previously identified." *Id*. at

---

[1] Plaintiffs' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 152-05 (MASM0114198-210).

[2] This October Response also included ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Compare* Dkt. 159-2 at 68 *with* Dkt. 152-05.

2. The Court continued, "While Plaintiffs do not then state which trade secret they admit to have been new, Defendants only assert that the ▬▬▬▬▬ ("TSS"), Trade Secret 12, 'was neither identified in Plaintiffs' original interrogatory response nor in its July 2020 supplement.'" *Id.* (quoting *Ex Parte* App. 11, 23). The Court concluded that it "accepts Trade Secret 12 to have been new" in October. *Id*. Thus, the Court struck Trade Secret 12 and denied Plaintiffs' PI Motion on that basis.

The Court also held that "there was no undue delay in adding" various trade secrets in July 2020, "and Plaintiffs had good cause to add" those trade secrets. Dkt. 186 at 4. The Court found that Plaintiffs' July Responses were timely because they rested on various documents Defendants had restricted to attorneys' eyes only. *Id*. The Court also found Plaintiffs served the July Responses only three months after Plaintiffs' expert first gained access to those documents. *Id*.

## II. ARGUMENT

### A. Legal Standard for Reconsideration

Under Local Rule 7-18, a motion for reconsideration "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Courts also have the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir 2001).

### B. The Record Shows Plaintiffs Added Trade Secret 12 and the ▬▬▬▬▬ ▬▬▬▬▬ in July 2020

Plaintiffs respectfully submit that the Court should vacate its decision

-4-

1 striking Trade Secret 12. The Court incorrectly accepted the Defendants'
2 unsupported assertion that Plaintiffs added Trade Secret 12 on October 30, 2020.
3 The evidence of record shows Plaintiffs identified Trade Secret 12 on July 1, 2020.

Plaintiffs' July Responses identified their ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ as trade secrets. Dkt. 159-2 at 63 (former Trade Secrets 15 and 16). Plaintiffs' July Responses listed the ▇▇▇▇▇▇▇▇ by bates number. Dkt. 159-3 at 113-14. Those bates numbered documents included ▇▇▇▇▇▇▇ *Id*. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇ The July Response also identified ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, as evidence of misappropriation. Dkt. 159-3 at 114; *see also* Dkt. 152-06 ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiffs moved for a PI to prevent the application from publishing.

Defendants understood that Plaintiffs identified the full scope of Trade Secret 12 back in July 2020. Defendants relied upon the correspondence between the parties about Trade Secret 12 (▇▇▇▇▇▇▇▇▇▇▇ specifically) in an attempt to show that Plaintiffs' PI motion should have been filed soon after July 2020. Dkt. 171 (PI Opp.) at 13. Thus, at the time Defendants opposed Plaintiffs' PI motion, it was undisputed that Plaintiffs identified Trade Secret 12 and the ▇▇▇▇▇▇ ▇▇▇▇ in July 2020, not October 2020.

### C. The Court Committed Clear Error Relying On Defendants' Assertion That Plaintiffs Added Trade Secret 12 In October

In striking Trade Secret 12, the Court relied on Plaintiffs' admission that they "identified all but one trade secret at issue by July 1, 2020." Dkt. 186 at 2. The Court observed that Plaintiffs did not identify "which trade secret they admit to have been new." *Id*. Trade Secret 10 was the only trade secret added in October. *Compare* Dkt. 159-2 (Ex. A) at p. 63 (July response) *with* p. 68 (October response). Plaintiffs did not identify Trade Secret 10 as added in October because Defendants' *Ex Parte* application did not distinguish between the July and October Responses.

-5-

That Application requested that the Court strike ***all*** of the added trade secrets as untimely, whether added in July or October.[3]

But, that Plaintiffs did not discuss Trade Secret 10 should not have led the Court to accept Defendants' false representation that Plaintiffs added Trade Secret 12 in October. The record did not support the assumption that Trade Secret 12, and not Trade Secret 10, was added in October.

### D. Plaintiffs' Trade Secret 12 From The October Response Merely Refined Trade Secrets 15 and 16 From The July Response

Plaintiffs' October Response for Trade Secret 12 merely refined Trade Secrets 15 and 16 from the July Response. *Compare* Dkt. 159-2 (Ex. A) at p. 63 (July response) *with* p. 68 (October response). This October Response did not expand the scope of Trade Secret 12, but merely added the title from one of the already identified ▮▮▮▮▮▮ and referenced some of ▮▮▮▮▮▮ therein. *Id*. The October Response confirmed what Defendants already knew, and what they admit they knew from the July Responses. *See* Dkt. 171 (PI Opp.) at 13.

Plaintiffs' refinement of Trade Secret 12 requires no good cause. As the Ninth Circuit explained, "discovery provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020). This Court also explained that "a supplemental response to refine identified trade secrets does not require a special showing of good cause." Dkt. 186 at 3.[4]

---

[3] Plaintiffs responded to Defendants' 24-page *Ex Parte* Application in a 24-hour period and apologizes if they did not make clear that it was Trade Secret 10 that was newly added in October.

[4] Plaintiffs' breach-of-contract claim is based in-part on Defendants' disclosure of confidential information, including the Workshop files with the ▮▮▮ ▮▮▮▮▮▮. That claim is unaffected by the Court's orders addressed herein.

-6-

### E. The Court's Finding Of Good Cause Applies To Plaintiffs Adding of Trade Secret 12 in July 2020

The Court determined Plaintiffs showed good cause to add Trade Secrets 6 through 11, 14, and 15 in July 2020.[5] Dkt. 186 at 4. The Court found good cause and no undue delay because those additions: (1) were based on Defendants' discovery that was restricted to attorneys' eyes only, and (2) came about three months after Plaintiffs' technical expert could first access those documents. *Id*.

Plaintiffs added Trade Secret 12 based on Plaintiffs' expert's review of Defendants' patent applications. *See* Dkt. 186 at 3. Because Defendants restricted access to those applications to attorneys' eyes only, Plaintiffs' expert did not have access to those applications until March 2020. *See id*. For the same reason the Court found good cause to add other trade secrets in the July Response, good cause justifies adding Trade Secret 12 in the same Response.

If the Court determines Plaintiffs have not shown good cause to add Trade Secret 12 in July 2020 based on the current record, Plaintiffs request the opportunity to brief this issue. In the *Ex Parte* Order, the Court notified the parties that "it is appropriate to require a showing of good cause to amend the interrogatory responses." Dkt. 186 at 2. Plaintiffs contend that, for the same reason the Court found good cause to add the other trade secrets, they also showed good cause to add Trade Secret 12. If the Court desires greater detail, Plaintiffs request an opportunity to provide it.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its *Ex Parte* Order and Order denying the PI Motion.

---

[5] Plaintiffs added Trade Secret 10 in October 2020. *See supra* Sec. II(C).

-7-

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| Dated: March 25, 2021 | By: */s/ Brian C. Claassen* |
|   | Joseph R. Re |
|   | Stephen C. Jensen |
|   | Irfan A. Lateef |
|   | Brian C. Claassen |
|   |   |
|   | Attorneys for Plaintiffs, |
|   | Masimo Corporation and |
|   | Cercacor Laboratories, Inc. |