Amanda R. Washton (Bar No. 227541)
a.washton@conklelaw.com
**CONKLE, KREMER & ENGEL**
**Professional Law Corporation**
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100
Facsimile: (310) 998-9109

Peter A. Gergely (*Pro Hac Vice*)
PGergely@merchantgould.com
Ryan J. Fletcher, (*Pro Hac Vice*)
RFletcher@merchantgould.com
Zachary D. Kachmer (*Pro Hac Vice*)
ZKachmer@merchantgould.com
**MERCHANT & GOULD, P.C.**
1801 California St., Suite 3300
Denver, CO 80202
Telephone: (303) 357-1651
Facsimile: (612) 332-9081

Paige S. Stradley, (*Pro Hac Vice*)
PStradley@merchantgould.com
**MERCHANT & GOULD, P.C.**
150 S. Fifth Street Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

Attorneys for Defendants, True Wearables, Inc. and Marcelo Lamego

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELO LAMEGO'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS' *EX PARTE* APPLICATION AND ORDER DENYING PLAINTIFFS' PRELIMINARY INJUNCTION**<br><br>**Hon. James V. Selna**<br>**Hon. Magistrate John D. Early**<br><br>**Hearing: April 26, 2021**<br>**Time: 1:30pm**<br>**Ctrm: 10C**<br><br>**Discovery Cutoff: 5/21/2021**<br>**Pre-Trial Conf.: 12/13/2021**<br>**Trial: 01/11/2022** |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Table of Contents**

                                                              **Page**

I.    PLAINTIFFS' MOTION FOR RECONSIDERATION IS PREMISED ON NEW ARGUMENTS .................................................................. 2

II.   THE COURT'S ORDERS STRIKING TRADE SECRET 12 AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION SHOULD STAND. ......................................................... 5

       1.    Plaintiffs may not use their reconsideration motion as a vehicle to present arguments that could have been, but were not, presented in their opposition brief. ............................... 6

            a.    Defendants clearly argued – and Plaintiffs did not dispute – that the TSS was first included in Plaintiffs' October 2020 identification. .............................. 7

            b.    Plaintiffs did not show good cause in their opposition brief and cannot do so now. ................................................. 8

       2.    Even if properly before the Court, the TSS was first included in Plaintiffs' October 2020 identification. ................................. 10

            a.    Plaintiffs misleadingly omit critical aspects of Trade Secret 12 to support their after-the-fact justification. ........ 10

            b.    Identification of documents in response to a different Interrogatory is insufficient. ............................................. 13

            c.    Plaintiffs' July letter evidences a lack of diligence in identifying the TSS. ......................................................... 14

III.  CONCLUSION ................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ........................................................................... 6

*Gilliam v. Bank of Am., N.A.*,
  No. SA CV 17-1296-DOC (JPRx), 2017 U.S. Dist. LEXIS
  225996 (C.D. Cal. Oct. 26, 2017) ................................................................... 6

*Palumbo Design, LLC v. 1169 Hillcrest, LLC*,
  No. CV 19-6664 DSF (PLAx), 2020 U.S. Dist. LEXIS 235374
  (C.D. Cal. Oct. 13, 2020) ........................................................................... 1, 6

*Perfect 10, Inc. v. Giganews, Inc.*,
  No. CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 53733
  (C.D. Cal. Mar. 6, 2015) ................................................................................ 6

Defendants True Wearables and Marcelo Lamego ("Defendants") respectfully request the Court deny Plaintiffs Masimo Corporation's and Cercacor Laboratories, Inc.'s ("Plaintiffs") motion for reconsideration. "Motions for reconsideration are not opportunities to reargue motions and raise issues and arguments that could have been, but were not, made in the original briefing." *Palumbo Design, LLC v. 1169 Hillcrest, LLC*, No. CV 19-6664 DSF (PLAx), 2020 U.S. Dist. LEXIS 235374, at *3-4 (C.D. Cal. Oct. 13, 2020). But that is exactly what Plaintiffs seek to do in their motion. Plaintiffs do not ask the Court to *reconsider* facts and arguments that Plaintiffs previously presented (but which the Court failed to consider). Rather, Plaintiffs ask the Court for a second chance to argue and oppose Defendants' *Ex Parte* application by presenting new arguments to the Court—arguments that were not previously presented—in an effort to save Trade Secret 12. For this reason alone, Plaintiffs' motion should be denied.

Throughout Defendants' *Ex Parte* application Defendants explained that the ▮▮▮▮▮▮▮▮▮▮ (referred to in various briefing and hereinafter as the "TSS") was added to Plaintiffs' response to Interrogatory No. 1 in October 2020.[1] Plaintiffs never disputed this or contended otherwise in their opposition brief, despite having every opportunity and incentive to do so. Only now, after the Court has stricken Trade Secret 12 and denied Plaintiffs' motion for preliminary injunction (Dkts. 186, 187), do Plaintiffs argue otherwise. Plaintiffs' failure to dispute Defendants' explicit contentions that the TSS was first included in the October 2020 identification amounts to waiver and abandonment as to that issue.

Relatedly, Defendants argued—and the Court agreed—that Plaintiffs

---

[1] Hereinafter, any reference to "identification" or "identification of trade secrets" is a reference to Plaintiffs' response to Interrogatory No. 1, which seeks an identification of all of Plaintiffs' allegedly misappropriated trade secrets.

- 1 -

must show good cause to add new trade secrets. (Dkt. 186 at 4.)[2] Plaintiffs' failure to dispute the addition of the TSS in their October 2020 identification or otherwise argue and show it was identified in their July identification means Plaintiffs did not establish good cause for their late addition of the TSS. (*See id.* at 4 (striking Trade Secret 13 because, regardless of when it was added, Plaintiffs did not show good cause for its late addition in their opposition brief).)

Finally, even if the Court were to allow Plaintiffs to present new arguments to save Trade Secret 12, those arguments are not persuasive. Plaintiffs simply did not identify the TSS in their interrogatory responses until October 2020. Plaintiffs' July 2020 identification is vague and makes no reference to the TSS or to any of the ▮▮▮▮ that, as illustrated by Plaintiffs' preliminary injunction motion, form the basis of Plaintiffs' alleged trade secret.

Because Plaintiffs present new arguments that could and should have been raised in Plaintiffs' opposition brief and because even those new arguments fail, Plaintiffs' motion should be denied.

## I. **PLAINTIFFS' MOTION FOR RECONSIDERATION IS PREMISED ON NEW ARGUMENTS.**

On February 18, 2021, Plaintiffs filed a motion for a preliminary injunction stemming from Defendants' alleged misappropriation of the TSS. As Plaintiffs' motion for preliminary injunction explained, the TSS is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 152-1 at 1.) In particular, in their motion for preliminary injunction Plaintiffs alleged that Dr. Lamego had included in his provisional patent application ▮▮▮▮▮▮▮▮ that were the same as the TSS and attempted to explain how the ▮▮▮▮ in Dr. Lamego's patent application were ▮▮▮▮▮▮▮▮. (*Id.* at 7-9.)

---

[2] Where the footer page numbering differs from ECF filing header, this brief cites to the former.

Plaintiffs' addition of new trade secrets as well as Plaintiffs' motion for preliminary injunction led Defendants to file an *ex parte* application to, among other things, strike new Trade Secrets 6-15. Defendants' *Ex Parte* application focused on the TSS because it was the basis for Plaintiffs' motion for preliminary injunction. In that *Ex Parte* application, Defendants three times explained that Trade Secret 12 should be stricken because the TSS was first included in Plaintiffs' October 2020 trade secret identification, well after Defendants first produced the materials that Plaintiffs cited as evidence of the alleged misappropriation. (Dkt. 159-1 (*Ex Parte* Application) at 11-12, 21-23 (*E.g.*, "The TSS was neither identified in Plaintiffs' original interrogatory response nor its July 2020 supplement. Rather, it was first identified in Plaintiffs' response in October 2020—nineteen months after Plaintiffs provided their original trade secret identification and fourteen months after Defendants produced the very patent applications that Plaintiffs now claim to include the TSS" and "Defendants produced several of those very patent applications in August 2019. And yet, Plaintiffs inexplicably failed to add the TSS to their trade secret identification until the Second Expanded Identification, which did not come until October 2020." (citations and emphasis omitted).) Defendants' arguments were supported by citations to Plaintiffs' July and October supplemental interrogatory responses. (*Id.* at 11, 22 (*Ex Parte* Application citing Ex. A to the Kachmer Decl.).)[3]

Plaintiffs opposed Defendants' *Ex Parte* application to strike Trade

---

[3] Plaintiffs' July supplementation to Interrogatory No. 1 is Plaintiffs' First Supplemental Response to Interrogatory No. 1; Plaintiffs' October supplementation to Interrogatory No. 1 is Plaintiffs' Second Supplemental Response to Interrogatory No. 1. Separately, Plaintiffs' July supplementation to Interrogatory No. 11 is Plaintiffs' First Supplemental Response to Interrogatory No. 11; Plaintiffs' October supplementation to Interrogatory No. 11 is Plaintiffs' Third Supplemental Response to Interrogatory No. 11.

- 3 -

Secrets 6-15 and generally argued that they were diligent in amending their response to Interrogatory No. 1. (Dkt. 163 (Opp. to *Ex Parte* Application) at 6-9.) In support of this argument, Plaintiffs contended that they could not have learned of the alleged misappropriation except through discovery and that:

- Defendants had withheld discovery, including ▬▬▬▬;
- Plaintiffs did not realize the patent applications produced by Defendants were final, filed applications (i.e., Plaintiffs believed the applications were drafts);
- Defendants' objections to Dr. McNames and outside counsel Mr. Stephen Jensen frustrated Plaintiffs' analysis; and
- Defendants failed to identify prejudice they would suffer from Plaintiffs' supplementation adding trade secrets.

(*Id*. at 6-9, 21.) Plaintiffs further presented policy arguments regarding their duty to supplement interrogatory responses under the Federal Rules and how supplementation is consistent with Section 2019.210. (*Id*. at 9-10.)

Nowhere, however, did Plaintiffs present the arguments and facts they now present in their motion for reconsideration. For example, nowhere in their opposition brief to Defendants' *Ex Parte* Application did Plaintiffs argue, as they now do in their reconsideration motion, that the TSS was identified in their July supplementation to Interrogatory No. 1. (*Compare* Dkt. 163 (Opp. to *Ex Parte* Appliction) *with* Dkt. 192-1 (Mot. Reconsideration) at 4-5.) And, nowhere in their opposition brief did Plaintiffs argue, as they now do, that the TSS is a combination of former Trade Secrets 15 and 16. (*Compare* Dkt. 163 (Opp. to *Ex Parte* Application) *with* Dkt. 192-1 (Mot. Reconsideration) at 2-3.) Nor did Plaintiffs' opposition brief attempt to explain why Plaintiffs believe the TSS is a combination of Trade Secrets 15 and 16, as Plaintiffs now do. (*Compare* Dkt. 163 (Opp. to *Ex Parte* Application) *with* Dkt. 192-1 (Mot. Reconsideration) at 2-3, 5-6.) Indeed, former Trade Secrets 15 (▬▬▬▬

██████████████████████████████████████████████████) and 16 (██████████████████████████████████████████) from Plaintiffs' July supplementation are not even mentioned in Plaintiffs' opposition brief. (Dkt. 163 (Opp. to *Ex Parte* Application).)[4]

Plaintiffs' motion for reconsideration is premised on new arguments and facts not previously presented to the Court in Plaintiffs' opposition brief.

## II. THE COURT'S ORDERS STRIKING TRADE SECRET 12 AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION SHOULD STAND.

Local Rule 7-18 sets forth grounds for reconsideration:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Plaintiffs argue that reconsideration of the Court's Order striking Trade Secret 12 and denying Plaintiffs' motion for preliminary injunction is proper because the Court failed to consider materials facts presented to the Court before regarding Trade Secret 12. (Dkt. 192-1 at 1.) Not so. The Court properly struck Trade Secret 12 and properly denied Plaintiffs' motion for a preliminary injunction in light of Trade Secret 12 being stricken.

---

[4] To be clear, Plaintiffs' numbering of trade secrets changed between their July response and October response, so the Trade Secret 15 that is referenced in Plaintiffs' opposition brief refers to a different trade secret than Trade Secret 15 discussed herein.

### 1. **Plaintiffs may not use their reconsideration motion as a vehicle to present arguments that could have been, but were not, presented in their opposition brief.**

What Plaintiffs really want is a do-over—a second chance to show good cause for their late addition of the TSS. But that is not the purpose of a motion for reconsideration. "Motions for reconsideration are not opportunities to reargue motions and raise issues and arguments that could have been, but were not, made in the original briefing." *Palumbo Design, LLC*, 2020 U.S. Dist. LEXIS 235374, at *3-4 (denying motion for reconsideration where party failed to respond to arguments squarely raised in briefing); *see also*, *e.g.*, *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation" and finding district court properly denied motion for reconsideration where party raised new arguments in reconsideration motion).

This is particularly true where, as here, Defendants clearly stated that the TSS was first included in Plaintiffs' October 2020 identification and argued that, for this very reason, it should be stricken. Plaintiffs disagreed that it should be stricken but did not dispute the timing of the addition. Plaintiffs' failure to respond to and dispute Defendants' contention regarding the timing of their late addition of the TSS constitutes waiver or abandonment as to that issue. *See, e.g., Gilliam v. Bank of Am., N.A.*, No. SA CV 17-1296-DOC (JPRx), 2017 U.S. Dist. LEXIS 225996, at *45 (C.D. Cal. Oct. 26, 2017) (in context of motion to dismiss, finding that plaintiff's failure to rebut argument presented by defendant constituted waiver which alone warranted granting the motion to dismiss and explaining that "[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *Perfect 10, Inc. v. Giganews,*

*Inc.*, No. CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 53733, at *6, 17 (C.D. Cal. Mar. 6, 2015) (failure to develop argument in opposition brief constitutes waiver and prevented the granting of motion for reconsideration; also citing cases).

### a. **Defendants clearly argued—and Plaintiffs did not dispute—that the TSS was first included in Plaintiffs' October 2020 identification.**

On three different occasions in Defendants' *Ex Parte* Application, Defendants argued that the TSS was first included in Plaintiffs' October 2020 identification. (Dkt. 159-1 (*Ex Parte* Application) at 11-12, 21-23.) Not once did Plaintiffs specifically address or deny Defendants' contention regarding the timing of the addition of the TSS. Plaintiffs certainly did not argue that the TSS had been included in their July 2020 identification. (*See generally*, Dkt. 163 (Opp. to *Ex Parte* Application); *see also*, *supra*, Section I (explaining the arguments Plaintiffs did make in their brief in opposition to Defendants' *Ex Parte* Application).)

Now, Plaintiffs assert a new theory that the TSS was included in their July 2020 identification because the TSS is, *allegedly*, a combination of former Trade Secrets 15 and 16. (Dkt. 192-1 at 1-3.) As explained below, this is wrong. But, even if true, Plaintiffs never made such an argument in their opposition brief. (*See generally*, Dkt. 163 (Opp. to *Ex Parte* Application); *see also*, *supra*, Section I.) Their argument is new and relies on new facts raised for the first time in their motion for reconsideration. (*Compare* Dkt. 163 (Opp. to Ex Parte Application) *with* Dkt. 192-1 (Mot. Reconsideration); *see also*, *supra*, Section I.)

Indeed, Plaintiffs' motion for reconsideration does not raise or focus on the arguments actually presented in Plaintiffs' opposition brief. For instance, Plaintiffs' motion for reconsideration does not argue or suggest that

- 7 -

reconsideration is warranted because the Court failed to consider Plaintiffs' belief that the relevant patent applications were drafts or because the Court failed to consider the delay caused by Defendants' objections to Dr. McNames. (*See generally*, Dkt. 192-1.) This is because the Court did consider those arguments and still struck Trade Secret 12. (*See* Dkt. 186 at 3-4.)

The fact that Plaintiffs included the TSS for the first time in their October 2020 identification was a central argument in Defendants' *Ex Parte* Application. Yet, in their opposition to that *Ex Parte* Application, Plaintiffs did not dispute Defendants' position as to the timing of the identification of the TSS. Plaintiffs have waived their opportunity to argue otherwise. Plaintiffs' new arguments and facts, presented for the first time in their reconsideration motion, cannot form the basis for a motion for reconsideration, and the Court should deny Plaintiffs' motion on this ground alone.

### b. **Plaintiffs did not show good cause in their opposition brief and cannot do so now.**

Much like Plaintiffs' failure to specifically address Defendants' contention regarding the addition of the TSS, Plaintiffs also failed to establish good cause with respect to addition of the TSS. In seeking to strike Trade Secrets 6-15, Defendants contended that "good cause is the *least* that should be required" for Plaintiffs to add new trade secrets. (Dkt. 159-1 at 19.) Defendants then articulated why Plaintiffs lacked good cause for Trade Secrets 6-15, including the TSS. (*Id*. at 21-23.) In other words, Plaintiffs were previously on notice that Defendants were seeking to have the TSS stricken for lack of good cause. Plaintiffs had every opportunity to present evidence of good cause with respect to the addition of the TSS, but they did not do so.

In their motion for reconsideration, Plaintiffs argue that their admission in their opposition brief that they "identified all but one trade secret at issue by July 1, 2020" was a reference to Trade Secret 10. (Dkt. 192-1 at 5-6.) Plaintiffs

further contend that they did not identify Trade Secret 10 as the alleged "one trade secret" added in October because Defendants' *Ex Parte* application did not distinguish between their July and October responses. (*Id*.) While Defendants agree that Trade Secret 10 was newly added in October 2020, Plaintiffs' explanation completely ignores that Defendants did distinguish between the July and October responses with respect to the TSS—Defendants expressly stated three times that the TSS was first included in the October 2020 identification. (Dkt. 159-1 (*Ex Parte* Application) at 11-12, 21-23.)

As the Court recognized in striking Trade Secret 13, it is Plaintiffs' burden to establish good cause for the addition of each trade secret. (Dkt. 186 at 4.) To establish good cause, Plaintiffs' burden includes identifying and establishing when each trade secret was added and why addition at that particular time was diligent. Plaintiffs' failure to clearly dispute Defendants' contention regarding addition of the TSS in October 2020 and to establish good cause for addition of the TSS—despite the fact that the issue of good cause was directly raised by Defendants and before the Court—warrants denial.

For these same reasons, Plaintiffs' alternative request to brief the issue of good cause with respect to the TSS should be denied. (Dkt. 192-1 at 7 ("If the Court determines Plaintiffs have not shown good cause to add Trade Secret 12 in July 2020 based on the current record, Plaintiffs request the opportunity to brief this issue.").) The issue of good cause was squarely raised by Defendants and before the Court. Plaintiffs had the opportunity and burden to establish good cause for each newly identified trade secret, particularly for the TSS which was a focus of Defendants' *Ex Parte* Application. Plaintiffs should not be permitted to present new arguments and facts regarding good cause for the TSS that could and should have been raised in their opposition brief.

## 2. Even if properly before the Court, the TSS was first included in Plaintiffs' October 2020 identification.

In their reconsideration motion, Plaintiffs present the new argument that the TSS is a combination of former Trade Secrets 15 and 16 identified in Plaintiffs' July 2020 response to Interrogatory No. 1. Plaintiffs' arguments are based on a mischaracterization of the Trade Secret 12 as well as Trade Secrets 15 and 16.

### a. Plaintiffs misleadingly omit critical aspects of Trade Secret 12 to support their after-the-fact justification.

Plaintiffs insert the below chart in an attempt to show that the TSS is a combination of Trade Secrets 15 and 16:

| July Responses | October Response |
|---|---|
| **Interrogatory No. 1** | **Interrogatory No. 1** |
| ████████████████ | ████████████████ |
| **Interrogatory No. 11**<br>Documents Representative of Trade Secrets 15 and 16 list:<br>MASIMO114198-21[1] | |

(Dkt. 192-1 at 3.) However, Plaintiffs relegate the most important aspect of the TSS to a footnote, creating a misleading depiction of what the TSS really is. Below is a chart that provides a full comparison of what Plaintiffs identified as former Trade Secrets 15 and 16 in July and how Plaintiffs identified the TSS in October. In bold italics are the parts of the TSS that were not included before the October identification:



(*Compare* Dkt. 159-2 (Ex. A to the Kachmer Decl.) at 12 *with id*. at 17

1   (emphasis added).)⁵ By Plaintiffs' own admission the trade secret aspect of the
2   TSS is the "█████████" shown above for Trade Secret 12. (Dkt. 159-9
3   (Exhibit Q to the Kachmer Decl.) at 2.) This is further confirmed by Plaintiffs'
4   motion for preliminary injunction, in which Plaintiffs allege that Dr. Lamego's
5   patent application should not be allowed to publish because it discloses the
6   ██████ shown above for the TSS. (Dkt. 152-1 at 8.)

7        The TSS and its ██████ were undisputedly not included before the
8   October identification. The July identification contained reference to
9   "█████████████," but this is a far cry from an identification of ████
10  ████████████. Importantly, the term "█████████████████" is
11  vague, giving no notice of what might be encompassed by the terminology. As
12  Dr. Goldstein explains, ████████████████████████████████
13  ████████████████████████████████████████████████
14  ████████. (Declaration of Dr. Thomas A. Goldstein ¶ 5.)⁶ ████████
15  ████████████████████████████████ (*Id.*) ████████████
16  ████████████████████████████████████████████████
17  ████████████████████████████████████████████████
18  ████████████ (*Id.* at ¶ 6.) ████████████████████████████
19  ████████████████████████████████████████████████
20  ████████████████████████████████████████████████
21  ████ (*Id.*) ████████████████████████████████ does not constitute
22  identification of and notice of the TSS.

23       Similarly, the general disclosure of "████████████████

---

⁵ The ████████ included in the above chart are new but cannot be bolded and italicized.

⁶ Dr. Goldstein previously submitted the Declaration of Thomas Goldstein, Ph.D. in support of True Wearables, Inc.'s and Marcelo Lamego's Opposition to Plaintiffs' Motion for Preliminary Injunction, which included his CV as Exhibit A thereto.

████████████████████" is not sufficient to provide notice of the TSS where such ████████████ constitute hundreds of pages of disparate information that runs the gamut from inclusion of ████████████████████████ ████████████████ (Dkt. 152-7; Dkt. 152-8; *see also*, *infra*, §II(2)(b).) For these reasons, it is not reasonable for Plaintiffs to suggest that Trade Secrets 15 and 16 should be seen as an identification of the TSS.

### b. Identification of documents in response to a different Interrogatory is insufficient.

For the first time, Plaintiffs point to their response to an entirely separate interrogatory, Interrogatory No. 11, in an attempt to establish good cause for their late addition of the TSS. (*See* Dkt. 192-1 at 1-3.)[7] But it is Interrogatory No. 1 that seeks Plaintiffs' identification of trade secrets and, therefore, is Plaintiffs response to Interrogatory No. 1 that serves as the official identification of trade secrets in the case. While Interrogatory No. 11 seeks the identification of documents or portions thereof comprising Plaintiffs' trade secrets, the identification of such documents cannot be a substitute for an identification of trade secrets, particularly where, as here, Interrogatory No. 11 identified 1,028 pages of documents allegedly "comprising" Trade Secrets 15 and 16. (Dkt. 159-3 (Ex. B to the Kachmer Decl.) at 26-27.)[8] It is unreasonable to expect Defendants to independently determine what, within those 1,028 pages, is allegedly the trade secret that Defendants misappropriated. In short, Defendants propounded Interrogatory No. 1 at the very beginning of the case so they would

---

[7] Plaintiffs' motion for reconsideration refer to their July responses to Interrogatory Nos. 1 and 11 jointly as the "July Responses." (Dkt. 192-1 at 1.)

[8] Despite Defendants' request in Interrogatory No. 11 that "[i]f the trade secret is contained within only a portion of a document, please identify the exact portion of the document that comprises the trade secret," Plaintiffs' July response to Interrogatory No. 11 did not identify specific portions of the identified documents. (*See* Dkt. 159-3 (Ex. B to the Kachmer Decl.) at 26-27.)

- 13 -

have a clear understanding of the trade secrets at issue, and exactly because they cannot dig through hundreds of pages of documents and try to figure out and guess what Plaintiffs contend constitute a trade secret.

### c. **Plaintiffs' July letter evidences a lack of diligence in identifying the TSS.**

Plaintiffs claim that their identification of the TSS in a letter dated July 24, 2020 demonstrates that they were diligent in amending their interrogatory responses to identify the TSS. (*See* Dkt. 192-1 at 2, 5 (citing Dkt. 171-06).) Again, this is a new argument, not raised in Plaintiffs' opposition brief. (*See* Dkt. 163 (Opp. to *Ex Parte* Application).) But, in any event, the letter evidences a *lack* of diligence. Plaintiffs had the relevant patent applications since August 30, 2019. (Dkt. 186 at 3.) According to Plaintiffs, the letter shows that Plaintiffs were aware of the alleged misappropriation of the TSS on July 24, 2020. And yet, for some inexplicable reason, they waited approximately three months, until October 2020, to add the TSS and its ▮▮▮▮ to their trade secret identification. This is not diligence. Rather, it is *precisely* the undue delay that justified the Court's striking of Trade Secret 12. The Court's order and reasoning should stand.

## III. CONCLUSION

For the above reasons, the Court should deny Plaintiffs' request for reconsideration of the Court's decision to strike Trade Secret 12 and to deny Plaintiffs' motion for preliminary injunction.

Respectfully submitted,

Dated April 1, 2021        By: /s/ *Amanda R. Washton*

Amanda R. Washton (Bar No. 227541)
a.washton@conklelaw.com
**CONKLE, KREMER & ENGEL**
**Professional Law Corporation**
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100
Facsimile: (310) 998-9109

Peter A. Gergely (*Pro Hac Vice*)
PGergely@merchantgould.com
Ryan J. Fletcher, (*Pro Hac Vice*)
RFletcher@merchantgould.com
Zachary D. Kachmer (*Pro Hac Vice*)
ZKachmer@merchantgould.com
**MERCHANT & GOULD, P.C.**
1801 California St., Suite 3300
Denver, CO 80202
Telephone: (303) 357-1651
Facsimile: (612) 332-9081

Paige S. Stradley, (*Pro Hac Vice*)
PStradley@merchantgould.com
**MERCHANT & GOULD, P.C.**
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

Attorneys for Defendants, True Wearables. Inc. and Marcelo Lamego