1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   stephen.jensen@knobbe.com
3  Irfan A. Lateef (Bar No. 204004)
   irfan.lateef@knobbe.com
4  Brian C. Claassen (Bar No. 253627)
   brian.claassen@knobbe.com
5  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
6  Irvine, CA  92614
   Telephone:  (949)-760-0404
7  Facsimile:  (949)-760-9502

8  Attorneys for Plaintiffs,
   Masimo Corporation and Cercacor Laboratories, Inc.
9
   [*Counsel for Defendants listed on next page*]
10

11         **IN THE UNITED STATES DISTRICT COURT**

12         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                    **SOUTHERN DIVISION**

14

15  MASIMO CORPORATION, a          )  Case No. 8:18-CV-02001-JVS-JDE
    Delaware corporation; and      )
16  CERCACOR LABORATORIES, INC.,   )  **JOINT STIPULATION FOR**
    a Delaware corporation,        )  **PLAINTIFFS' MOTION TO**
17                                 )  **COMPEL SUPPLEMENTAL**
           Plaintiffs/Counterdefendants, )  **RESPONSES TO**
18                                 )  **INTERROGATORY NOS. 7**
           v.                      )  **AND 8**
19                                 )
    TRUE WEARABLES, INC., a        )  **Hon. James V. Selna**
20  Delaware corporation; and      )  **Hon. Magistrate John D. Early**
    MARCELO LAMEGO, an individual, )
21                                 )  **[Discovery Document: Referred**
           Defendants/Counterclaimants. )  **to Magistrate Judge John D.**
22                                 )  **Early]**
                                   )
23                                 )  **Hearing: April 29, 2021**
                                   )  **Time: 10:00 a.m.**
24                                 )  **Court Room: 6A**
                                   )
25                                 )  **Discovery Cutoff: 05/21/2021**
                                   )  **Pre-Trial Conf.: 12/13/2021**
26                                 )  **Trial: 01/11/2022**
                                   )
27

28              **[REDACTED VERSION OF DOCUMENT**
                **PROPOSED TO BE FILED UNDER SEAL]**

Amanda R. Washton (Bar No. 227541)
a.washton@conklelaw.com
Sherron Wiggins (Bar No. 321819)
s.wiggins@conklelaw.com
**CONKLE, KREMER & ENGEL**
**Professional Law Corporation**
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100
Facsimile: (310) 998-9109

Peter A. Gergely (*Pro Hac Vice*)
PGergely@merchantgould.com
Ryan J. Fletcher, (*Pro Hac Vice*)
RFletcher@merchantgould.com
**MERCHANT & GOULD, P.C.**
1801 California St., Suite 3300
Denver, CO 80202
Telephone: (303) 357-1651
Facsimile: (612) 332-9081

Attorneys for Defendants,
True Wearables, Inc. and
Marcelo Lamego

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTIONS ........................................................................1

    A.   Plaintiffs' Introduction........................................................1

    B.   Defendants' Introduction ...................................................2

II.  INTERROGATORIES AND RESPONSES AT ISSUE .....................4

III. PARTY'S CONTENTIONS, SEPARATELY STATED ..................21

    A.   Plaintiffs' Position ..........................................................21

        1.   History of Dispute .................................................21

        2.   Contention interrogatories must be answered at this stage in the litigation................................................22

        3.   Defendants' response to Interrogatory No. 7 is insufficient. ........................................................24

        4.   Defendants' response to Interrogatory No. 8 is insufficient. ........................................................25

            a.   Plaintiffs' identification of trade secrets is proper and sufficiently specific. ..........................26

            b.   Defendants' must disclose which trade secrets they allege were independently developed.............................................................27

            c.   Defendants cannot condition their response on Plaintiffs' proof of use. .................................27

            d.   Defendants' product development narrative is insufficient. ........................................................28

    B.   Defendants' Position..........................................................30

        1.   Plaintiffs' Motion is Improper and Defendants' Responses are Sufficient................................................30

            a.   Plaintiffs' Shifting Allegations have Impeded Defendants' Development of Defenses ...............................................................31

-i-

# TABLE OF CONTENTS
## (*Cont'd*)

**Page No.**

b.   Plaintiffs Seek Expert Analysis and
     Opinions ................................................................. 33

c.   Defendants have fully responded to
     Interrogatory No. 8, and Plaintiffs
     Improperly ask Defendants to Detail the
     Independent Development of Alleged Trade
     Secrets that Defendants have never Used or
     Disclosed ............................................................... 36

Pursuant to Local Rule 37-2, Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Plaintiffs"), as movant, and Defendants True Wearables, Inc. and Marcelo Lamego (collectively, "Defendants"), as respondent, hereby submit this Joint Stipulation to Plaintiffs' Motion to Compel Supplemental Responses to Interrogatories Nos. 7 and 8. Pursuant to Local Rule 37-1, the parties participated in conference of counsel on February 17, 2021. *See* Declaration of Irfan Lateef ("Lateef Decl.") ¶ 14.

## I.  **INTRODUCTIONS**

### A.    **Plaintiffs' Introduction**

More than two years ago, Plaintiffs served interrogatories asking for Defendants' bases for their Twelfth Defense (Information Generally Known or Readily Ascertainable) and Thirteenth Defense (Independent Development). Defendants' responses to date fail even to identify which trade secret they contend was generally known or independently developed. Defendants have not provided *any* substantive response or evidence for their Twelfth Defense, and instead simply argue that Plaintiffs have not met their burden on trade secrecy, and that Defendants have not misappropriated any trade secret. Neither of these relates to the Twelfth Defense. With respect to the Thirteenth Defense, although Defendants provide a lengthy general narrative making it appear they responded, that narrative does not explain Defendants' bases for their contention that any specific trade secret was independently developed by them.

Defendants originally agreed to supplement their responses. Instead, they filed an *ex parte* motion seeking to postpone their responses until Plaintiffs more specifically identify their asserted trade secrets. Judge Selna denied their request. With the deadline for fact discovery quickly approaching, Defendants must finally provide their positions and evidence for their trade secret defenses.

## B.     Defendants' Introduction

Both of the interrogatories at issue in this motion seek information related to Defendants' defenses to (or denials of) Plaintiffs' trade secret claims. More specifically, the interrogatories seek the basis for Defendants' trade secret defenses. Full development of these defenses requires a complete understanding of both (a) what it is that Plaintiffs claim to be their trade secrets and (b) what Plaintiffs claim to be the evidence that Defendants misappropriated these trade secrets. But over the past year, Plaintiffs' identification of trade secrets has changed. Although Plaintiffs identified an original set of trade secrets in March 2019, Plaintiffs largely replaced the original set with new trade secrets in July 2020 and October 2020. Defendants objected to the addition of new trade secrets and to the lack of specificity in the identification thereof. And, less than one month ago, the Court ruled on the propriety of Plaintiffs' late addition of trade secrets and the specificity of Plaintiffs' identification, striking two of Plaintiffs' late-added trade secrets.[1] It was not until this point that Defendants finally had the stable set of allegations that they have been seeking since the beginning of the case.

Although Plaintiffs' trade secret allegations have shifted, Defendants have still provided responses to Plaintiffs' Interrogatory Nos. 7 and 8 based on the facts and information within their possession, custody, and control and will continue supplementing as appropriate as they continue to investigate those facts and that information. Indeed, with respect to Interrogatory No. 8, Defendants have already provided a lengthy and robust response detailing their independent development of their product, the Oxxiom device. And, as discovery continues, Defendants will continue to provide information in their possession supporting their trade secret defenses, particularly now that Defendants have a better understanding of which

---

[1] Both parties have filed motions for reconsideration regarding the Court's Order, which are currently pending before the Court.

trade secrets are properly in the case and have assurance that Plaintiffs' claims will not further shift in the future. But the specific information that Plaintiffs now seek with this motion goes a step beyond what Defendants should be required to provide.

Given the highly technical nature of the trade secret allegations in the case, the information that Plaintiffs seek in response to Interrogatory No. 7 requires expert analysis and opinions, which are not properly the subject of contention interrogatories. Further, responding to Interrogatory No. 8 may also require expert analysis and opinions. For instance, Defendants could offer an expert comparison of the parties' source code as evidence that Defendants' source code was independently developed (and, as such, not misappropriated). Additionally, with respect to Interrogatory No. 8, Plaintiffs misunderstand Defendants' claim of independent development and ask Defendants to describe their independent development with reference to Plaintiffs' alleged trade secrets. But Defendants have never used Plaintiffs' alleged trade secrets and, accordingly, can only speak to the independent development of their Oxxiom product. In other words, Defendants cannot describe how they independently developed Plaintiffs' alleged trade secrets because Defendants do not use those trade secrets. Defendants have provided a fulsome response to Interrogatory No. 8 detailing the independent development of their own product, which is more than sufficient at this stage.

Defendants have only recently been able to obtain a stable identification of Plaintiffs' trade secrets. Defendants have provided a thorough response to Interrogatory No. 8 that appropriately focuses on development of Defendants' Oxxiom product and, in light of the Court's recent order establishing a stable list of trade secrets, will continue to supplement that response and include any additional information learned during discovery. There is nothing to compel. Similarly, there is nothing to compel with respect to Interrogatory No. 7 because Plaintiffs seek information that requires expert analysis and is more properly the subject of expert reports. Defendants have provided information within their possession that supports

their defense and will continue to do so as they continue their investigation, but nearly all of the information sought by this interrogatory is the subject of expert discovery.

Plaintiffs' motion should be denied because Defendants have and will continue to provide the information within their possession responsive to Interrogatory Nos. 7 and 8, and the additional information sought by Plaintiffs is more properly the subject of expert discovery.

## II.  INTERROGATORIES AND RESPONSES AT ISSUE

Pursuant to L.R. 37-2.1, the interrogatories and responses at issue are reproduced below.

**INTERROGATORY NO. 7:**

Describe in detail, with reference to any supporting documents, information, and materials, the complete factual and legal basis Your contention set forth in Your Twelfth Defense, that Plaintiffs' claims and/or damages are barred and/or limited because the alleged trade secret information is generally known, readily ascertainable, and/or has no independent economic value.

**ANSWER TO INTERROGATORY NO. 7:**

***CONFIDENTIAL – ATTORNEYS' EYES ONLY***

-4-









(Lateef Decl. Ex. A1, at 13–17.)

**INTERROGATORY NO. 8:**

Describe in detail, with reference to any supporting documents, information, and materials, the complete factual and legal basis Your contention set forth in Your Thirteenth Defense, that Plaintiffs' claims and/or damages are barred and/or limited because the alleged trade secret information was independently developed or derived by Defendants or their employees.

**ANSWER TO INTERROGATORY NO. 8:**

Defendants incorporate by reference their General Objections above. Defendants object to this Interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, work product doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Central District of

California Southern Division, and/or relevant statutory or case law. Defendants further object to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, unduly burdensome, seeks irrelevant information, and seeks information unbounded by any temporal and geographic scope. Defendants further object to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory to the extent that it is cumulative and duplicative of other discovery sought by Plaintiffs. Defendants further object to this Interrogatory as premature to the extent that it seeks expert discovery. Defendants will serve its expert reports in accordance with the applicable scheduling orders of the Court. Defendants further object to this Interrogatory as vague and ambiguous as to the phrase "alleged trade secret information." Defendants further object to this Interrogatory because it calls for legal conclusions and expert opinions.

Subject to and without waiving its General Objections and Reservation of Rights or specific objections, Defendants respond as follows:

True Wearables independently developed the Oxxiom system. Plaintiffs have not met their burden of showing that True Wearables uses any part of Plaintiffs' purported trade secrets identified in its response to Defendants' Interrogatory No. 1.

As discovery is ongoing, Defendants reserve all rights to supplement and/or amend its response to this Interrogatory.

(Lateef Decl. Ex. A1, at 18–19.)

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 8:**

Defendants incorporate by reference their General Objections above. Defendants object to this Interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, work product doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Central District of California Southern Division, and/or relevant statutory or case law. Defendants

further object to this Interrogatory because it is improperly disproportionate to the needs of this case, overly broad, unduly burdensome, seeks irrelevant information, and seeks information unbounded by any temporal and geographic scope. Defendants further object to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory to the extent that it is cumulative and duplicative of other discovery sought by Plaintiffs. Defendants further object to this Interrogatory as premature to the extent that it seeks expert discovery. Defendants will serve its expert reports in accordance with the applicable scheduling orders of the Court. Defendants further object to this Interrogatory as vague and ambiguous as to the phrase "alleged trade secret information." Defendants further object to this Interrogatory because it calls for legal conclusions and expert opinions.

Subject to and without waiving its General Objections and Reservation of Rights or specific objections, Defendants respond as follows:

True Wearables independently developed the Oxxiom system, which will be further confirmed upon Plaintiffs inspection of the Oxxiom source code and development documents. Marcelo developed the Oxxiom (both device and application) using independently developed algorithms through Matlab, C, and Swift languages. Plaintiffs have not met their burden of showing that True Wearables uses any part of Plaintiffs' purported trade secrets identified in its response to Defendants' Interrogatory No. 1.

As discovery is ongoing, Defendants reserve all rights to supplement and/or amend its response to this Interrogatory.

(Lateef Decl. Ex. A2, at 9–10.)

**SECOND SUPPLEMENTAL OBJECTIONS AND ANSWER TO INTERROGATORY NO. 8:**

                **\*\*\*CONFIDENTIAL – ATTORNEYS' EYES ONLY\*\*\***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





hi







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







█████████████████████████████████████████

████████████████████████

(Lateef Decl. Ex. A3, at 6–15.)

## III.  PARTY'S CONTENTIONS, SEPARATELY STATED

### A.   Plaintiffs' Position

#### 1.   History of Dispute

On November 8, 2018, Plaintiffs filed the Complaint including causes of action for trade secret misappropriation. (Dkt. 1, at 19–26.) On December 3, 2018, Defendants filed their Answer, asserting a Twelfth Separate and Additional Defense (Information Generally Known or Readily Ascertainable) and a Thirteenth Separate and Additional Defense (Independent Development). (Dkt. 13, at 14.)

On March 5, 2019, Plaintiffs served their First Set of Interrogatories to Defendants, which included the interrogatories at issue (Nos. 7 and 8). On April 4, 2019, Defendants served their Objections and Answers. (Lateef Decl. Ex. A1.) On May 29, 2019, Defendants served their First Supplemental Answer to Interrogatory No. 8. (Lateef Decl. Ex. A2.) For the next sixteen months, the parties continued to develop their positions and collect evidence.

On October 6, 2020, with the prior deadline for the close of fact discovery approaching, Plaintiffs asked Defendants to supplement their response to Interrogatory No. 8 to provide their positions and evidence for their Thirteenth Defense. (Lateef Decl. Ex. C, at 1.) On October 8, 2020, the parties met and conferred. (Lateef Decl. Ex. D, at 3.) Over the next two months, the parties worked to resolve the issue but were unable to. (Lateef Decl. Ex. E, at 3–4; Ex. F, at 2; Ex. G, at 3–4; Ex. H, at 1; Ex. I, at 1–2.)

On December 7, 2020, the parties met and conferred about Defendants' responses to Interrogatories Nos. 7 and 8 and then exchanged further emails on December 14, 2020. (Lateef Decl. ¶ 11, Ex. J.) During the meet and confer, Defendants agreed to supplement their responses to both interrogatories. (Lateef

Decl. Ex. J, at 1–2.) On December 30, 2020, Defendants served their Second Supplemental Objections and Answers to Interrogatory No. 8, but did not include a supplemental response to Interrogatory No. 7. (Lateef Decl. Ex. A3.)

On January 19, 2021, Defendants reiterated that they "intend to provide a supplemental response" to Interrogatory No. 7 but asked Plaintiffs "to first confirm that their current identification of alleged trade secrets will not be amended." (Lateef Decl. Ex. K, at 1.) On February 4, 2021, Plaintiffs informed Defendants that their identification of trade secrets is current and complete but that they could not predict whether their interrogatory responses would require supplementation. (Lateef Decl. Ex. L, at 1–2.) Plaintiffs also informed Defendants that their December 30, 2020 supplemental response to Interrogatory No. 8 failed to even reference the trade secrets at issue, and thus, was insufficient. (Lateef Decl. Ex. L, at 2–3.)

On February 22, 2021, rather than provide supplemental responses, Defendants moved *ex parte* for a protective order, arguing that they should not be required to respond to Interrogatories Nos. 7 and 8. Dkt. 157 at 26–28.

On March 10, 2021, Judge Selna denied Defendants' request for a protective order, finding Plaintiffs' identification of trade secrets sufficient. Dkt. 186 at 4.

On March 25, 2021, Defendants asked the Court to reconsider the issue. Dkt. 194 at 7–11.

## 2. <u>Contention interrogatories must be answered at this stage in the litigation.</u>

Plaintiffs' contention interrogatories seek core information about Defendants' alleged defenses to trade secret misappropriation. Defendants have "the burden to show discovery should not be allowed, and [have] the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Judge Selna already rejected Defendants attempt to prevent this discovery.  .

A properly timed contention interrogatory may "be the most reliable and cost-effective discovery device.'" *Brady v. Grendene USA, Inc.*, No. 12CV604-GPC KSC, 2014 WL 4925578, at *6 (S.D. Cal. Sept. 26, 2014) (quoting *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 652 (C.D. Cal. 1997)). Typically, "the party moving to compel responses to contention interrogatories at an early stage in the litigation must show that responses would 'contribute meaningfully' to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56." *HTC Corp. v. Tech. Properties Ltd.*, No. C08-00882 JF HRL, 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011) (quoting *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, at 338–39 (N.D. Cal. 1985)). But, later in the case, detailed responses are required. *Am. GNC Corp. v. LG Elecs. U.S.A., Inc.*, No. 17-cv-1090-BAS (BLM), 2017 WL 6507757, at *6 (S.D. Cal. Dec. 18, 2017) (citing *Facedouble, Inc. v. Face.com, Inc.*, 2014 WL 585868, at *2–3 (S.D. Cal. Feb. 13, 2014)); *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, No. 13-CV-1523-BEN (BLM), 2014 WL 4961437, at *3 (S.D. Cal. Oct. 3, 2014); *Pinn, Inc. v. Apple, Inc.*, No. 8:19-cv-01805-DOC (JDEx), ECF No. 140, slip op. at 24 (C.D. Cal. June 11, 2020) (ordering supplementation of contention interrogatories where "discovery cutoff is less than two months away"). In fact, waiting to provide contentions until near the end of discovery can be sanctionable. *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 8:13-CV-01880-JLS (KESx), 2018 WL 6258877, at *2 (C.D. Cal. Feb. 12, 2018) (imposing cost-shifting sanctions against defendant who delayed contentions until "four days before the operative cut-off").

Defendants have had ample time to identify which of the asserted trade secrets (if any) they contend were generally known or independently developed and to collect their supporting evidence. At this point in the case, Defendants must disclose their theories and evidence to support their defenses. *Travelers Indem. Co.*

-23-

*v. Goldman*, No. 8:19-cv-01036-PSG (JDEx), 2020 WL 5372108, at *23 (C.D. Cal. May 8, 2020) (ordering supplemental responses to contention interrogatories and noting that "'discovery is continuing' is an inadequate basis for not producing documents or answering interrogatories about a party's contentions in its pleadings."); *Pinn, Inc. v. Apple, Inc.*, No. 8:19-cv-01805-DOC (JDEx), ECF No. 140, slip op. at 24, 28 (C.D. Cal. June 11, 2020) (same); *see also BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2018 WL 1569703, at *4 (N.D. Cal. Mar. 30, 2018) (excluding testimony about independent development where "Defendants failed to adequately disclose these witnesses in response to interrogatories requesting information supporting the defense").

### 3.   <u>Defendants' response to Interrogatory No. 7 is insufficient.</u>

Interrogatory No. 7 seeks Defendants' factual and legal basis for their Twelfth Defense (Information Generally Known or Readily Ascertainable). Rather than providing a substantive response, Defendants argue that Plaintiffs have not met their burden to show that the information was a trade secret, was properly maintained as secret, and has economic value. (Lateef Decl. Ex. A1, at 14–16.) Moreover, "a plaintiff need not prove at the discovery stage that each trade secret identified qualifies for trade secret protection." *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 8:13-CV-01880-JLS (KESx), 2017 WL 10543565, at *6 (C.D. Cal. Mar. 13, 2017) (citing *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1351 (2009) (A plaintiff is "*not* required to convince defendants … that its alleged trade secrets are not generally known to the public" to obtain discovery.)) Yet, Defendants have provided no information regarding whether their contention that any of the asserted trade secrets were generally known or independently developed.

Defendants also generally deny that the trade secrets were ever acquired by Defendants. They then assert that knowledge gained by employees while working for Plaintiffs cannot be imputed to True Wearables, that the trade secrets were never

used or shared with others, and that their software was developed using third-party tools. (Lateef Decl. Ex. A1, at 16–17.) Again, none of these assertions are relevant to Defendants' defense that the "alleged trade secret information is generally known, readily ascertainable, and/or has no independent economic value."

In fact, nowhere in their response do Defendants specify which, if any, of Plaintiffs' trade secrets at issue they contend were "generally known, readily ascertainable, and/or has no independent economic value" as alleged in their Twelfth Defense. Nor does Defendants' response—which has never been supplemented since April 4, 2019—provide "any supporting documents, information, or materials" or any recitation of facts that are relevant to the issue, as required by Interrogatory No. 7. As this Court recently explained:

> Either Defendant asserted its affirmative defenses at issue in the Motion without any factual basis, in which case those defenses may be subject to a dispositive motion, or Defendant has a factual and/or documentary basis for those defenses. If it's the former, Defendant has larger issues to face than this Motion. If it's the latter, Defendant must produce documents and describe that factual basis.

*Travelers Indem. Co. v. Goldman*, No. 8:19-cv-01036-PSG (JDEx), 2020 WL 5372108, at *23 (C.D. Cal. May 8, 2020).

Defendants have yet to "describe that factual basis" and should supplement their response. If Defendants cannot or will not do so, they should drop the defense entirely.

### 4. <u>Defendants' response to Interrogatory No. 8 is insufficient.</u>

Interrogatory No. 8 asks Defendants to describe the factual and legal basis for Defendants' Thirteenth Defense (Independent Development). In response, Defendants provide a litany of objections and excuses for why they cannot answer. First, they contend that many of the trade secrets at issue were improperly added to the case. (Lateef Decl. Ex. A3, at 6.) Defendants next argue that "discussion of

-25-

independent development … is not possible" because Defendants have not "misappropriated and/or utilized any trade secrets of Plaintiffs." (*Id.*) Defendants then assert that they cannot "ascertain the bounds of Plaintiffs' allegations or distinguish the alleged trade secrets from information generally known in the trade" because Plaintiffs' trade secret identification is not sufficiently particular. (*Id.*) Defendants next object to the fact that Plaintiffs' trade secrets are marked Attorneys' Eyes Only.[2] (*Id.* at 6–7.) Finally, Defendants incorporate their prior response, which argues that "Plaintiffs have not met their burden of showing that True Wearables uses any part of Plaintiffs' purported trade secrets." (Lateef Decl. Ex. A2, at 19.) As discussed below, none of these objections are proper.

Defendants then provide a high-level narrative for the Oxxiom device, which—by their own admission—includes no "specific reference to alleged trade secret information." (Lateef Decl. Ex. A3, at 7.) Nowhere in their response do Defendants even specify which trade secrets they believe were independently developed. Defendants plead the defense of independent development and must provide their detailed contentions. Their current response provides no notice of the issues in dispute.

### a. Plaintiffs' identification of trade secrets is proper and sufficiently specific.

Defendants' argue that Plaintiffs' trade secrets were improperly added to the case and have not been identified with sufficient particularity. Judge Selna disagreed. *See* Dkt. 186. Instead, Judge Selna found "Plaintiffs had good cause to add Trade Secrets 6 through 11, 14, and 15" and denied Defendants' request for "a more specific articulation of each of Plaintiffs' trade secrets." *Id.* at 4. In so doing,

---

[2] This issue has already been resolved by the Court and will not be addressed below. (*See* Dkt. 150.) Plaintiffs provided Defendants with a redacted version to allow Marcelo Lamego access to the identification of trade secrets.

Judge Selna also rejected Defendants' argument that they "should not be required to respond to trade secret discovery," including Interrogatories Nos. 7 and 8. *See* Dkt. 157 at 26–28; Dkt. 186 at 1, 4.[3]

### b.   Defendants' must disclose which trade secrets they allege were independently developed.

Defendants' next objection to Interrogatory No. 8—that they are not using ***any*** of Plaintiffs' trade secret information—contradicts the allegation in their Thirteenth Defense, which states "the alleged trade secret information was independently developed or derived by Defendants or their employees." The only way to reconcile these positions is if Defendants undertook the extensive research and development required to independently create Plaintiffs' trade secrets and then chose not to use them in their product. If this is Defendants' position, they should so state.

### c.   Defendants cannot condition their response on Plaintiffs' proof of use.

In their previous interrogatory response (incorporated by reference), Defendants also allege that Plaintiffs have not yet shown Defendants' use of the trade secrets at issue. Defendants provide no legal support for their apparent proposition that Plaintiffs must prove use before Defendants are obligated to respond to this interrogatory. Nor could they. Evidence of independent development is relevant to Plaintiffs' allegations of trade secret misappropriation. *See generally Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658 (2003). Therefore, Defendants must respond to discovery on the issue. Fed. R. Civ. P. 26(b). In

---

[3] In their Motion for Reconsideration of the Court's Order (Dkt. 194), Defendants do not challenge trade secrets 1 through 7 as either improperly added or insufficiently specific. Therefore, even if the Court were to reconsider its Order, Defendants' interrogatory responses must be supplemented as to at least those seven trade secrets.

responding, Defendants must provide their supporting factual and legal basis for their independent-development defense or explain why they will not provide it. *Superior Commc'ns*, 257 F.R.D. at 217 ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); *see also Pinn, Inc. v. Apple, Inc.*, No. 8:19-cv-01805-DOC (JDEx), ECF No. 140, slip op. at 28 (C.D. Cal. June 11, 2020) (ordering defendant to supplement their interrogatory responses to provide bases for their defenses or dismiss them).

Furthermore, this Court has held that independent development is an affirmative defense. *Shapiro v. Hasbro Inc.*, No. 15-cv-02964-BRO (AJWx), 2016 WL 9113998, at *2 (C.D. Cal. July 18, 2016). This Court requires "a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses." *Travelers Indem. Co. v. Goldman*, No. 8:19-cv-01036-PSG (JDEx), 2020 WL 5372108, at *23 (C.D. Cal. May 8, 2020) (quoting *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009)); *see also id.* ("Defendant cannot assert affirmative defenses solely 'to preserve' them. Affirmative defenses in an answer, just as allegations in a complaint, must be supported by facts.")

### d.   Defendants' product development narrative is insufficient.

In their actual response to this interrogatory, Defendants provide only a high-level narrative about the development of the Oxxiom device, which—by their own admission—includes no "specific reference to alleged trade secret information." (Lateef Decl. Ex. A3, at 7.) Defendants fail to even specify which trade secrets they believe were independently developed, nor do they provide any citations to specific source code or other documentation to show that any particular trade secret "was independently developed or derived by Defendants or their employees," as alleged in their Thirteenth Defense. Instead, Defendants' narrative glosses over the key trade secret issues in the case and fails to provide notice as to the issues in dispute.

For example, several of Plaintiffs' trade secrets relate to the specific algorithms and data processing techniques used to measure oxygen saturation (SpO2), pulse rate (PR), and perfusion index (PI). Yet Defendants' description of Dr. Lamego's alleged development of the algorithms used in Defendants' product fails to discuss these functions. And the only evidence cited for Dr. Lamego's algorithm development are two patent applications. (Lateef Decl. Ex. A3, at 13.) Defendants cite no development documents, lab notebooks, or source code revisions, as one might expect to show independent development. This is especially egregious given that Defendants make no reference to their eleven notebooks—spanning more than 1,000 pages—that contain Defendant Lamego's alleged handwritten development work for the accused product.[4]

In sum, Defendants fail to specify which trade secrets were independently developed and make no mention of the key development documents. As a result, Plaintiffs are left guessing as to what Defendants' intend to rely on at trial. This vague response is insufficient, failing to provide notice of the issues in dispute. *See, e.g., FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058-JLS (DHB), 2018 WL 722834, at *1 (S.D. Cal. Feb. 5, 2018) ("The purpose of contention interrogatories is … to narrow the issues.") As a result, it does not "enable the propounding party to determine the proof required to rebut the respondent's position." *FootBalance*, 2018 WL 722834, at *1; *see also Pinn, Inc. v. Apple, Inc.*, No. 8:19-cv-01805-DOC (JDEx), ECF No. 140, slip op. at 24 (C.D. Cal. June 11, 2020) (ordering supplementation of contention interrogatories because

---

[4] Defendants produced these handwritten notebooks on January 15, 2021. Defendants' counsel claims they "were not previously aware of" the notebooks. (Lateef Decl. Ex. N, at 1.) Yet their interrogatory response makes specific reference to ▬▬▬▬▬▬▬▬▬▬▬▬ (Lateef Decl. Ex. A3, at 12 ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

"Affirmative defenses, like allegations in a complaint, must be supported by facts."); *Core Optical Techs. v. Infinera Corp.*, No. SACV 17-0548-AG (JPRx), 2018 WL 2684693, at *2 (C.D. Cal. Mar. 7, 2018) (ordering defendant to "provide a narrative response to the [contention] interrogatories, which includes identifying 'documents that … supports its contentions.'"); *Audatex*, 2014 WL 4961437, at *4, fn.4 ("These narrative responses are not sufficiently detailed and Defendant must provide a more substantive explanation, as well as the source code identification."); *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. SACV 08-00626-AG (MLGx), 2009 WL 10728754, at *1 (C.D. Cal. Feb. 11, 2009) (ordering defendants to supplement "cryptic" contentions).

Plaintiffs therefore ask the Court to order Defendants to supplement their response to Interrogatory No. 8 or withdraw their independent development defense.

**B.    Defendants' Position**

**1.    <u>Plaintiffs' Motion is Improper and Defendants' Responses are Sufficient</u>**

Plaintiffs' motion should be denied for several reasons. First, the Court should reject Plaintiffs' argument that Defendants should be required to supplement merely because it is "later in the case." Defendants' development and articulation of trade secret defenses has been delayed not by any failure of Defendants, but rather by Plaintiffs' *own* failures to make stable and specific trade secret identifications. Plaintiffs delayed months in identifying trade secrets and then refused to commit to stability in that identification, forcing Defendants to seek relief from the Court to strike improperly added trade secrets and place restrictions on Plaintiffs' ability to further shift their claims. The Court should not permit Plaintiffs to take two years to solidify their trade secret allegations only to turn around and require Defendants to fully articulate their defenses to those very allegations in less than two months.

Second, with respect to both Interrogatory No. 7 and Interrogatory No. 8,

Defendants have provided certain facts and information within their possession in response to those Interrogatories and will continue to supplement as they continue their investigation of these materials in light of the now-stable list of trade secrets. But what Plaintiffs are really seeking is premature expert discovery. As illustrated by prior pleadings before the Court, the development and articulation of certain trade secret defenses requires the input and analysis of highly specialized experts. This input and analysis is not the proper subject of an interrogatory.

Finally, with respect to Interrogatory No. 8, Plaintiffs misunderstand Defendants' independent development defense and try to place a burden on Defendants to prove a claim that they are not making. Defendants' response to Interrogatory No. 8 fully explains Defendants' development of their Oxxiom product and is more than sufficient.

a.   **Plaintiffs' Shifting Allegations have Impeded Defendants' Development of Defenses**

Plaintiffs state that that Defendants served answers to Plaintiffs' interrogatories in April/May 2019, after which "[f]or the next sixteen months, the parties continued to develop their positions and collect evidence." Plaintiffs suggest that Defendants have had ample time to develop their affirmative defenses to Plaintiffs' trade secret allegations and to collect evidence in support of those defenses. But Plaintiffs' account omits important information.

For instance, Plaintiffs fail to mention that, between April/May 2019 and present, Plaintiffs' list of allegedly misappropriated trade secrets has undergone significant changes on multiple occasions. Plaintiffs have removed trade secrets, amended trade secrets, added new trade secrets. Defendants eventually sought relief from the Court, which, *less than one month ago*, struck two of Plaintiffs' newly added trade secrets and held that Plaintiffs must establish good cause to make any future expansion to their identification. It is simply not true that Defendants have been dilatory in providing evidence to support their affirmative defenses because

-31-

the very claims upon which those defenses are based (i.e., Plaintiffs' trade secret claims) have been a constantly moving target for the past eighteen months. Defendants have provided the information in their possession to the best of their abilities based on Plaintiffs' changing allegations.

Plaintiffs assert that detailed responses to their contention interrogatories are required because it is "later in the case." But the ink is barely dry on the Court's recent Order that determined (a) which trade secrets are properly in the case and (b) whether Plaintiffs have identified their alleged trade secrets with sufficient particularity.

Plaintiffs would have the Court believe that Defendants have needlessly delayed in investigating and substantiating their trade secret defenses. But this would ignore that Plaintiffs' shifting-sand approach to trade secret identification has prevented Defendants from obtaining a stable and specific trade secret identification upon which to base their defenses.

Moreover, Plaintiffs have asserted 15 highly technical trade secrets. Plaintiffs identify 10 of those alleged trade secrets as being found in Plaintiffs' source code, which is only available for inspection at Plaintiffs' counsel's office in California, where, until January 25, 2021, the State of California had ordered that all individuals "shall stay home or at their place of residence except as necessary to conduct activities associated with the operation, maintenance, or usage of critical infrastructure."  This restricted the ability of Defendants' source code expert to review the source code. Additionally, after Plaintiffs expanded their trade secrets identification with new trade secrets, Defendants identified a technical expert with expertise in the newly alleged trade secrets. But Plaintiffs have, for almost two months, objected to the disclosure of any confidential information to this expert—an objection that is the subject of Defendants' Motion to Overrule, set for a hearing on April 15, 2021. Defendants would benefit from—and, in many cases, need—the input of experts to better understand Plaintiffs' trade secret claims and to fully

-32-

develop their defenses thereto, but, through no fault of Defendants, their ability to utilize such experts has been impeded.

As of the Court's March 11, 2021 Order, Defendants, for the first time, have a reasonably stable set of alleged trade secrets upon which they can focus their trade secret defenses. And as of March 8, 2021, Defendants' source code expert was, for the first time, able to travel to conduct an in-person review of Plaintiffs' allegedly trade secret source code to help Defendants get a better understanding of what Plaintiffs' allege constitute their trade secrets. As these obstacles are gradually being removed, Defendants are, for the first time, in a position to deploy the substantial resources necessary to more fully develop their trade secret defenses. As the parties progress towards the close of discovery, Defendants have every intention of continuing to provide factual support for these defenses to the extent additional responsive factual information is learned. Defendants have provided responses based on information available to Defendants and will continue to supplement as their investigation of such information continues, and will further supplement with any new factual information (i.e., non-expert information) learned. Any suggestion that Defendants have been dilatory in responding to these interrogatories is unfounded.

### b.      Plaintiffs Seek Expert Analysis and Opinions

Plaintiffs' motion should also be denied because it seeks expert analysis and opinions, which Defendants are not required to provide until July 16, 2021 under the Court's Scheduling Order. Defendants have maintained an objection to each of Interrogatory Nos. 7 and 8 on the basis that each interrogatory is "premature to the extent it seeks expert discovery." These interrogatories seek the facts and analysis that underlie Defendants' defenses to Plaintiffs' trade secret claims. But given the highly technical nature and scope of Plaintiffs' recently solidified trade secret allegations, the factual and legal basis for these defenses is deeply rooted in expert analysis. When interrogatories seek "more than just facts, lay opinions, or the simple

application of law to facts," those interrogatories "require expert analysis," which is analysis that the answering party should not be required to provide until the appropriate deadline for disclosure of expert reports. *Heredia v. Sunrise Senior Living Llc*, No. 8:18-cv-01974-JLS (JDEx), 2020 U.S. Dist. LEXIS 137763 (C.D. Cal. July 20, 2020).

In order to understand the extent to which Plaintiffs' interrogatories seek expert analysis, the Court need only look to the parties' briefing on Plaintiffs' motion for preliminary injunction, filed February 18, 2021. (Dkts. 153, 171-1.) In that motion, Plaintiffs alleged that Defendants had misappropriated Plaintiffs' TSS, an alleged trade secret. (Dkt. 153.) Defendants opposed the motion, arguing, *inter alia*, that the TSS cannot be a trade secret because it is generally known and lacks economic value—that is, two of the defenses that are the subject of Interrogatory No. 7. (Dkt. 171-1.)

But because the TSS is ███████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████ (*Id.*)

Defendants do not summarize the parties' briefing on Plaintiffs' separate motion in an attempt to reargue any aspect of that motion (which the Court has

-34-

denied). Rather, Defendants only seek to illustrate the *highly technical* nature of Plaintiffs' trade secret claims and, at the same time, to emphasize the extent to which Defendants must rely on expert analysis to develop and articulate the basis for their defenses to those claims.[5] ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ was clearly "more than just facts, lay opinions, or the simple application of law to facts." *Heredia*, No. 8:18-cv-01974-JLS (JDEx), 2020 U.S. Dist. LEXIS 137763 at *23; *see also Immunex Corp. v. Sanofi*, No. CV 17-2613-SJO (PLAx), 2018 U.S. Dist. LEXIS 239749 (C.D. Cal. Nov. 26, 2018) (finding a high-level response to an interrogatory to be sufficient because the interrogatory sought technical analysis that was "more properly the subject of expert testimony").

Plaintiffs' Interrogatory No. 7 effectively asks Defendants to provide the same or similar highly technical information each of Plaintiffs' 13 alleged trade secrets in this case. But "contention interrogatories are not the vehicle to present or test such expert opinions." *Heredia*, No. 8:18-cv-01974-JLS (JDEx), 2020 U.S. Dist. LEXIS 137763 at *20. The appropriate vehicle for presenting this analysis (and the materials upon which the analysis is based) is the expert report that Defendants will be required to provide on July 16, 2021.

Until that time, Defendants will identify facts or materials in their possession that support the defenses raised in Interrogatory No. 7, including any materials relied upon by Dr. Goldstein in the analysis described above. Defendants ask the

---

[5] In addition, because Plaintiffs' have designated portions of their identification of trade secrets as highly confidential attorneys' eyes only, Dr. Lamego is only permitted to view certain portions of the alleged trade secrets. Accordingly, Defendants have a limited ability to utilize Dr. Lamego's technical knowledge in helping to respond to Interrogatory No. 7.

-35-

Court to recognize, though, that there are significant limits on Defendants' counsel's ability to independently develop highly technical defenses to Plaintiffs' highly technical allegations and that the basis for Defendants' defenses sought by Interrogatory No. 7 are better suited for an expert report. Because Plaintiffs' motion asks the Court to compel Defendants to provide expert analysis and opinions, the Court should deny Plaintiffs' motion.

      **c.**     **<u>Defendants have fully responded to Interrogatory No. 8, and Plaintiffs Improperly ask Defendants to Detail the Independent Development of Alleged Trade Secrets that Defendants have never Used or Disclosed</u>**

Defendants have provided a lengthy and detailed description of how they independently developed their Oxxiom device. This detailed description covers the entire development process for the Oxxiom, starting as early as the original conception of the device:



(Lateef Decl., Ex. A3 at 7.) Defendant's Response to Interrogatory No. 8 includes the timeline of development and describes specific design choices that Defendants made in the development of the Oxxiom, including in many cases, the considerations that led Defendants to make a specific design choice. For instance, the response describes the selection of certain components and design choices:





(*Id.* at 8-9, 14.) The Response explains how and why Defendants made certain design choices related to the software, firmware, and algorithms utilized by the device, making specific reference to patents describing these software and algorithms in greater detail:



1

2

3

4

5 (*Id.* at 9, 13.) In several cases, the Response identifies the resources and/or

6 knowledge upon which Defendants drew in developing aspects of the Oxxiom:

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 (*Id.* at 12, 14, 15.)

26    Moreover, in their Response, Defendants not only provide a general

27 description of the independent development of the Oxxiom device, but also focus

28 specifically on aspects of the Oxxiom device that Plaintiffs have alleged to be



-38-

evidence of misappropriation. For instance, Plaintiffs allege a trade secret of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" It is Defendants' understanding that Plaintiffs believe that Defendants misappropriated this trade secret in ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is not the case, though, because Defendants independently developed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Defendants' Response to Interrogatory No. 8 specifically describes (with citation to supporting documents) the independent development of ▮



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17  (*Id.* at 10-11.) Defendants provide detailed description (with citation to documents)

18  regarding the *specific* aspects of the Oxxiom device that Plaintiffs accuse of

19  misappropriation. Thus, it is not true that Defendants' Response "glosses over the

20  key trade secret issues in the case and fails to provide notice as to the issues in

21  dispute," as Plaintiffs allege. Nor is it true that the Response "fail[s] to provide

22  notice of the issues in dispute."

23      Rather, as shown above, Defendants have provided a detailed description of

24  how they independently developed their Oxxiom device. What Plaintiffs appear to

25  be seeking, however, is a description of how Defendants independently developed

26  *Plaintiffs'* trade secrets. Indeed, Plaintiffs contend that it is inconsistent for

27  Defendants to both (a) assert independent development and (b) deny that they

28  misappropriated Plaintiffs' trade secrets. According to Plaintiffs, "[t]he only way to

-40-

reconcile these positions is if Defendants undertook the extensive research and development required to independently create Plaintiffs' trade secrets and then chose not to use them in their product." *Supra*, Section III(A)(4)(c).

Plaintiffs misunderstand Defendants' independent development claim. Defendants' claim of independent development is not based on a belief that they independently developed *Plaintiffs'* trade secrets. Rather, Defendants' claim is based on the knowledge that they independently developed the Oxxiom product, including the aspects that Plaintiffs now allege to be evidence of misappropriation. Accordingly, it is perfectly appropriate that Defendants' response focus on development of their product, the Oxxiom. This approach is also perfectly compatible with Defendants' denial of misappropriation. Indeed, one follows from the other: Defendants do not use Plaintiffs' trade secrets precisely *because* they independently developed the accused product.[6] Courts generally recognize the consistency of these two positions: "the issues of independent development and use of the plaintiff's trade secret are mutually exclusive. If the defendant developed a product independently, it did not use the plaintiff's trade secret. If the defendant used the plaintiff's trade secret, then it did not independently develop its own product." *Moore v. Kulicke & Soffa Indus.*, 318 F.3d 561 (3d Cir. 2003).

Plaintiffs take issue with Defendants' failure to, in response to Interrogatory

───────────────

[6] Although it is not a critical issue for the purposes of this motion, Defendants dispute Plaintiffs' characterization of independent development as an affirmative defense. As this court has recognized, there is disagreement within the Ninth Circuit about whether, in the analogous context of copyright infringement, independent creation is an affirmative defense or a denial of misappropriation. *Unicolors, Inc. v. H &M Hennes & Mauritz, L.P.*, No. 2:16-cv-02322-AB (SKx), 2017 U.S. Dist. LEXIS 222511 (C.D. Cal. Nov. 15, 2017) (citing *TSX Toys, Inc. v. 665, Inc.*, No. ED CV 14-02400-RGK (DTBx), 2015 U.S. Dist. LEXIS 192520 (C.D. Cal. Sep. 23, 2015)). Because the issue is not critical for resolution of this motion, this is an issue the Court can save for another day.

No. 8, specifically identify which of Plaintiffs' alleged trade secrets were independently developed. *See supra*, Section III(A)(4) ("Nowhere in their response do Defendants even specify which trade secrets they believe were independently developed."). Defendants have explained that they cannot—and need not—answer Interrogatory No. 8 by making specific reference to any of Plaintiffs' alleged trade secrets. This is not an attempt to evade or delay. Rather, because Defendants did not develop their product by using or relying on Plaintiffs' trade secrets, there is no reason to specifically reference *Plaintiffs'* alleged trade secrets when providing the factual basis for Defendants' claim that they independently developed *their own* product. Again, this is perfectly consistent with the notion that independent development and misappropriation are mutually exclusive. The Court should deny Plaintiffs' motion with respect to Interrogatory No. 8 because the information that Plaintiffs' purport to seek—a description of the independent development of *Plaintiffs'* trade secrets or a development story in terms of Plaintiffs' trade secrets— is not information that Defendants can or should provide to support their claim of independent development of *their* product.[7]

Looking past Plaintiffs' request for unnecessary and irrelevant information, Defendants' Response to Interrogatory No. 8 is more than sufficient at this stage and any additional information learned will be included in supplementations. Plaintiffs' motion should be denied.

---

[7] Further, to the extent, Plaintiffs are looking for a detailed comparison of the parties' source code, that is the subject of expert discovery. For example, an expert comparison of Defendants' source code and Plaintiffs' source code could be used to show the differences between the two, which would further support Defendants' claim that their source code was *independently* developed. But such information is not the proper subject of a contention interrogatory.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: April 8, 2021          By: */s/ Brian C. Claassen*
                                    Brian C. Claassen

                              Attorneys for Plaintiffs, Masimo Corporation
                              and Cercacor Laboratories, Inc.


**MERCHANT & GOULD, P.C.**

Dated: April 8, 2021          By: */s/ Paige S. Stradley*
                                    Paige S. Stradley

                              Attorneys for Defendants.
                              True Wearables, Inc. and Marcelo Lamego

## FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: April 8, 2021          By: */s/ Brian C. Claassen*
                                    Brian C. Claassen

-43-

# APPENDIX OF AMENDED SCHEDULING ORDERS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:18–cv–02001–JVS–JDE | Date | February 25, 2019 |
| Title | MASIMO CORPORATION ET AL V. TRUE WEARABLES, INC. ET AL | | |

Present:     The Honorable   James V. Selna , U. S. District Judge

|  Rolls Royce Paschal  |  Sharon Seffens  |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Irfan Lateef | Peter Gergely |
| Stephen Jensen | Amanda Washton |
| Brian Claassen | |

**Proceedings:**     **Scheduling Conference**

Cause called and counsel make their appearances. The Court and counsel confer.The Court sets the case management dates with the agreement of counsel as attached hereto.

Counsel inform the Court that their selection for a settlement procedure pursuant to Local Rule 1615 is a private dispute resolution proceeding. The Court orders that any settlement discussions shall be completed not later than June 19, 2020. Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

The Court adopts the remaining patent specific dates presented in the parties Joint Scheduling Conference Report and as stated on the record. The Markman hearing is set for September 3, 2019 at 3:00 p.m. The Court set the technology tutorial for September 7, 2019 at 8:00 a.m.

Case 8:18-cv-02001-JVS-JDE   Document 226-1   Filed 02/25/19   Page 2 of 2   Page ID #:9630
                                                                                #:14008

Initials of Preparer:  rrp

**SACV 18-02001 JVS(JDEx):**
**Masimo Corporation et al v. True Wearables, Inc. et al**

| | |
|---|---|
| **Jury Trial** | **August 18, 2020 at 8:30 a.m.** |
| | |
| **Final PreTrial Conference** | **August 3, 2020 at 8:30 a.m.** |

    File PreTrial Documents not later than July 27, 2020
    File motions in limine not later than July 6, 2020

| | |
|---|---|
| **Discovery Cut-off** | **November 4, 2019** |
| | |
| **Expert Discovery Cut-off** | **August 27, 2020** |

    Initial disclosure of Experts not later than January 20, 2020
    Rebuttal disclosure of Experts not later than February 24, 2020

| | |
|---|---|
| **Law and Motion Cut-off** | **June 29, 2020 at 1:30 p.m.** |

    Motions to be filed and served not later than June 1, 2020

**Maria.Gasca**

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Monday, February 25, 2019 4:20 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Scheduling Conference - optional html form

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 2/25/2019 at 4:19 PM PST and filed on 2/25/2019
**Case Name:**        Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**      8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 29

**Docket Text:**
**MINUTES OF Scheduling Conference held before Judge James V. Selna. The Court and counsel confer. Court sets the following case management dates with the agreement of counsel Discovery cut-off 11/4/2019; Markman hearing set for 9/3/2019 at 3:00 PM; Final Pretrial Conference set for 8/3/2020 at 11:00 AM; and the Jury Trial set for 8/18/2020 at 8:30 AM before Judge James V. Selna. (SEE DOCUMENT FOR ADDITIONAL DEADLINES) Court Reporter: Sharon Seffens. (rrp)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Ryan J Fletcher      kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen      litigation@kmob.com, brian.claassen@kmob.com

Amanda Rose Washton      a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

1

Peter A Gergely     pgergely@merchantgould.com

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, jre@kmob.com

Irfan A Lateef     litigation@kmob.com, ial@kmob.com

Roderick J O'Dorisio     rodorisio@merchantgould.com

Stephen C Jensen     sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

Case 8:18-cv-02001-JVS-JDE   Document 226-1   Filed 04/09/21   Page 54 of 112   Page ID
Case 8:18-cv-02001-JVS-JDE   Document 205   Filed 02/25/19   Page 1 of 3   Page ID #:9932
#:14012

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## AMENDED CIVIL MINUTES − GENERAL

| Case No. | 8:18−cv−02001−JVS−JDE | Date | February 25, 2019 |
|---|---|---|---|

| Title | MASIMO CORPORATION ET AL V. TRUE WEARABLES, INC. ET AL |
|---|---|

Present:   The Honorable   James V. Selna , U. S. District Judge

| Rolls Royce Paschal | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

Attorney(s) Present for Plaintiff(s):
Irfan Lateef
Stephen Jensen
Brian Claassen

Attorney(s) Present for Defendant(s):
Peter Gergely
Amanda Washton

**Proceedings:**     **Scheduling Conference**

Cause called and counsel make their appearances. The Court and counsel confer. The Court sets the case management dates with the agreement of counsel as attached hereto.

Counsel inform the Court that their selection for a settlement procedure pursuant to Local Rule 1615 is a private dispute resolution proceeding. The Court orders that any settlement discussions shall be completed not later than June 19, 2020. Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

The Court adopts the remaining patent specific dates presented in the parties Joint Scheduling Conference Report and as stated on the record. The Markman hearing is set for September 3, 2019 at 3:00 p.m. The Court set the technology tutorial for September 7, 2019 at 8:00 a.m.

# EXHIBIT A
## JUDGE JAMES V. SELNA
## PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Case No.: | 8:18-cv-02001-JVS-JDE |
|---|---|
| Case Name: | Masimo Corporation et al. v. True Wearables, Inc. et al. |

| Matter: | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) Estimated length: 5-7 days | 8:30 am (Tuesday) | | 8/18/2020 | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | Not Applicable | | |
| Final Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 am (Monday) | -2 | 8/3/2020 | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 7/27/2020 | | |
| Last Day for hand-serving Motions in Limine | | -6 | 7/6/2020 | | |
| Last day for hearing motions | 1:30 pm (Monday) | -7 | 6/29/2020 | | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | -11 | 6/1/2020 | | |
| Expert Discovery cut-off (S.P.R. 4.3) | | | 4/27/2020 | | |
| Rebuttal Expert Witness Disclosures | | | 2/24/2020 | | |

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR PATENT CASES**

Case 8:18-cv-02001-JVS-JDE   Document 226-1   Filed 04/08/21   Page 56 of 112   Page ID
#:14014
Case 8:18-cv-02001-JVS-JDE   Document 225-6   Filed 02/15/19   Page 52 of 54   Page ID #:3327

| Matter: | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Opening Expert Witness Disclosures  [See F.R. Civ. P. 26(a)(2)]<br><br>Patentee Files Final Infringement Contentions,<br><br>Accused Infringer Files Final Invalidity Contentions,<br><br>All Parties File Advice of Counsel Disclosures | | | 1/20/2020 | | |
| Non-expert Discovery cut-off | | -15 | 11/4/2019, or 6 weeks after Markman Decision, whichever occurs later | | |
| Markman Decision | | [set by Court] | | | |
| Markman Hearing | | [set by Court] | * | | |
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | | | 9/12/2019 | | |
| Simultaneous Opening Markman Briefs (Patent L.R. 4-5) | | | 8/29/2019 | | |
| Complete Claim Construction Discovery (Patent L.R. 4-3) | | | 8/15/2019 | | |
| Joint Markman Prehearing Statement Patent L.R. 4-3) | | | 7/15/2019 | | |

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR PATENT CASES**

| Matter: | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---------|------|--------------------|--------------------|--------------------|-------------|
| Exchange Preliminary Claim Constructions and Extrinsic Evidence Patent L.R. 4-2) | | | 6/19/2019 | | |
| Exchange of Proposed Claim Terms for Construction (Patent L.R. 4-1) | | | 5/29/2019 | | |
| Invalidity Contentions (Patent L.R 3-3 and 3-4) | | | 5/15/2019 | | |
| Infringement Contentions (Patent L.R. 3-1 and 3-2) | | | 4/1/2019 | | |
| Trade Secret And Confidential Information Infringement Contentions | | | Not Applicable | 4/1/2019 | |
| Initial Disclosures (Rule 26(a)(1)) | | | 3/15/2019 | | |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| Matter: | Time | Weeks before trial | Plaintiffs' Request | Defendants' Request |
|---------|------|--------------------|--------------------|--------------------|
| L.R. 16-14 Settlement Choice:<br><br>1. Court/Magistrate Judge<br><br>2. Court Mediation Panel<br><br>3. Private ADR | | | Private ADR | |
| Last day to conduct Private ADR | | | 6/19/2020 | |
| Last Date to Add Parties / Amend Pleadings | | | 6/15/2019 | |

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR PATENT CASES**

-3-

Maria.Gasca

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, February 26, 2019 1:50 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Amended Minutes

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 2/26/2019 at 1:50 PM PST and filed on 2/25/2019
**Case Name:**          Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**       8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 30

**Docket Text:**
**AMENDED MINUTES OF Scheduling Conference held before Judge James V. Selna [29]. The Court and counsel confer. Court sets the following case management dates with the agreement of counsel Discovery cut-off 11/4/2019; Markman hearing set for 9/3/2019 at 3:00 PM; Final Pretrial Conference set for 8/3/2020 at 11:00 AM; and the Jury Trial set for 8/18/2020 at 8:30 AM before Judge James V. Selna. (SEE DOCUMENT FOR ADDITIONAL DEADLINES) Court Reporter: Sharon Seffens. (rrp)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Ryan J Fletcher     kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen     litigation@kmob.com, brian.claassen@kmob.com

Amanda Rose Washton     a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely     pgergely@merchantgould.com

1

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, jre@kmob.com

Irfan A Lateef     litigation@kmob.com, ial@kmob.com

Roderick J O'Dorisio     rodorisio@merchantgould.com

Stephen C Jensen     sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

MASIMO CORPORATION , et al.

          Plaintiff(s),

    v.

TRUE WEARABLES, INC. , et al.

          Defendant(s).

CASE NO:
8:18−cv−02001−JVS−JDE

I.   ORDER FOR JURY TRIAL
     SETTING DATES FOR:

     Discovery Cut−Off:
     November 4, 2019

     Pre−Trial Conference:
     August 3, 2020
     at  11:00 AM

     JURY TRIAL:
     August 18, 2020
     at  08:30 AM

II.  Order for Preparation
     for JURY TRIAL

III.  Order Governing Attorney and
     Party Conduct at trial.

## I.

**SCHEDULING**:

    1.   <u>In General</u>: All motions to join other parties or to amend the pleadings shall be filed and served within sixty (60) days of the date of this order

and noticed for hearing within ninety (90) days hereof. All unserved parties shall be dismissed no later than the date set for the Final Pre–Trial Conference.

2.   <u>Motions for Summary Judgment or Partial Summary Judgment</u>: Motions for summary judgment or partial summary judgment shall be heard no later than the last day for hearing motions, as set forth in the accompanying minute order.

3.   <u>Motion Index</u>: If any motion or set of motions concurrently noticed involves more than three pleadings, the moving party shall file within three days of filing an index of the moving papers (<u>e.g.</u>, notice, memorandum of Points and authorities, declaration) with the names of each pleading and the docket number. Within three days of filing reply papers, the moving party shall file an updated index of all moving papers, all opposition papers, and all reply papers with the name of each pleading and the docket number. Where redacted pleadings have been filed, the index should refer to the <u>undredacted</u> version.

4.   <u>Discovery Cut–Off</u>: The Court has established a cut–off date for discovery in this action. All discovery is to be completed on, or prior to, the cut–off date. Accordingly, the following discovery schedule shall apply to this case:

A.   <u>Depositions</u>: All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut–off date. All original depositions to be used in trial shall be lodged with the Courtroom deputy on the first day of trial or such earlier date as the Court may order.

B.   <u>Interrogatories</u>: All interrogatories must be served at least forty–five (45) days prior to the discovery cut–off date. The Court will not approve

stipulations between counsel that permit responses to be served after the cut–off date except in extraordinary circumstances.

C.    Production of Documents, etc.: All requests for production, etc., shall be served at least forty–five (45) days prior to the discovery cut–off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut–off date except in extraordinary circumstances.

D.    Request for Admissions: All requests for admissions shall be served at least forty–five (45) days prior to the discovery cut–off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut–off date except in extraordinary circumstances.

E.    Discovery Motions: Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut–off date. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. Repeated resort to the Court for guidance in discovery is unnecessary and may result in the Court appointing a Special Master at the joint expense of the parties to resolve discovery disputes. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

F.    Disclosure of Expert Testimony: The above discovery cut off date includes expert discovery, unless otherwise ordered by Court, and the Court orders the sequence of disclosures provided by Fed. R. Civ. Proc. 26(a)(2)(C), unless the parties otherwise stipulate in writing and obtain the Court's approval.

Revised December 5, 2013                    –3–

**FINAL PRE–TRIAL CONFERENCE:**

This case has been placed on calendar for a Final Pre–Trial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Fed. R. Civ. P. and Local Rules are required by the Court.

## II.

## ORDER FOR PREPARATION FOR JURY TRIAL, MOTIONS, INSTRUCTIONS, AND EXHIBITS

The Court ORDERS that all counsel comply with the following in their preparation for trial:

1.    MOTIONS *IN LIMINE*:

All motions *in limine* must be filed and served a minimum of four (4) weeks prior to the scheduled pretrial date in accordance with Local Rule 6. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least three (3) weeks prior to the scheduled pretrial date. All reply documents must be filed and served at least two (2) weeks prior to the scheduled pretrial date. Motions *in limine* should be used to raise legitimate evidentiary issues, and not as veiled motions for summary adjudication.

The Court limits the number of *in limine* motions which a party or group of affiliated parties may file to four, not including (1) any *in limine* motion which seeks an exclusionary sanction under Rule 37(c)(1) of the Federal Rules of
///

Civil Procedure and (2) any *in limine* motion which invokes the Court's power under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 597 (1993), to exclude or limit expert testimony. Motions made on the latter two grounds shall prominently state the basis for the motion in the title of the motion on the caption page. Any party desiring to tender any other *in limine* motions shall file an *ex parte* application no later than seven days prior to the due date for such motions, attaching the proposed motion and making a showing why it is imperative that the issue be dealt with by a motion *in limine*.

The Court deems the following motions to have been made and granted:

• Exclusion of evidence of settlement talks, offers of compromise and similar evidence excludable under Federal Rule of Evidence 408 without an offer of proof first made outside the presence of the jury.

• Exclusion of expert opinions not disclosed under Rule 26(a)(2) of the Federal Rule of Civil Procedure or otherwise subjected to examination at the expert's deposition.

All motions *in limine* will be heard on the scheduled pretrial date, unless the Court otherwise orders.

2.   <u>JURY INSTRUCTIONS, VERDICT FORMS, and VOIR</u>:
<u>DIRE</u>:

*Jury Instructions*. Thirty days prior to trial, counsel shall meet and

confer for the purpose of submitting a single packet of proposed jury instructions and objections. The packet shall contain all instructions desired by any party on all subjects, and shall be organized in the order to be given.

• If an instruction is agreed and joint, it shall be so labeled.

• If the parties submit alternatives instructions on a topic, they shall be labeled A, B, C *etc*. (<u>*e.g.*</u>, Party A's Proposed Instruction No. 2A). Immediately behind the instruction, the party shall provide a statement of law in support of its version and any legal objection to the other party's proposal.

• If only one party submits an instruction on a topic, the party shall provide immediately behind the instruction a statement of law in support of its instruction. If there is any opposition, it shall appear immediately behind the proponent's statement.

The single packet shall be filed no later than seven days prior to the trial. At the same time, the parties shall also submit a WordPefect version to the JVS_Chambers@cacd.uscourts.gov e–mail box. The Court will entertain such additional instructions as may be warranted by the evidence offered at trial.

If a proposed instruction is a modification of a pattern instruction, such as a Ninth Circuit Model Instruction or a CACI instruction, the proponent shall also include in the packet a version showing all deletions and additions to the pattern instruction, using bolding, italic, strike outs or similar means.

The parties need not submit preliminary instruction to be given at the

outset of trial, but they may submit additional instructions or revisions of the Court's standard initial instructions. See the Court's website for set of Exemplar Initial Jury Instructions in pdf. at the bottom of the page: http://156.131.20.221/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/ fd063442150e12a3882579f5006b081e?OpenDocument

*Proposed Verdict Form.* On the first day of trial, plaintiff shall file and serve plaintiff's verdict form on defendant.

*Voir Dire.* At least four (4) court days prior to trial, each counsel shall file and serve on opposing counsel any special questions requested to be put to prospective jurors on voir dire.

3.    <u>TRIAL EXHIBITS</u>

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders that are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three–ring binder labeled on the spine portion of the binder showing both the volume number and the exhibit numbers <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26, and the Local Rules. (Please see alternate instructions at Page 15 if the total number of exhibits, for all parties exceeds 10 volumes.)

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

A.    The <u>original exhibits</u> with the Court's exhibit tags shall be

stapled to the front of the exhibit on the upper right–hand corner with the case number, case name, and exhibit number placed on each tag.

     B.    <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

     C.    Three (3) copies of exhibit lists, plus an electronic copy in WordPerfect® 6.0 or later generations of WordPerfect®. E–mailing the electronic copy to the Courtroom Deputy is the most convenient to accomplish this.

     D.    Three (3) copies of witness lists.

     E.    A joint statement of the case suitable for reading by the Court to the prospective panel of jurors prior to the commencement of jury selection. Counsel are ordered to confer and agree to a one–page joint statement of the case no later than five (5) days prior to the trial date.

All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

## III.

## <u>ORDER GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL:</u>
## <u>Opening Statements, Examining Witnesses, and Summation</u>

     A.    Unless otherwise ordered, the trial day will be 9:00 a.m. to noon

and 1:30 p.m. to 4:30 p.m. with a 15 minute break during each session.

B.     At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses anticipated the following day with an estimate of the length of direct examination. Opposing counsel shall provide an estimate of the length of cross–examination. Cooperation of counsel will ensure a smooth flow of witnesses.

C.     Opening statements, examination of witnesses, and summation will be from the lectern only. Counsel must not consume time by writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

D.     In final argument of jury cases, counsel must avoid addressing any juror by name and avoid any appeal to a juror to put himself or herself in the position of a party, such as "What would you take for such pain?" or "What would you expect your son or daughter to do in the same circumstances?"

E.     In criminal cases, defense counsel should avoid asking their client self–serving questions such as whether the client is married, has children, has a war record or has ever been arrested. Such questions are almost always irrelevant Where such information would be relevant in counsel's opinion, counsel should obtain permission from the Court prior to making such inquiries.

F.     Never strike the lectern for emphasis.

G.     The Court will honor reasonable time estimates for opening and closing addresses to the jury. Please be advised this Court will not require a jury

to sit longer than 60 minutes in any one session during counsel's summation.

## Objections to Questions:

A.    Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

B.    When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly discourage sidebars because they represent an inefficient use of jury time when matters can be anticipated.

## General Decorum:

A.    Please keep the trial low−key. It is not a contest of dramatic ability or an oratorical contest. It is to be a dignified search for the truth.

B.    Counsel must not approach the Clerk or the witness box without specific permission. When permission is given, please return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.

C.    Please rise when addressing the Court and rise when the jury enters or leaves the courtroom.

D.    Counsel must address all remarks to the Court. Counsel are not to address the Clerk, the Reporter, persons in the audience, or opposing counsel. If counsel

wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re–reading of questions or answers shall be addressed to the Court.

E.    Counsel must not address or refer to witnesses or parties by first names alone. Young witnesses (under 14) may, however, be addressed and referred to by their first name.

F.    Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

G.    While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

H.    Counsel should not by facial expression, nodding or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel should admonish counsel's own client(s) and witnesses to avoid such conduct.

I.    Where a party has more than one lawyer, only one may conduct the direct or cross–examination of a given witness.

**Promptness of Counsel and Witnesses:**

A.    The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. It is counsel's duty of the first day of trial to advise the Court on the first day of any commitments that may result in counsel's absence or late arrival.

B.    If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

(1)    If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes.

(2)    It is counsel's duty to notify the courtroom deputy clerk in advance if any witness should be accommodated by use of the witness stand's automated platform which lowers and raises to accommodate witnesses who are unable to otherwise take the witness stand.

C.    No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that the party has rested.

D.    The Court attempts to cooperate with physicians, scientists, and all other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is objection, confer with the Court in advance.

**Exhibits:**

A.    Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

B.    Each counsel is responsible for any exhibits that counsel secures

from the Clerk and, during all recesses and noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Clerk.

C.    An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

D.    Whenever in counsel's opinion a particular exhibit is admissible, it should be offered unless tactical considerations dictate otherwise. The motion to admit will be dealt with at the next available recess if there is objection. <u>No exhibit shall be read or displayed to the jury until admitted.</u>

E.    When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be instructed to do the same.

F.    The Court resists taking time to pass an exhibit among the jury for viewing when it is admitted. A request to do so should be made to the Court in a recess period preceding introduction of the exhibit.

G.    Absent unusual circumstances, counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

H.    Exhibit Binders.

1.    Where the volume of exhibits is less than ten binders, Counsel are to prepare exhibits for trial by placing them in three ring binders that are

indexed by exhibit number with tabs or dividers on the right side and indicating on the spine of the binder the exhibit numbers contained and the volume number. The exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26 and the Local Rules. Counsel shall have the original set (with the exhibit tags affixed to the upper or lower right hand corner) and a bench copy on the exhibits, three (3) copies of the exhibit list and three (3) copies of the witness list to the Courtroom Deputy Clerk on the first day of trial.

2.     Where the volume of exhibits is greater than ten binders Counsel are to prepare one (1) full set of the exhibits in three ring binders that are indexed by exhibit number with tabs or dividers on the right side and indicating on the spine of the binder the exhibit numbers contained and the volume number. Each exhibit shall have an exhibit tag placed in the upper or lower right hand corner of the first page of the exhibit. (These are the exhibits that will go to the jury during deliberations). With regard to exhibits for the Judge and witnesses, there should be a book for each witness that contains only the exhibits needed for that specific witness with dividers on the right side. This book should be presented to the witness when the witness is called. A copy of this book should be provided to the Judge at the time the witness is called. The Court requires counsel to submit the full set of exhibits, three (3) copies of the exhibit list and three (3) copies of the witness list to the Courtroom Deputy Clerk on the first day of trial.

**Depositions:**

A.     All depositions that will be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the clerk to confirm that the clerk has the transcript and that the transcript is properly signed.

B.    In using depositions of an adverse party for impeachment, counsel shall first announce the page and line reference of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. Counsel shall use either of the following procedures:

(1)    If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the deposition into the record.

(2)    If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

C.    Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure. A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

**Using Numerous Answers to Interrogatories and Requests for Admissions:**

Whenever counsel expects to offer answers to interrogatories or requests for admissions, the desired discovery shall be read to the jury. Any objections shall be resolved in advance.

///

///

**Advance Notice of Evidentiary or Difficult Questions:**

If counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine* (see Fed. R. Evid. 103). To the maximum extent possible such matters shall be taken outside normal jury hours (e.g., recess, before or after the trial day).

**Juror Questionnaires:**

The Court discourages the use of juror questionnaires except in complex cases or cases involving juror privacy issues. If a party intends to propose a questionnaire, the party shall meet and confer with all parties with the goal of arriving at a joint questionnaire. Any proposed questionnaire shall be submitted to the Court not later than thirty days prior to trial. The particulars for administering a questionnaire will be discussed at the pretrial conference.

**IV.**

The Clerk is ordered to serve a copy of this Order on counsel/parties in this action.

**IT IS SO ORDERED.**

DATED: March 22, 2019

_____
James V. Selna
United States District Judge

COPIES TO:
COUNSEL OF RECORD
PRO SE PARTIES

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Friday, March 22, 2019 10:50 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Pretrial-Trial Scheduling Order - form only

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 3/22/2019 at 10:49 AM PDT and filed on 3/22/2019
**Case Name:**        Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**    8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 33

**Docket Text:**
**ORDER FOR JURY TRIAL SETTING DATES; PREPARATION FOR TRIAL; AND GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL by Judge James V. Selna. Discovery cut-off 11/4/2019. Final Pretrial Conference set for 8/3/2020 at 11:00 AM and Jury Trial set for 8/18/2020 at 08:30 AM before Judge James V. Selna. (rrp)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Ryan J Fletcher      kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen      litigation@knobbe.com, brian.claassen@kmob.com

Amanda Rose Washton      a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely      pgergely@merchantgould.com

1

**-71-**

Joseph R Re    joe.re@knobbe.com, litigation@kmob.com, jre@kmob.com

Irfan A Lateef    litigation@kmob.com, ial@kmob.com

Roderick J O'Dorisio    rodorisio@merchantgould.com

Stephen C Jensen    sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

1

2

3

4

5

6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  **SOUTHERN DIVISION**

11

12  MASIMO CORPORATION, a )  Case No. 8:18-CV-02001-JVS-JDE
Delaware corporation; and )
13  CERCACOR LABORATORIES, INC., )
a Delaware corporation, )  **ORDER AMENDING THE**
14  )  **SCHEDULING CONFERENCE**
)  **ORDER**
15  Plaintiffs, )
)
16  v. )
)
17  TRUE WEARABLES, INC., a )  Hon. James V. Selna
Delaware corporation; and )  Magistrate Judge John D. Early
18  MARCELO LAMEGO, an individual, )
)
19  Defendants. )
)

20

21

22

23

24

25

26

27

28

3855.002\9993

1    Having considered the Stipulation to Amend the Scheduling Conference Order
2 filed by the parties on May 3, 2019, the Court finds good cause. The Court **GRANTS**
3 the parties' stipulation and amends the currently scheduled dates and deadlines as
4 follows:

| Events | Existing Date | New Date |
|---|---|---|
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) | 9/12/2019 | 9/16/2019 |
| Technology Tutorial | 9/7/2019 | 9/21/2019 |
| Markman Hearing | 9/3/2019 | 9/30/2019, 3:00 pm |

**IT IS SO ORDERED.**

Dated: May 07, 2019

_____
Honorable James V. Selna

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, May 7, 2019 5:21 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 5/7/2019 at 5:20 PM PDT and filed on 5/7/2019
**Case Name:**       Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**     8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 35

**Docket Text:**
ORDER AMENDING THE SCHEDULING CONFERENCE ORDER [34] by Judge James V. Selna. The Court GRANTS the parties' stipulation and amends the currently scheduled dates and deadlines as follows: Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials (Patent L.R. 4-5) 9/16/2019. Technology Tutorial 9/21/2019. Markman Hearing 9/3/2019 9/30/2019, 3:00 pm. (es)

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Ryan J Fletcher       kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen       litigation@knobbe.com, brian.claassen@kmob.com

Amanda Rose Washton       a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely       pgergely@merchantgould.com

1

Joseph R Re    joe.re@knobbe.com, litigation@kmob.com, jre@kmob.com

Irfan A Lateef    litigation@kmob.com, ial@kmob.com

Roderick J O'Dorisio    rodorisio@merchantgould.com

Stephen C Jensen    sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

2

Case 8:18-cv-02001-JVS-JDE   Document 226-1   Filed 04/08/21   Page 82 of 112   Page ID
Case 8:18-cv-02001-JVS-JDE   Document 4??   Filed 07/04/19   Page 1 of 4   Page ID #4904
#:14040

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | Case No. 8:18-CV-02001-JVS-JDE |
| Plaintiffs/Counterdefendants, | **ORDER AMENDING THE SCHEDULING ORDER** |
| v. | |
| TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual, | Hon. James V. Selna Magistrate Judge John D. Early |
| Defendants/Counterclaimants. | |

Having considered the parties' Stipulation to Amend the Scheduling Order filed on June 27, 2019, this Court finds good cause.

The Court hereby grants the parties stipulation and amends the current schedule of dates as follows:

| Matter | Old Deadline | New Deadline |
|---|---|---|
| Trial date (jury) Estimated length: 5-7 days | 8/18/2020 | 8/18/2020 |
| Final Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 8/3/2020 | 8/3/2020 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | 7/27/2020 | 7/27/2020 |
| Last Day for hand-serving Motions in Limine | 7/6/2020 | 7/6/2020 |
| Last day for hearing motions | 6/29/2020 | 6/29/2020 |
| Law and Motion Cutoff | 6/29/2020 | 6/29/2020 |
| Last day for hand-serving motions and filing (other than Motions in Limine) | 6/1/2020 | 6/1/2020 |
| Expert Discovery cut-off (S.P.R. 4.3) | 4/27/2020 | 5/15/2020 |

-1-

| Matter | Old Deadline | New Deadline |
|---|---|---|
| Rebuttal Expert Witness Disclosures | 2/24/2020 | 4/24/2020 |
| Opening Expert Witness Disclosures [See Fed. R. Civ. P. 26(a)(2)]<br><br>Patentee Files Final Infringement Contentions,<br><br>Accused Infringer Files Final Invalidity Contentions,<br><br>All Parties File Advice of Counsel Disclosures | 1/20/2020 | 3/20/2020 |
| Non-expert Discovery cut-off | 11/4/2019, or<br><br>6 weeks after Markman Decision, whichever occurs later | 2/21/2020 |
| Markman Decision | - | - |
| Markman Hearing | 9/30/2019 | 1/13/2020 |
| Technology Tutorial | 9/21/2019 | 12/14/2019 |
| Simultaneously Responding Markman Briefs, Tutorials and Presentation Materials<br><br>(Patent L.R. 4-5) | 9/16/2019 | 12/11/2019 |
| Simultaneous Opening Markman Briefs<br><br>(Patent L.R. 4-5) | 8/29/2019 | 11/26/2019 |
| Complete Claim Construction Discovery | 8/15/2019 | 11/8/2019 |

-2-

| Matter | Old Deadline | New Deadline |
|---|---|---|
| (Patent L.R. 4-3) | | |
| Joint Markman Prehearing Statement<br><br>Patent L.R. 4-3) | 7/15/2019 | 10/18/2019 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence<br><br>Patent L.R. 4-2) | 6/19/2019 | 9/20/2019 |
| Exchange of Proposed Claim Terms for Construction<br><br>(Patent L.R. 4-1) | 5/29/2019 | 8/30/2019 |
| Invalidity Contentions<br><br>(Patent L.R 3-3 and 3-4) | 5/15/2019 | 8/16/2019 |
| Infringement Contentions<br><br>(Patent L.R. 3-1 and 3-2) | 4/1/2019 | 7/12/2019 |

**IT IS SO OREDRED.**

Date: July 01, 2019

_____

Honorable James V. Selna

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Monday, July 1, 2019 9:53 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 7/1/2019 at 9:52 AM PDT and filed on 7/1/2019
**Case Name:**        Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**      8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 45

**Docket Text:**
**ORDER AMENDING THE SCHEDULING ORDER [44] by Judge James V. Selna. The Court hereby grants the parties stipulation and amends the current schedule of dates as follows: Discovery cut-off 2/21/2020. Final Pretrial Conference 8/3/2020. Trial date 8/18/2020. (See document for further deadlines and hearings) (es)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Andrew T Pouzeshi      apouzeshi@merchantgould.com

Ryan J Fletcher      kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen      litigation@knobbe.com, brian.claassen@kmob.com

Amanda Rose Washton      a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely      pgergely@merchantgould.com

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, jre@kmob.com

Irfan A Lateef     litigation@kmob.com, ial@kmob.com

Stephen C Jensen     sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means BY THE
FILER to :**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-02001JVS(JDEx) | Date | December 19, 2019 |

| | |
|---|---|
| Title | Masimo Corporation et al v. True Wearables, Inc. et al |

---

| Present: The Honorable | **James V. Selna, US District Court Judge** |
|---|---|

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order re Markman Hearing**

The Court has made a preliminary review of the parties' opening and responsive Markman briefs. (Docket Nos. 51,52, 55, 56.)

It is the Court's practice to construe no more than ten terms. The fact that the parties listed ten terms for construction in their Joint Claim Construction and Prehearing Statement indicates that the parties understood the Court's practice. (Docket No. 50, pp. 13-14.) Nevertheless, True Wearables, Inc. ("True Wearables") proceeded to brief more than the agreed ten terms. The Court disregards the additional terms tendered by True Wearables.[1]

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb/rrp | |

---

[1] For this reason, the Court need not strike True Wearables' over-length opening brief which was filed without leave. (See Local Rule 11-6.)

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 1 |
|---|---|---|

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Thursday, December 19, 2019 9:36 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Minutes of In Chambers Order/Directive - no proceeding held

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 12/19/2019 at 9:36 AM PST and filed on 12/19/2019
**Case Name:**        Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**      8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 57

**Docket Text:**
**MINUTE ORDER (IN CHAMBERS) Order re Markman Hearing by Judge James V. Selna: The Court has made a preliminary review of the parties' opening and responsive Markman briefs. (Docket Nos. 51,52, 55, 56.) It is the Court's practice to construe no more than ten terms. The fact that the parties listed ten terms for construction in their Joint Claim Construction and Prehearing Statement indicates that the parties understood the Court's practice. (Docket No. 50, pp. 13-14.) Nevertheless, True Wearables, Inc. ("True Wearables") proceeded to brief more than the agreed ten terms. The Court disregards the additional terms tendered by True Wearables. (es)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Andrew T Pouzeshi       apouzeshi@merchantgould.com

Ryan J Fletcher     kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

1

Brian Christopher Claassen     litigation@knobbe.com, brian.claassen@kmob.com

Amanda Rose Washton     a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely     pgergely@merchantgould.com

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, knobbeadmin@ecf.courtdrive.com,
jre@kmob.com

Paige S Stradley     pstradley@merchantgould.com

Irfan A Lateef     litigation@kmob.com, ial@kmob.com

Stephen C Jensen     sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE
FILER</u> to :**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | ) Case No. 8:18-CV-02001-JVS-JDE ) ) **ORDER ON** ) **JOINT STIPULATION** ) **REGARDING MARKMAN** |
| Plaintiffs/Counterdefendants, | ) **HEARING AND MOTION TO** ) **AMEND THE SCHEDULING** ) **ORDER** |
| v. | ) ) |
| TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual, | ) Hon. James V. Selna ) Magistrate Judge John D. Early ) ) |
| Defendants/Counterclaimants. | ) ) |

1    Pursuant to Local Rule 7-1, Plaintiffs and Counterdefendants MASIMO
2    CORPORATION and CERCACOR LABORATORIES, INC. (collectively,
3    "Plaintiffs") and Defendants and Counterclaimants TRUE WEARABLES, INC.
4    and MARCELO LAMEGO (collectively, "Defendants") hereby stipulate to
5    propose a new date for the Markman Hearing.

6    On January 2, 2020, the Court issued a Scheduling Notice continuing the
7    Markman Hearing to January 23, 2020 at 10:00 AM [Dkt. 58].   Counsel
8    for Defendants has a conflict with that date that the Parties discussed with the
9    Court at the January 10, 2020 Technology Tutorial.   The parties, through their
10   respective counsel of record and subject to availability and approval by this
11   Court, hereby stipulate to propose February 27, 2020 for the Markman Hearing.

12   The parties have not reached agreement regarding further amendments to
13   the schedule in view of the proposed change to the hearing date.   Plaintiffs
14   propose corresponding adjustments to the schedule while maintaining the trial
15   date.  Defendants propose to move the trial date by approximately two months and
16   similar adjustments of other deadlines.

17   Accordingly, the parties offer their respective proposed amendments to the
18   schedule [Dkt. 45] with the proposed dates attached as Exhibit A and are willing
19   to discuss the proposed dates with the Court, if so desired, at the Court's
20   convenience.

21
22   **IT IS SO STIPULATED**,

23                          Respectfully submitted,

24
25                          **KNOBBE, MARTENS, OLSON & BEAR, LLP**

26   Dated:  January 17, 2020      By: */s/ Brian C. Claassen*
27                                     Brian C. Claassen

28                          Attorneys for Plaintiffs, Masimo Corporation
                            and Cercacor Laboratories, Inc.

**MERCHANT & GOULD, P.C.**

Dated: January 17, 2020        By: */s/ Ryan J. Fletcher (with permission)*
                                   Amanda R. Washton

                                   Attorneys for Defendants.
                                   True Wearables, Inc. and Marcelo Lamego

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: January 17, 2020        By:     */s/ Brian C. Claassen*
                                   Brian C. Claassen

The Court adopts the dates set out in bold.

**EXHIBIT A**

| Matter | Original Deadline (Dkt. 33) | Current Deadline (Dkt. 45) | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|---|---|
| Trial date (jury) Estimated length: 5-7 days | 8/18/2020 | **8/18/2020** | No Change | 10/26/2020 |
| Final Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury | 8/3/2020 | **8/3/2020** | No Change | 10/9/2020 |

| Matter | Original Deadline (Dkt. 33) | Current Deadline (Dkt. 45) | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|---|---|
| Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | | | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | 7/27/2020 | **7/27/2020** | No Change | 10/2/2020 |
| Last Day for hand-serving Motions in Limine | 7/6/2020 | **6/29/2020** | No Change | 9/11/2020 |
| Last day for hearing motions | 6/29/2020 | **6/29/2020** | No Change | 9/4/2020 |
| Last day for hand-serving motions and filing (other than Motions in Limine) | 6/1/2020 | **6/1/2020** | No Change | 8/7/2020 |
| Expert Discovery cut-off (S.P.R. 4.3) | 4/27/2020 | 5/15/2020 | **5/27/2020** | 7/10/2020 |

| Matter | Original Deadline (Dkt. 33) | Current Deadline (Dkt. 45) | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|---|---|
| Rebuttal Expert Witness Disclosures | 2/24/2020 | 4/24/2020 | **5/15/2020** | 6/12/2020 |
| Opening Expert Witness Disclosures [See Fed. R. Civ. P. 26(a)(2)] Patentee Files Final Infringement Contentions, Accused Infringer Files Final Invalidity Contentions, All Parties File Advice of Counsel Disclosures | 1/20/2020 | 3/20/2020 | **4/17/2020** | 5/15/2020 |
| Non-expert Deposition cut-off | 11/4/2019, or 6 weeks after Markman Decision, whichever occurs later | 2/21/2020 | **3/13/2020** | 4/1/2020, or 6 weeks after Markman Decision, whichever occurs later |
| Non-expert Discovery cut-off (excluding depositions) | 11/4/2019, or 6 weeks after Markman Decision, whichever | 2/21/2020 | No change | **4/1/2020**, or 6 weeks after Markman Decision, |

-4-

| Matter | Original Deadline (Dkt. 33) | Current Deadline (Dkt. 45) | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|---|---|
| | occurs later | | | whichever occurs later |
| Markman Decision | - | - | - | - |
| Markman Hearing | 9/30/2019 | 1/23/2020 | **2/27/2020 at 10:00 a.m.** | 2/27/2020 |

**It is so ordered:**


**Dated: January 21, 2020**

_____
**United States District Judge**

-5-

**-91-**

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, January 21, 2020 2:02 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Order

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 1/21/2020 at 2:01 PM PST and filed on 1/21/2020
**Case Name:**       Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**     8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 66

**Docket Text:**
<span style="color:blue">**ORDER ON JOINT STIPULATION REGARDING MARKMAN HEARING AND MOTION TO AMEND THE SCHEDULING ORDER [65] by Judge James V. Selna. The Markman Hearing is set for 2/27/2020 at 10:00 a.m. (See document for details.) (es)**</span>

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Sherron L Wiggins      support@conklelaw.com, s.wiggins@conklelaw.com

Ryan J Fletcher      kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen      litigation@knobbe.com, brian.claassen@kmob.com

Amanda Rose Washton      a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely      pgergely@merchantgould.com

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, knobbeadmin@ecf.courtdrive.com, jre@kmob.com

Paige S Stradley     pstradley@merchantgould.com

Irfan A Lateef     litigation@kmob.com, ial@kmob.com

Stephen C Jensen     sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Andrew T Pouzeshi
Merchant and Gould PC
1801 California Street Suite 3300
Denver CO 80202

1
2
3
4
5
6
7
8
9
10

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>    Plaintiffs/Counterdefendants,<br><br>    v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>    Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**ORDER AMENDING THE SCHEDULING ORDER**<br><br><br>Hon. James V. Selna<br>Magistrate Judge John D. Early |

Having considered the parties' Joint Stipulation to Amend the Scheduling Order filed on March 13, 2020, this Court finds good cause.

The Court hereby grants the parties stipulation and amends the current schedule of dates as follows:

| Matter | Original Deadline | Previous Deadline | Current Deadline | New Deadline |
|---|---|---|---|---|
| Trial date (jury)<br><br>Estimated length: 5-7 days | 8/18/2020 | 8/18/2020 | 8/18/2020 | 3/9/2021 at 8:30 am |
| Final Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 8/3/2020 | 8/3/2020 | 8/3/2020 | 2/22/2021 at 11:00 am |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | 7/27/2020 | 7/27/2020 | 7/27/2020 | 2/1/2021 |

| Matter | Original Deadline | Previous Deadline | Current Deadline | New Deadline |
|---|---|---|---|---|
| Last Day for hand-serving Motions in Limine | 7/6/2020 | 7/6/2020 | 6/29/2020 | 1/15/2021 |
| Last day for hearing motions | 6/29/2020 | 6/29/2020 | 6/29/2020 | 12/14/2021 |
| Last day for hand-serving motions and filing (other than Motions in Limine) | 6/1/2020 | 6/1/2020 | 6/1/2020 | 11/2/2020 |
| Expert Discovery cut-off (S.P.R. 4.3) | 4/27/2020 | 5/15/2020 | 5/27/2020 | 10/5/2020 |
| Rebuttal Expert Witness Disclosures | 2/24/2020 | 4/24/2020 | 5/15/2020 | 9/14/2020 |
| Opening Expert Witness Disclosures [See Fed. R. Civ. P. 26(a)(2)] Patentee Files Final Infringement Contentions, Accused Infringer Files Final Invalidity Contentions, All Parties File Advice of Counsel Disclosures | 1/20/2020 | 3/20/2020 | 4/17/2020 | 8/17/2020 |

-2-

| Matter | Original Deadline | Previous Deadline | Current Deadline | New Deadline |
|---|---|---|---|---|
| Non-expert Deposition Cut-off | 11/4/2019, or 6 weeks after Markman Decision, whichever occurs later | 2/21/2020 | 3/13/2020 | 7/20/2020 |
| Non-expert Discovery Cut-off (excluding depositions) | 11/4/2019, or 6 weeks after Markman Decision, whichever occurs later | 2/21/2020 | 4/1/2020 | 7/20/2020 |
| Markman Decision | - | - | - | - |
| Markman Hearing | 9/30/2019 | 1/23/2020 | 2/27/2020 | TBD |
| | | | | |

**IT IS SO ORDERED.**

Dated: March 16, 2020

_____
Honorable James V. Selna

-3-

**From:** noreply@courtdrive.com <noreply@courtdrive.com>
**Sent:** Monday, March 16, 2020 3:01 PM
**To:** Lit MASIMOL.1085L <LitMASIMOL.1085L@Knobbe.onmicrosoft.com>; Kaiya.Avery <kaiya.avery@knobbe.com>
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 3/16/2020 at 2:55 PM PDT and filed on 3/16/2020

**Case Name:**      Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**    8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 79

**Docket Text:**
**ORDER AMENDING THE SCHEDULING ORDER [78] by Judge James V. Selna. The Court hereby grants the parties stipulation and amends the current schedule of dates as follows: Jury trial 3/9/2021 at 8:30 a.m. Final Pretrial Conference 2/22/21 at 11:00 a.m. (See order for further deadlines and details.) (es)**

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Sherron L Wiggins     support@conklelaw.com, s.wiggins@conklelaw.com

Ryan J Fletcher     kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen     litigation@knobbe.com, brian.claassen@kmob.com, knobbeadmin@ecf.courtdrive.com

Amanda Rose Washton     a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely     pgergely@merchantgould.com

Joseph R Re     joe.re@knobbe.com, litigation@kmob.com, knobbeadmin@ecf.courtdrive.com, jre@kmob.com

Paige S Stradley     pstradley@merchantgould.com

1

-98-

Irfan A Lateef    litigation@kmob.com, ial@kmob.com

Stephen C Jensen    sjensen@kmob.com, steve.jensen@knobbe.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**
Andrew T Pouzeshi
Merchant and Gould PC
1801 California Street Suite 3300
Denver CO 80202

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | Case No. 8:18-CV-02001-JVS-JDE |
| Plaintiffs/Counterdefendants, | **ORDER AMENDING THE SCHEDULING ORDER** |
| v. | |
| TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual, | Hon. James V. Selna Magistrate Judge John D. Early |
| Defendants/Counterclaimants. | |

Having considered the parties' Joint Stipulation to Amend the Scheduling Order filed on March 13, 2020, this Court finds good cause.

The Court hereby grants the parties stipulation and amends the current schedule of dates as follows:

| Matter | Current Deadline | Proposed Deadline |
|---|---|---|
| Trial date (jury)<br><br>Estimated length: 5-7 days | 3/9/2021 | 01/11/2022<br><br>8:30 am<br><br>[note date change] |
| Final Pretrial Conference: Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 2/22/2021 | 8/23/2021<br><br>11:00 am |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | 2/1/2021 | 8/2/2021 |
| Last Day for hand-serving Motions in Limine | 1/15/2021 | 7/15/2021 |
| Last date for Settlement Discussions | 6/19/2020 | 7/9/2021 |
| Last day for hearing motions | 12/14/2021 | 6/7/2021 |
| Last day for hand-serving motions and filing (other than Motions in Limine) | 11/2/2020 | 5/10/2021 |

-1-

| Matter | Current Deadline | Proposed Deadline |
|---|---|---|
| Expert Discovery cut-off (S.P.R. 4.3) | 10/5/2020 | 4/16/2021 |
| Rebuttal Expert Witness Disclosures | 9/14/2020 | 3/26/2021 |
| Opening Expert Witness Disclosures [See Fed. R. Civ. P. 26(a)(2)] Patentee Files Final Infringement Contentions, Accused Infringer Files Final Invalidity Contentions, All Parties File Advice of Counsel Disclosures | 8/17/2020 | 2/26/2021 |
| Non-expert Deposition Cut-off | 7/20/2020 | 1/22/2021 |
| Non-expert Discovery Cut-off (excluding depositions) | 7/20/2020 | 1/22/2021 |

**IT IS SO ORDERED.**

Dated: July 07, 2020

_____
Honorable James V. Selna

33044122

-2-

**From:** noreply@courtdrive.com <noreply@courtdrive.com>
**Sent:** Tuesday, July 7, 2020 12:00 PM
**To:** Lit MASIMOL.1085L <LitMASIMOL.1085L@knobbe.com>; mark.blake@masimo.com
**Subject:** Activity in Case 8:18-cv-02001-JVS-JDE Masimo Corporation et al v. True Wearables, Inc. et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 7/7/2020 at 11:59 AM PDT and filed on 7/7/2020

**Case Name:**      Masimo Corporation et al v. True Wearables, Inc. et al
**Case Number:**    8:18-cv-02001-JVS-JDE
**Filer:**
**Document Number:** 117

**Docket Text:**
ORDER AMENDING THE SCHEDULING ORDER [116] by Judge James V. Selna. The Court grants the parties stipulation and amends the current schedule of dates as follow: Trial is set for 1/11/2022 at 8:30 a.m. Final Pretrial Conference: 8/23/2021 at 11:00 a.m. (See document for details and deadlines.) (es)

**8:18-cv-02001-JVS-JDE Notice has been electronically mailed to:**

Sherron L Wiggins    support@conklelaw.com, s.wiggins@conklelaw.com

Ryan J Fletcher    kdrieman@merchantgould.com, rfletcher@merchantgould.com, smaney@merchantgould.com

Brian Christopher Claassen    brian.claassen@kmob.com, knobbeadmin@ecf.courtdrive.com

Amanda Rose Washton    a.washton@conklelaw.com, support@conklelaw.com, awashton@hotmail.com

Peter A Gergely    pgergely@merchantgould.com

Joseph R Re    joe.re@knobbe.com, litigation@kmob.com, knobbeadmin@ecf.courtdrive.com, jre@kmob.com

Paige S Stradley    pstradley@merchantgould.com

Irfan A Lateef    litigation@kmob.com, ial@kmob.com

Stephen C Jensen    sjensen@kmob.com, steve.jensen@knobbe.com

Zach Kachmer    zkachmer@merchantgould.com

**8:18-cv-02001-JVS-JDE Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**
Andrew T Pouzeshi
Merchant and Gould PC
1801 California Street Suite 3300
Denver CO 80202

2

**-104-**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, | Case No. 8:18-CV-02001-JVS-JDE |
| Plaintiffs/Counterdefendants, | **ORDER AMENDING THE SCHEDULING ORDER** |
| v. | |
| TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual, | Hon. James V. Selna Magistrate Judge John D. Early |
| Defendants/Counterclaimants. | |

Having considered the parties' Joint Stipulation to Amend the Scheduling Order filed on December 9, 2020, this Court finds good cause.

The Court hereby grants the parties stipulation and amends the current schedule of dates as follows:

| Matter | Current Deadline | Proposed Deadline |
|---|---|---|
| Trial date (jury)<br>Estimated length: 5-7 days | 1/11/2022<br>8:30 am | 1/11/2022<br>8:30 am |
| Final Pretrial Conference: Hearing on Motions *in Limine*; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 8/23/2021<br>11:00 am | 12/13/2021<br>11:00 am |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | 8/2/2021 | 11/22/2021 |
| Last Day for hand-serving Motions *in Limine* | 7/15/2021 | 11/8/2021 |
| Last date for Settlement Discussions | 7/9/2021 | 11/1/2021 |
| Last day for hearing motions | 6/7/2021 | 10/4/2021 |
| Last day for hand-serving motions and filing (other than Motions *in Limine*) | 5/10/2021 | 9/6/2021 |
| Expert Discovery Cut-off (S.P.R. 4.3) | 4/16/2021 | 8/6/2021 |
| Rebuttal Expert Witness Disclosures | 3/26/2021 | 7/16/2021 |

| Matter | Current Deadline | Proposed Deadline |
|---|---|---|
| Opening Expert Witness Disclosures [See Fed. R. Civ. P. 26(a)(2)]  Patentee Files Final Infringement Contentions,  Accused Infringer Files Final Invalidity Contentions,  All Parties File Advice of Counsel Disclosures | 2/26/2021 | 6/18/2021 |
| Non-expert Deposition Cut-off | 1/22/2021 | 5/21/2021 |
| Non-expert Discovery Cut-off (excluding depositions) | 1/22/2021 | 5/21/2021 |

**IT IS SO ORDERED.**

Dated: December 10, 2020

Honorable James V. Selna

-2-