Amanda R. Washton (Bar No. 227541)
a.washton@conklelaw.com
Sherron Wiggins (Bar No. 321819)
s.wiggins@conklelaw.com
**CONKLE, KREMER & ENGEL**
**Professional Law Corporation**
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100
Facsimile: (310) 998-9109

Peter A. Gergely (*Pro Hac Vice*)
PGergely@merchantgould.com
Ryan J. Fletcher, (*Pro Hac Vice*)
RFletcher@merchantgould.com
Zachary D. Kachmer (*Pro Hac Vice*)
ZKachmer@merchantgould.com
Paige S. Stradley, (*Pro Hac Vice*)
PStradley@merchantgould.com
**MERCHANT & GOULD, P.C.**
1801 California St., Suite 3300
Denver, CO 80202
Telephone: (303) 357-1651
Facsimile: (612) 332-9081

Attorneys for Defendants,
True Wearables, Inc. and
Marcelo Lamego

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELO LAMEGO'S RULE 60 MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. James V. Selna<br>Hon. Magistrate John D. Early<br><br>Hearing: June 28, 2021<br>Time: 1:30 pm<br>Crt Room: 10C<br><br>**REDACTED** |

Pursuant to Federal Rule of Civil Procedure 60(b), and Local Rule 7-18, Defendants True Wearables, Inc. and Marcelo Lamego (collectively, "True Wearables" or "Defendants"), hereby move for relief from the Court's April 28, 2021 Order granting Plaintiffs' Motion for Preliminary Injunction. (Dkt. 257) Counsel for the parties met and conferred on May 26, 2021. (*See* Declaration of Paige Stradley in support of Rule 60 Motion ("Stradley Decl. ISO Rule 60 Motion") at ¶ 2.)

## I. INTRODUCTION

Defendants request that the Court reconsider its April 28, 2021 Order and deny Plaintiffs' Motion for a Preliminary Injunction in view of new evidence that has been discovered. The new evidence, which was discovered during depositions that took place in May 2021, after the Court's Order was issued, further confirms that ▓▓▓▓▓▓ are often referenced and read by electrical engineers in the field of noninvasive blood measurement. By the very nature of their work in the field of noninvasive blood measurement, such engineers can obtain economic value from the disclosure or use of information contained in such ▓▓▓▓▓▓ That two ▓▓▓▓▓▓ which disclose the ▓▓▓▓▓▓ (TSS), are generally known to those who can obtain economic value from its use or disclosure directly conflicts with the Court's conclusion "that the TSS can be a trade secret under CUTSA because it was not publicly known." (Dkt. 257 at 13.) Thus, the Court's conclusion is wrong in view of this newly discovered evidence.

On February 18, 2021, Plaintiffs submitted a Motion for Preliminary Injunction. (Dkt. 153-1.) Plaintiffs have the burden of proving that the TSS is a trade secret, which they have failed to do. In response, Defendants presented undisputed and unrebutted evidence showing that the TSS was known to persons

-1-

that could obtain economic value from its use/disclosure. (Dkt. 172.)[1] Yet this Court has failed to recognize Defendants' evidence showing that the TSS has been previously published and is generally known. Indeed, much of the Court's Order granting Plaintiffs' Motion for a Preliminary Injunction hinges on its mistaken belief that certain ▓▓▓▓▓▓▓▓▓▓ were not generally known.

On April 27, 2021, Defendants submitted a request for oral argument on Plaintiff's Motion for Preliminary Injunction. (Dkt. 250-1.) In its request, Defendants identified the evidence it had submitted showing that the TSS is generally known to persons who can obtain economic value from its disclosure or use. Indeed, Defendants' expert, Dr. Goldstein, having reviewed well-known ▓▓▓▓▓▓ and Plaintiffs' alleged trade secret materials, opined that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 171-2, ¶ 2.) The next day, on April 28, 2021, the Court denied Defendants' request for Oral Argument, thus, never hearing Defendants' arguments on these issues, and granted Plaintiffs' Motion for Preliminary Injunction. (Dkt. 257 at 19.) In its Order, the Court notes that "to conclude that the TSS is not a trade secret under either the DTSA or the CUTSA, the Court must determine that the TSS is not 'generally known to the public or to other persons who can obtain economic value from its disclosure or use.'" (Dkt. 257 at 12 (citing Cal. Civ. Code § 3426.1(d)(1).) Defendants maintain that two ▓▓▓▓▓▓ to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ describe the TSS ▓▓▓▓▓▓, and thus, the TSS ▓▓▓▓▓▓ is generally known by people who can obtain

---

[1] In Defendants' brief in opposition to Plaintiffs' motion for preliminary injunction (Dkt. 172), Defendants, at various times, erroneously cited to Docket Entry No. 162-1. Those citations should, instead, have been to Docket Entry No. 159-8. Although the erroneous citations may not impact the issues raised herein, Defendants wish to inform the Court to the extent the Court reviews the parties' prior filings and submissions.

economic value from its use since ███ are well known by electrical engineers, including those in the field of noninvasive blood measurement. Defendants' evidence that these two ███ disclose the TSS ███ is unrebutted. The Court found these ███ were "not obscure." (Dkt. 257 at 12.) Yet the Court concluded that although the articles were published as ███, "this does not mean that the particular techniques described in them were 'generally known' to people who could obtain value from developing noninvasive blood content detectors." (*Id.*) Rule 60 relief is warranted because the newly discovered evidence shows that the Court's conclusion on this point is wrong.

Specifically, the depositions of ███, ███, and ███, which occurred between May 4 and May 13, 2021, directly contradict the Court's opinion that certain ███ are not generally known to the public or to other persons who can obtain economic value from its disclosure or use. Thus, Defendants request that the Court provide relief from its Order pursuant to Rule 60(b) and deny Plaintiffs' Motion for Preliminary Injunction.

## II. AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure Rule 60(b) permits a district judge to provide relief from a final judgment if the moving party can show:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . .

---

[2] ███ submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction, and stated that he was ███. However, ███. The Court relied on this declaration to conclude that the TSS ███ were not generally known. Yet, the recent deposition testimony from ███, and ███ shows these statements in ███ are not persuasive.

or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

Local Rule 7-18 sets forth similar grounds for reconsideration:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Although not brought within 14 days of the Court's Order, good cause exists under Local Rule 7-18 because the depositions took place after the Court's Order and the last of those depositions relied upon herein was not completed within 14 days of the Court's Order.[3]

In view of newly discovered evidence that has emerged since the Court's Order on April 28, 2021, that could not have been discovered sooner, Defendants move for relief from the Court's Order granting a preliminary injunction pursuant to Federal Rule 60(b) and Local Rule 7-18.

**1. Reconsideration of the Court's Order is proper based on the discovery of new material facts.**

Between May 4 and May 13, 2021, Defendants deposed three witnesses who testified that ▮▮▮▮▮▮▮▮ are generally known to electrical engineers. This new evidence is critical. Due to the disclosure of the TSS ▮▮▮▮ in

---

[3] The Court issued its Order on April 28, 2021. (Dkt. 257.) The deposition of ▮▮▮▮ occurred on May 4, 2021 and May 6, 2021; the deposition of ▮▮▮▮ occurred on May 11, 2021; and the deposition of ▮▮▮▮ occurred on May 13, 2021. Thereafter, Defendants continued to take additional depositions (which may have provided additional relevant information) and then promptly brought this motion.

1  the ███████ to ████████████████, Plaintiffs cannot meet their
2  burden to show the TSS █████████ are not generally known to persons who
3  could obtain economic value from its disclosure or use.
4       Defendants deposed ████████ on May 4 and May 6, 2021. ██████
5  ████████████████████████ at Masimo. ██████████████████████
6  ████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ████████████████████████████
14      Defendants deposed ████████ on May 11, 2021. ██████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████
21 ████ according to ████████████████████████████████
22 ████████████████████████
23 ████████
24 ████████████████████████████
25 ██████
26 ████████████████████████████████████████████████████

_____

[4] All exhibits cited herein are attached to the Stradley Decl. ISO Rule 60 Motion.

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 █████████████████████████

4 Defendants deposed ████████ on May 13, 2021. ████████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ███████████████████████████████████████████

8 ███████████████████████████████████████████

9 ███████████████████████████████████████████

10 ███████████████████████████████████████████

11 ███████████████████████████████████████████

12 ████████████████████ During his deposition, ████████

13 ███████████████████████████████████████████

14 ███████████████████████████████████████████

15 ███████████████████████████████████████████

16 ███████████████████████████████████████████

17 ███████████████████████████████████████████

18 ███████████████████████████████████████████

19 ██████████████████████████████████████

20 In all of their depositions, ████████████████████

21 ███████████████████████████████████████████

22 ███████████████████████████████████████████

23 ████ In addition to Dr. Goldstein, this further supports that the TSS ████

24 ████, disclosed in certain ████████████, is generally known to persons

25 that could obtain economic value from its use/disclosure. Therefore, Plaintiffs

26 cannot meet their burden to show the TSS is a trade secret. Accordingly, this

27 deposition testimony constitutes new evidence which should lead the Court to

28 revisit and reassess its prior decision. *McVicar v. Goodman Glob. Inc.*, No. SA

CV 13-1223-DOC (RNBx), 2015 U.S. Dist. LEXIS 186826 (C.D. Cal. May 20, 2015) (granting motion for reconsideration based on testimony from a deposition occurring after the court's prior resolution); *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, No. C 05-04158 MHP, 2008 U.S. Dist. LEXIS 17114 (N.D. Cal. Mar. 4, 2008) (same).

### 2. Plaintiffs have failed to meet their burden of proving that they are likely to succeed on the merits because the TSS is not a trade secret.

To succeed on its Motion for Preliminary Injunction, Plaintiffs have to make a clear showing of likelihood of success on the merits, a higher standard than merely proving that the TSS is a trade secret. Moreover, it is undisputed that Plaintiffs have the burden of proving that the TSS "derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use." West's Ann. Cal. Civ. Code § 3426.1(d)(1). Here, the Court's Order has improperly shifted this burden of proof to Defendants. *See Amgen Inc. v. Cal. Corr. Health Care Servs.*, 47 Cal. App. 5th 716, 736, 260 Cal. Rptr. 3d 873 (2020) (reversing trial court's order granting preliminary injunction and finding that the trial court had "improperly shift[ed] the burden of proof" where, after defendant had established disclosure of the alleged trade secret information to certain individuals, plaintiff failed to explain why those individuals were *not* persons who could obtain economic value from that information). As Plaintiffs have still not met this burden, they have therefore not carried their burden of proof of establishing a trade secret under the CUTSA.

Although Defendants do not bear the burden of proving that the TSS is not a trade secret, the newly discovered evidence from the recent depositions further proves TSS is generally known to those who can obtain economic value from its use and disclosure and is therefore not a trade secret. Plaintiffs do not dispute that the ▇▇▇▇▇▇▇▇▇▇▇ to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ publicly disclosed the

-7-
DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELLO LAMEGO'S RULE 60 MOTION

██████████ the TSS. ██████████████████████████ ████████████████████████████████ And as the new evidence from deposition testimony from three separate witnesses ████████████ ██████████ confirms, ██████████ are well known and typically read by electrical engineers, including those that have worked or currently work in the field of noninvasive blood detection. The contents of these ████████ describing the TSS are therefore generally known to persons who could obtain economic value from its disclosure or use.

Since Plaintiffs have still failed to prove the TSS is a trade secret, Plaintiffs will suffer no irreparable harm without a preliminary injunction. Moreover, that the TSS has already been publicly disclosed in ████████ well known to electrical engineers undermines any risk of irreparable harm. In light of new deposition testimony, which further proves the TSS is not a trade secret, the Court should provide relief from its Order and deny Plaintiffs' Motion for Preliminary Injunction.

| | | |
|---|---|---|
| Dated May 26, 2021 | By: /s/ *Amanda R. Washton* | |

Amanda R. Washton (Bar No. 227541)
a.washton@conklelaw.com
**CONKLE, KREMER & ENGEL**
**Professional Law Corporation**
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100
Facsimile: (310) 998-9109

Attorneys for Defendants, True Wearables, Inc. and Marcelo Lamego