Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
stephen.jensen@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
James E. Youngblood (Bar No. 325993)
jamie.youngblood@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707−4001

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S OPPOSITION TO DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. James V. Selna<br>Hon. Magistrate John D. Early<br><br>**Hearing:  June 28, 2021**<br>**Time: 1:30 p.m.**<br>**Court: Room: 10C** |

**[REDACTED VERSION PROPOSED TO BE FILED UNDER SEAL]**

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................... 1

II. PROCEDURAL HISTORY .................................................................... 2

III. DEFENDANTS' MOTION FOR RECONSIDERATION IS UNTIMELY .............................................................................................. 3

IV. DEFENDANTS' ARGUMENTS PROVIDE NO BASIS FOR RECONSIDERATION ............................................................................. 4

    A. Defendants Do Not Have Good Cause For Seeking Reconsideration More Than 14 Days After the PI Order ........... 4

    B. Defendants Improperly Repeat The Same Arguments From Their Prior Briefing .............................................................. 6

    C. Defendants Cannot Establish the Two IEEE Articles Were Generally Known Based Upon Testimony About the IEEE Overall ............................................................................. 8

V. CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

Page No(s).

*Amgen Inc. v. Health Care Servs.*,
  47 Cal. App. 5th 716 (2020) .................................................................. 6, 7

*DVD Copy Control Ass'n, Inc. v. Bunner*,
  116 Cal. App. 4th 241 (2004) ..................................................................... 9

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*,
  204 F.3d 867 (9th Cir. 2000) ...................................................................... 3

*Tawfilis v. Allergan, Inc.*,
  Case No. SACV 15-307-JLS, 2015 WL 9982762
  (C.D. Cal. Dec. 14, 2015) .......................................................................... 4

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ....................................................................................... 3

## OTHER AUTHORITIES

28 U.S.C. § 1292 ................................................................................................ 4

Fed. R. Civ. P. 59 .............................................................................................. 4

Fed. R. Civ. P. 60 ...................................................................................... 1, 3, 4

Local Rule 7-18 ........................................................................................ 3, 4, 6

Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (collectively "Masimo") submit this Opposition to Defendants True Wearables, Inc. and Marcelo Lamego's (collectively "Defendants") Rule 60 Motion for Relief From the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 276-1).

## I. <u>INTRODUCTION</u>

The Court should deny reconsideration because it is untimely, and because Defendants offer no new material facts and merely repeat arguments from their previous briefing and hearing request. Defendants ask this Court to reconsider whether the TSS trade secret was "generally known" based on "new" deposition testimony about the IEEE organization generally. However, none of this testimony addresses the two IEEE conference papers at the center of Defendants' "generally known" defense. The Court already found those two IEEE conference papers were publicly available. Moreover, the Court explained that public availability "does not mean that the particular techniques described in them were 'generally known' to people who could obtain economic value from developing noninvasive blood content detectors." Dkt. 257 at 12.

Defendants' "new" testimony comes from three witnesses and relates to the IEEE organization in general. For example, the three witnesses merely recognized the IEEE, the world's largest professional organization for advancing technology. They also showed some familiarity with "IEEE publications." But that testimony says nothing about the two IEEE conference papers relied upon by Defendants. The testimony presents no new material facts and establishes no error in this Court's well-reasoned analysis.

Moreover, this testimony says nothing new. Lamego himself knew about the IEEE at least as early as 2000. He has authored over 10 IEEE publications. But Lamego never submitted any declaration at all, let alone about the IEEE or the particular conference papers that Defendants claim show that the TSS is

-1-

"generally known." Instead, he protected the TSS as a trade secret.

Defendants present no new evidence about the techniques described in the two conference papers. Defendants offer no new evidence that a third party ever used the math operations in the two conference papers for biosensing applications, much less that such use is generally known. Defendants also present no evidence that either of the articles was the origin of the Defendants' patent applications. Thus, Defendants present no grounds for reconsideration.

## II. PROCEDURAL HISTORY

The parties have filed four motions regarding the TSS trade secret and the Preliminary Injunction ("PI"). First, Masimo filed a Motion for PI regarding Masimo's TSS trade secret. Dkt. 153. Second, True Wearables filed an *Ex Parte* Application to strike certain trade secrets, including the TSS trade secret. Dkt. 157. The Court initially granted True Wearables' *Ex Parte* and struck the TSS trade secret. Dkt. 186. The Court then denied the Motion for PI because it had struck the TSS trade secret. Dkt. 187. Third, True Wearables filed a Motion for Reconsideration of the *Ex Parte* Order. Dkt. 194. Fourth, Masimo filed a Motion for Reconsideration of both the *Ex Parte* Order and denial of the Motion for PI. Dkt. 197. The Court granted in part and denied in part Defendants' Motion for Reconsideration and granted Masimo's Motion for Reconsideration, reinstating the TSS trade secret. Dkt. 258. The Court then issued a tentative order granting Plaintiffs' Motion for PI.

After reviewing the Court's tentative order granting the PI, Defendants argued for a hearing. Dkt. 254-1. The Court considered the arguments in the hearing request and granted the PI. Dkt. 257 ("PI Order"). Defendants now fault the Court for "never **hearing** Defendants' arguments…." Mot. at 2 (emphasis added). But the Court reviews hearing requests to determine whether a hearing is necessary. Here, Defendants presented their arguments in their hearing request, and the Court modified the tentative order to address the arguments in the PI

Order.

The PI Order thoroughly explains the technology at issue, the factual background, the relevant legal standards, and the Court's analysis of each of the four preliminary-injunction factors under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court determined Masimo is likely to succeed in showing the TSS is a protectable trade secret. PI Order at 11-13. The Court explained that the publication of two IEEE conference papers "does not mean that the particular techniques described therein were 'generally known' to people who could obtain economic value from developing noninvasive blood content detectors." *Id.* at 12. Instead, "[a]t best, the articles could be a basis for determining that the TSS was 'readily ascertainable.'" *Id.* But Defendants "must still show that Defendants made use of that means of ascertainment to have a defense under the CUTSA." *Id.*

Defendants do not challenge these findings and analysis. Instead, they argue that deposition testimony shows that the TSS is "generally known." For multiple reasons, Defendants' testimony does not support reconsideration.

### III. **DEFENDANTS' MOTION FOR RECONSIDERATION IS UNTIMELY**

Defendants move for reconsideration under Fed. R. Civ. P. 60(b)(2) and (b)(6), and Local Rule 7-18. But L.R. 7-18 sets a deadline of 14 days after entry of the Order, absent good cause shown. Because Defendants did not move within 14 days, they must show good cause. Defendants cannot make this showing.

Defendants cannot invoke Rule 60(b) to circumvent the 14-day deadline because that rule is not applicable here. Rule 60(b) provides specific grounds for a court to "relieve a party or its legal representative from a ***final*** judgment, order, or proceeding." (Emphasis added). However, "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d

867, 880 (9th Cir. 2000); *see* 28 U.S.C. § 1292(a)(1) (preliminary injunctions are "interlocutory orders").

Moreover, even if Defendants had moved under Rule 59(e), they would still have to show good cause to file the motion after the 14-day deadline imposed by L.R. 7-18. Defendants have not shown good cause and compliance with L.R. 7-18.

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Tawfilis v. Allergan, Inc.*, Case No. SACV 15-307-JLS (JCGx), 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Under L.R. 7-18, a motion for reconsideration may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
>
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.[1] Defendants never explain which of these three grounds apply and therefore cannot possibly show good cause under the local rule.

### IV. DEFENDANTS' ARGUMENTS PROVIDE NO BASIS FOR RECONSIDERATION

**A.  Defendants Do Not Have Good Cause For Seeking Reconsideration More Than 14 Days After the PI Order**

Defendants argue they have good cause for their delay in filing the Motion

---

[1] Defendants block quote the old language of L.R. 7-18, before the December 1, 2020 amendment to the rule. Mot. at 4.

-4-

based on the existence of evidence "that could not have been discovered sooner…." Mot. at 4. Specifically, Defendants contend that they deposed ███████████████████████████████ "who testified that IEEE publications are generally known to electrical engineers." *Id*. But Defendants took the ███ and ███ depositions within 14 days of the PI Order. *Id*. at 5 (Defendants deposed ███ on May 4 and 6, and ███ on May 11). Only the ███ deposition took place afterwards. *Id.* at 6. Thus, Defendants could have timely moved for reconsideration, undermining any good cause showing. Moreover, Defendants never explain why they could not have taken the depositions sooner. Nor could they. Defendants themselves knew of this evidence and of the witnesses for years.

As an electrical engineer with a PhD, Lamego himself was familiar with IEEE publications. Lamego authored more than 10 IEEE articles and conference papers before 2000. *See* Dkt. 1-1 (Ex. 1 to Complaint) at 6. He provided a list of them to Masimo as part of his employment agreement. *Id*. Lamego also cited three IEEE articles and conference papers in his PhD thesis. Claassen Decl. Ex. 1 at TRUE053747, 750. Lamego therefore has been aware that IEEE articles and conference papers for electrical engineers for over ***twenty years***. Defendants knew of these general facts all along, but chose not to submit them in their PI briefing.

In addition, Lamego worked closely with each of the three deponents between 2000-2014. ████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████ On July 24, 2020, Plaintiffs wrote to Defendants about stopping any publication of True Wearables' patent applications containing the TSS. Claassen Decl. Ex. 7 (Dkt. 171-06, previously Ex. E to Defendants' PI Opp.). Defendants, therefore, could

-5-

have taken the depositions earlier to prepare their opposition to the PI.

Ultimately, Defendants concede that the testimony merely "***further confirms***" their argument in their hearing request, "that IEEE publications are often referenced and read by electrical engineers in the field of noninvasive blood measurement." *Compare* Mot. at 1 *with* Dkt. 254-1 at 1-3 (Hearing Request). But evidence that merely further confirms arguments Defendants made in opposing the PI shows that Defendants could have discovered the evidence earlier. Defendants, therefore, fail to demonstrate good cause for their delay in filing this Motion.

### B. <u>Defendants Improperly Repeat The Same Arguments From Their Prior Briefing</u>

Under L.R. 7-18, "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." Defendants violate that prohibition throughout their Motion. The Motion for Reconsideration raises the same legal issue Defendants argued in their Request for Oral Argument. Mot. at 2; *see* Dkt. 254-1 (Request for Oral Argument) at 1-4.

Regarding the existence of a trade secret, Defendants argue that "the Court Order has improperly shifted the burden of proof to Defendants." *Compare* Mot. at 7 with Dkt. 254-1 (Request for Oral Argument) at 1-2. Defendants also argue, "As Plaintiffs still have not met this burden, they have therefore not carried their burden of proof of establishing a trade secret under the CUTSA." *Id.* Defendants previously raised both arguments. *Compare* Mot. at 7 *with* Dkt. 254-1 (Request for Oral Argument) at 1-2; *Compare* Mot. at 7 *with* Dkt. 254-1 (Request for Oral Argument) at 2. The Court rejected both.

Defendants rely on *Amgen Inc. v. Health Care Servs.*, 47 Cal. App. 5th 716, 736 (2020). Defendants previously cited this case too. In this Motion, Defendants merely copied the identical parenthetical from their argument in the

-6-

hearing request. *Compare* Mot. at 7 *with* Dkt. 254-1 at 1-2. Regardless, *Amgen* does not support Defendants. In that case, *Amgen* sent third-party purchasers a price increase notice in an email with the label "confidential." *Amgen*, 47 Cal. App. 5th at 736. Despite the label, the third parties had no obligation to keep that information confidential. *Id*. The trial court found the trade secret not generally known because defendants did not submit any evidence that the third parties did not comply with the label. *Id*. Thus, that court improperly shifted the burden to the party accused of misappropriation to show that the third parties did not keep the information confidential. *Id*.

Here, the Court committed no such error. The Court credited the declarations of Joe Kiani and Jesse Chen as demonstrating that Masimo's development of its SpHb technology depended on the TSS. Dkt. 257 at 11-12. It also found that Masimo took reasonable steps to maintain its secrecy. *Id*. at 12. Masimo further demonstrated that Lamego himself required a Cercacor employee to remove portions of it from a draft Stanford thesis. *See* Dkt. 152-1 at 6 (PI Motion) citing Dkt. 152-10 to 152-15 ███████████ ███████████████████████████ Thus, the Court found that Masimo took reasonable steps to maintain the confidentiality of the TSS without shifting the burden to Defendants. Dkt. 257 at 11-12.

Although Defendants claim that Masimo has not met its burden, they do not present any argument in support. Thus, the Court's analysis is unchallenged. The Court correctly found that Masimo carried its burden of establishing that the TSS can be a trade secret under CUTSA. *Id.* at 13.

Defendants improperly repeat other arguments too. For example, Defendants repeat their argument that two IEEE conference papers disclose the update formulas of the TSS. Dkt. 171 (Opposition to PI) at 15-17; Dkt. 254-1 (Request for Oral Argument) at 1-4. But Plaintiffs have explained the TSS trade secret is not limited to update formulas. Dkt. 184-1 at 4, 11-15. ███████

1
2 ▮▮▮ At Cercacor, Lamego used the TSS ▮▮▮
3 ▮▮▮ to develop the SpHb measurement. Dkt. 153 (Chen Decl.) ¶¶ 18-26.
4 ▮▮▮
5 ▮▮▮
6 ▮▮▮ Dkt. 152-3
7 (McNames Decl.) ¶¶ 43, 46. The final "update formulas" for two particular
8 examples of the TSS ▮▮▮
9 ▮▮▮

10 Finally, Defendants repeat the argument that Dr. Goldstein is a person who could obtain economic value from the TSS. *Compare* Mot. at 8 *with* Dkt. 254-1 at 3. Defendants point to nothing showing the use of the math operations Goldstein located ▮▮▮, much less that Goldstein himself did so. That Goldstein speculates he could now obtain economic value ▮▮▮ ▮▮▮ But Goldstein's speculation after he was exposed to the TSS demonstrates why Plaintiffs seek to protect their trade secret. Goldstein's opinion about his hypothetical application of the update formulas does not establish the TSS "*was* generally known."

C. **Defendants Cannot Establish the Two IEEE Articles Were Generally Known Based Upon Testimony About the IEEE Overall**

None of Defendants' cited testimony relates to the two IEEE papers at issue on the PI motion. None of the witnesses testified about any awareness of the two IEEE papers. Instead, the testimony concerns the IEEE as an organization in general. Dkt. 276-4 (Ex. B) at 61:1-13 ("What is the IEEE? It's an organization that published papers."); Dkt. 276-5 (Ex. C) at 55:10-17 ("What is IEEE? … It's an organization for engineers to collaborate, share information….").

/ / /

1        ██████ testified that engineers know that the IEEE publishes articles, and he has read many IEEE articles. Claassen Decl. Ex. 2 at 193:22-194:12. That ██████ has read articles does not make every IEEE article generally known. Furthermore, publication "does not necessarily destroy the secret if the publication is sufficiently obscure or transient or otherwise limited so that it does not become generally known to the relevant people, i.e., potential competitors or other persons to whom the information would have some economic value." *DVD Copy Control Ass'n, Inc. v. Bunner*, 116 Cal. App. 4th 241, 251 (2004).

        And despite Lamego's involvement in the IEEE as discussed above, he provided no testimony regarding his awareness of the two papers at issue. Lamego also provided no testimony reconciling the position he took in opposing the PI with the positions he took at the Patent Office and at Cercacor. Instead, his expert, Goldstein, found the two papers after several hours of targeted searching, and only after he was taught and fully appreciated Plaintiffs' TSS trade secret. Dkt. 257 (PI Order) at 12-13.

        Defendants' Motion, therefore, identifies no new evidence regarding the two IEEE conference papers that they contend disclose the TSS update formulas. Instead, Defendants ask the Court to conclude that, because "IEEE publications are generally known to electrical engineers and are referenced during research and algorithm development in the pulse oximetry industry," the contents of two specific IEEE papers are generally known. Mot. at 6. But the enormity of the IEEE and its extensive publication library demonstrates why such a conclusion is too far-fetched. The IEEE is the "world's largest technical professional organization dedicated to advancing technology for the benefit of humanity." Claassen Decl. Ex. 3 at 1. IEEE publications date back to 1884. Claassen Decl. Ex. 4. The IEEE publishes more than 200 journals and 40 magazines and hosts more than 1,600 annual conferences and events. Claassen Decl. Ex. 3 at 3, Ex. 4 at 2. It has published more than 5 million technical articles over the years.

Claassen Decl. Ex. 3 at 2. It adds approximately 20,000 new documents to its database each month. Claassen Decl. Ex. 5 at 1. The publication of two papers by the IEEE in an ocean of millions of articles does not establish the particular techniques described in the two papers were "generally known" to people who could obtain value from developing noninvasive blood constituent monitors.

Furthermore, the new testimony supports Masimo. All three witnesses and Lamego knew about the IEEE and IEEE publications but still believed the TSS was a trade secret. Dkt. 257 (PI Order) at 16; *See* Dkt. 152-1 at 6 (PI Motion) citing Dkt. 152-10 to 152-15. Their contemporaneous belief is entitled to more weight than Goldstein's opinion contrived in hindsight. He merely reconstructed the trade secret based on his knowledge of the TSS.

The motion for reconsideration therefore adds no new material fact or reason to reconsider the PI Order.

## V. CONCLUSION

Defendants' Motion repeats previously cited facts and previous arguments. Thus, it presents no grounds for reconsideration and no reason to disturb the Court's well-reasoned analysis. Accordingly, the Court should deny the Motion for Reconsideration.

Respectfully submitted,

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: June 7, 2021     By: */s/ Brian C. Claassen*
   Joseph R. Re
   Stephen C. Jensen
   Irfan A. Lateef
   Perry D. Oldham
   Brian C. Claassen
   Mark D. Kachner
   Adam B. Powell
   James E. Youngblood

   Attorneys for Plaintiffs,
   Masimo Corporation and
   Cercacor Laboratories, Inc.