Amanda R. Washton (SB# 227541)
   *a.washton@conklelaw.com*
Sherron Wiggins (SB# 321819)
   *s.wiggins@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100
Fax: (310) 998-9109

Peter A. Gergely (*Pro Hac Vice*)
PGergely@merchantgould.com
Ryan J. Fletcher, (*Pro Hac Vice*)
RFletcher@merchantgould.com
Zachary D. Kachmer (*Pro Hac Vice*)
ZKachmer@merchantgould.com
**MERCHANT & GOULD, P.C.**
1801 California St., Suite 3300
Denver, CO 80202
Telephone: (303) 357-1651
Facsimile: (612) 332-9081

Attorneys for Defendants
*True Wearables, Inc. and Marcelo Lamego*

Paige S. Stradley, (*Pro Hac Vice*)
PStradley@merchantgould.com
**MERCHANT & GOULD, P.C.**
150 S. Fifth Street Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> v. <br><br> TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual, <br><br> Defendant. | CASE No. 8:18-cv-2001-JVS-JDE <br><br> **DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELO LAMEGO'S REPLY IN SUPPORT OF DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> **Hearing: June 28, 2021** <br> **Time: 1:30 p.m.** <br> **Ctrm: 10C** <br><br> Hon. James V. Selna <br> Presiding Judge <br> Hon. John D. Early <br> Magistrate Judge <br><br> Complaint Filed:    November 8, 2018 <br> Trial Date:           January 11, 2022 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1

## <u>TABLE OF CONTENTS</u>

2                                                                                    <u>Page</u>

3

4  I.      INTRODUCTION ................................................................................... 1

5  II.     ARGUMENT ........................................................................................ 2

6          A.     DEFENDANTS' NEWLY DISCOVERED EVIDENCE SHOWS
                  THAT THE TSS CANNOT BE A TRADE SECRET UNDER
7                 CUTSA.......................................................................................... 2

8          B.     DEFENDANTS' MOTION IS TIMELY AND PROPER .................... 6

9                 1.     Defendants Motion for Reconsideration is proper under the
                         Federal Rules ................................................................. 6
10
                  2.     Defendants' Motion is Proper Under Local Rule 7-18 ............... 8
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants True Wearables, Inc. and Marcelo Lamego (collectively,
2    "Defendants") submit this Reply in Support of Defendants' Rule 60 Motion for Relief
3    from the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt.
4    274, "Defendants' Motion").

5    **I.**     **INTRODUCTION**

6    Defendants' Motion seeks reconsideration of the Court's Order Granting
7    Plaintiffs' Motion for Preliminary Injunction (Dkt. 257, the "Court's PI Order") based
8    on the emergence of new material facts since entry of the Court's PI Order. In
9    evaluating Plaintiffs' likelihood of success on the merits of their trade secret claim,
10   the Court's PI Order rejected Defendants' argument that Plaintiffs' alleged trade
11   secret, the TSS, was generally known. The Court stated that Defendants had failed to
12   establish ███████████████████████████████████████
13   ████████████████████ because Defendants had not demonstrated that ████████
14   ███████████████████████████████████████████████
15   ████████████████████████████████████████ (Dkt.
16   257 at 12.) First, Plaintiffs' have the burden of proving that the alleged trade secret is
17   not "generally known." Second, Defendants' Motion for Reconsideration contains
18   new material facts that meet this test. Specifically, Defendants' Motion presents ███
19   ██████████████████████████, including at least ███████████
20   ████████████████████████ From this new testimony, the
21   Court can conclude that ████████████████████ was sufficient to
22   make the TSS ████████████████████████████████████
23   "generally known" under the Court's interpretation of the CUTSA.

24   Plaintiffs challenge Defendants' Motion on both substantive and procedural
25   grounds. On the substance, Plaintiffs argue that the new testimony is insufficient to
26   prove that the TSS was generally known. This is incorrect. Again, Plaintiffs have the
27   burden of proof to show that the TSS was not generally known.  And second, the new

28
-1-

1   testimony shows precisely what the Court's PI Order required: ████████████

2   ████████████████████████████████████████████████████████████

3   Procedurally, Plaintiffs argue that Defendants' Motion is untimely and has been

4   brought under the wrong Federal Rule of Civil Procedure. But Defendants' Motion

5   for Reconsideration is proper and timely because, under the Federal Rules,

6   Defendants brought the motion within 28 days, which is proper under Federal Rule

7   59(e). Under Ninth Circuit law, the nomenclature used in Defendants' Motion is not

8   controlling. Further, under the local rules, Defendants had good cause for filing the

9   motion due to the emergence of new material facts more than 14 days after the Court's

10  PI Order. Plaintiffs' challenges should be rejected. The Court should reconsider its PI

11  Order and should dissolve its injunction against Defendants because Plaintiffs cannot

12  meet their burden of showing that the TSS is not "generally known" under CUTSA;

13  to the contrary, ████████████ demonstrate the opposite.

14  **II.    ARGUMENT**

15      **A.    Defendants' newly discovered evidence shows that the TSS cannot**

16             **be a Trade Secret under CUTSA**

17      Defendants' Motion for Reconsideration contains new material facts—namely,

18  testimony from ████████████████—demonstrating that

19  ████████████████████████████████████████████████

20  ████████████████, thereby demonstrating that Plaintiffs failed to

21  carry their burden to establish that the TSS is a protectable trade secret under the

22  CUTSA. *See* Cal. Civ. Code § 3426.1(d)(1).

23      Plaintiffs argue that ████████████ testimony regarding ████

24  ████████████████████████ is not persuasive because the

25  testimony is ████████████ and, as such, does not relate specifically to ██

26  ████████████████████████████████████

27  (Dkt. 285-1 at 11-12.)

28
                                          -2-

1    Plaintiffs seem to suggest that the *only* way that *Defendants could prove* that

2    the TSS was "generally known" would be by ████████████████████████

3    ████████████████████████████████████████████████████████████

4    ████. Again, Defendants do not have the burden of proof on this issue. Moreover,

5    there is nothing in the Court's PI Order or in CUTSA requiring that Defendants must

6    present evidence that Plaintiffs' competitors did, in fact, know ████████████

7    ████████████ in order to show that the TSS was generally known. Rather, in trade

8    secret cases, it is well-settled that the mere publication of information can eliminate

9    trade secret protection, even without evidence that the publication was actually known

10   to any specific competitors. *Attia v. Google LLC*, 983 F.3d 420, 426 (9th Cir. 2020)

11   ("[I]t appears to us to be well-settled that publication of information in a patent

12   application eliminates any trade secrecy.") Under California law, even the publication

13   of information in a *foreign* patent application can defeat trade secret protection.

14   *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1355-56 (Fed.

15   Cir. 2009) (applying the CUTSA, holding that "[i]nformation disclosed in a patent,

16   even a foreign one, is generally known to the public, especially the relevant public in

17   the cement industry").

18   Under this "well-settled" standard, Defendants do not need to show that

19   Plaintiffs' competitors had actual knowledge of ██████████████ to

20   show that the TSS is not protectable as a trade secret. Defendants can meet the Court's

21   interpretation of CUTSA by showing that (a) the TSS was disclosed in one or more

22   publications and (b) ██████████████ are likely to engage with those

23   publications in the same or similar way that ██████████ would engage with U.S.

24   (or foreign) patent applications. This is *precisely* the evidence that Defendants have

25   presented in support of their Motion for Reconsideration. First, Defendants previously

26   showed that the TSS is ████████████████████████████

27   ████████ (*E.g.*, Dkt. 171-1 at 16-20, Dkt. 171-2 at ¶¶ 2, 16, 26-68.). Second,

28

-3-

1    Defendants are now presenting testimony from ███████████████████

2    ████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████

4    ███████████      In the field of pulse oximetry, publication of the TSS ████████

5    █████████ is akin to publication of the TSS in patent applications, since both types

6    of publications are viewed (and used) as a source of technical information for

7    engineers in the field. Accordingly, publication of the TSS ████████████████

8    should have the same effect as publication of TSS in a patent application—it should

9    defeat Plaintiffs' claim that the TSS is trade secret under CUTSA.

10          Moreover, Plaintiffs cannot expect Defendants to obtain direct testimony from

11   competitors about the TSS when Plaintiffs themselves have imposed confidentiality

12   restrictions that would prevent Defendants from ever obtaining such evidence. In

13   particular, although the ████████████████████████████████████████████

14   █████, Plaintiffs have asserted that even the *mere identity* of these publications is

15   confidential. Declaration of Paige Stradley ("Stradley Decl."), ¶ 2, Ex. A. As a result,

16   Defendants' counsel cannot even ██████████████████████████████████

17   ████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████.[1]  Accordingly, it is

19   impossible for Defendants to █████████████████████████████████████████

20   █████████████████████████████████████████. Plaintiffs' attempt to

21   use the protective order as both a sword and a shield is improper.

22   _____

23          [1] Plaintiffs imply that Defendants should have provided Lamego's testimony

24   about ██████████████████████ when the parties briefed the original preliminary

25   injunction motion. (Dkt. 185-1 at 8 (arguing that Defendants "chose not to submit" facts from Lamego about his knowledge of ████████████.) But because of Plaintiffs'

26   confidentiality designations, Defendants' counsel did not ████████████████████

27   ████████.

28
-4-
DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELO LAMEGO'S REPLY IN SUPPORT OF
DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION

1    Next, Plaintiffs argue that the new testimony "supports Masimo" because █

2    ████████████████████████████████████████████████████████████

3    ██████████████████████████. Plaintiffs cite ████████████████

4    ███████████████████ (Dkt. 285-1 at 13, citing Dkt. 152-10 to 152-15.) Plaintiffs

5    suggest that because ████████████████████████████████████████,

6    the Court should discount Defendants' evidence showing that the TSS was generally

7    known. The mere fact that ██████████████████████████████████████

8    ████████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   █████████████████████████

21    At bottom, the evidence shows both that the TSS ████████████████

22   ███████████████ and that ████████████████████████████████

23   ████████████████████████████████████████████████████████████

24   ████████████ Under the CUTSA, this is sufficient for the Court to find the TSS was

25   "generally known." Accordingly, the Court should reconsider its PI Order and

26   reevaluate its conclusion that Plaintiffs are likely to succeed on their claim that the

27   TSS is a trade secret.

28
-5-

DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELO LAMEGO'S REPLY IN SUPPORT OF
DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION

**B.** **Defendants' Motion is timely and proper**

**1.** **Defendants Motion for Reconsideration is proper under the Federal Rules**

Plaintiffs argue that Defendants' Motion is procedurally improper because Federal Rule 60(b) is not applicable to preliminary injunction orders. Even if correct, the Court should still consider Defendants' Motion under Federal Rule 59(e) as a Motion to Alter or Amend the Court's PI Order. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).

Under Ninth Circuit law, a motion for reconsideration brought under Rule 60 may, if appropriate, be construed as having been brought under Rule 59(e) because the way that the movant labels the motion is "inconsequential" and because "nomenclature is not controlling." *Vantage Mobility Int'l Ltd. Liab. Co. v. Kersey Mobility Ltd. Liab. Co.*, 836 F. App'x 496, 500 (9th Cir. 2020) (citing *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976) and *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004)[2]); *see also Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (looking past the label a party gave to its motion, citing Moore's Federal Practice: "Nomenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief.").

---

[2] *Shapiro* cites case law holding that "a motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of entry of judgment." 374 F.3d at 863. *Shapiro* was decided under a previous version of Federal Rule 59(e) requiring motions to be brought within 10 days of the judgment at issue. The Rule has since been amended to change this to 28 days. Accordingly, under the present version of Federal Rule 59, the case law should be interpreted as holding that a motion for reconsideration is treated as a Rule 59(e) motion if filed within **28 days** of entry of judgment.

DEFENDANTS TRUE WEARABLES, INC.'S AND MARCELO LAMEGO'S REPLY IN SUPPORT OF DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1      Federal Rule 59(e) allows a motion "to alter or amend a judgment" and allows

2 such a motion to be filed up to 28 days after the entry of the judgment in question.

3 Fed. R. Civ. P. 59(e). Accordingly, "motions labeled as Rule 60(b) motions that are

4 filed within the 28-day period of Rule 59(e) may be treated as Rule 59 motions." 12

5 Moore's Federal Practice - Civil § 60.64 (2021). Here, Defendants satisfied that

6 requirement: Defendants filed their motion on May 26, 2021, 28 days after the Court's

7 PI Order, which was entered on April 29, 2021. Defendants' motion is timely whether

8 labeled as a motion under Federal Rule 59(e) or Federal Rule 60(b).

9      Plaintiffs argue that Defendants cannot move under Federal Rule 59(e) unless

10 Defendants also satisfy Local Rule 7-18's requirement that the movant show good

11 cause for any motion for reconsideration filed more than 14 days after the order that

12 is the subject of the motion. Not so. Imposing such a requirement would run afoul of

13 Federal Rule 83, which states that "[a] local rule must be consistent with—but not

14 duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075."

15 *See, e.g.*, *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008)

16 ("Any local rule requiring a conference prior to the court's imposition of sanctions

17 under [Local] Rule 37(c) would be inconsistent with [Federal] Rule 37(c) and,

18 therefore, unenforceable.") Federal Rule 59 unquestionably allows for the filing of a

19 motion for reconsideration up to 28 days after entry of the order in question.

20 Therefore, Local Rule 7-18 cannot be interpreted in a manner inconsistent with the

21 Federal Rules and must be construed to permit the filing of Defendants' Motion.

22      Further, a district court has inherent authority to modify a preliminary

23 injunction in consideration of new facts, such as those presented in Defendants'

24 Motion. *A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002); *see also*

25 *System Federation No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961) (holding that a

26 district court has "wide discretion" to modify an injunction based on changed

27 circumstances or new facts).

28

-7-

1    In any event, Defendants had good cause to bring the motion, as discussed

2    below.

3    ## 2.    <u>Defendants' Motion is Proper Under Local Rule 7-18</u>

4    Local Rule 7-18 provides that a motion for reconsideration can be brought more

5    than 14 days after entry of the order that is the subject of the motion if good cause is

6    shown. LR. 7-18. Defendants had good cause to file their Motion more than 14 days

7    after entry of the Court's PI Order because the new material facts that form the basis

8    of Defendants' motion were not discovered until depositions taken after the Court's

9    PI Order. *McVicar v. Goodman Glob. Inc.*, No. SA CV 13-1223-DOC (RNBx), 2015

10   U.S. Dist. LEXIS 186826, at *7-8 (C.D. Cal. May 20, 2015) (granting motion for

11   reconsideration based on testimony from a deposition occurring after the court's prior

12   resolution); *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*,

13   No. C 05-04158 MHP, 2008 U.S. Dist. LEXIS 17114, at *5 (N.D. Cal. Mar. 4, 2008)

14   (same).

15   Plaintiffs argue that Defendants could have discovered the new evidence and

16   moved for reconsideration sooner. (Dkt. 285-1 at 8-9.) The facts show otherwise. The

17   Court's PI was entered on April 29. By the time the PI Order was entered, ███████

18   ████████████████████████████████████████████████████████████████████

19   █████████████████████████████████. Within 10 days of the Order, ███████

20   ████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████. Defendants also

22   promptly ████████████████████████████████████████████████████████████

23   █████████████  Within a week of ████████████████████████████████,

24   Defendants filed their Motion for Reconsideration on May 26. Defendants were

25   diligent in bringing their Motion, and Plaintiffs' accusations of delay are misplaced.

26   Plaintiffs argue that Defendants could have filed their Motion within 14 days

27   of entry of the Court's PI Order because ███████████████ deposed within that 14-

28

-8-

day window. (Dkt. 185-1 at 7-8.) But the ███ deposition was taken 13 days after the entry of the Court's PI Order, leaving insufficient time for Defendants to draft and file a motion by the 14-day deadline.

Moreover, as Plaintiffs acknowledge, Defendants were not able to depose ████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████. (*Id.* at 8.) ████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████ Defendants did not receive the final transcript from ████ deposition until May 24, 2021. Stradley Decl., ¶ 3. Defendants filed their Motion two days later, which demonstrates diligence and good cause.

Plaintiffs also argue that Defendants could have taken depositions earlier in the case. (Dkt. 185-1 at 8-9.) More specifically, Plaintiffs claim that Defendants knew about the widespread use ████████████████████████████████████████ ████████████████████████ and, therefore, could have presented facts about the general knowledge of ████████████ in Defendants' original PI briefing. (*Id.* at 8.) Defendants did, in fact, include such argument and facts in their original PI briefing showing that ██████████████████████████████. (*E.g.*, Dkt. 171-1 at 16-20, Dkt. 171-2 at ¶¶ 2, 16, 26-68.) However, until Defendants received the Court's Order Granting Plaintiffs' PI Motion, Defendants could not have known that the Court would ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ (Dkt. 257 at 12.) (emphasis added). Furthermore, before the Court's PI Order, there was uncertainty about whether the TSS trade secret was even properly in the case. In fact, before April 29, the TSS had been stricken from the case altogether, leaving

-9-

1    Defendants little reason to seek deposition testimony about the TSS. [3]

2         Once the TSS was reinstated in the case and once Defendants learned how the

3    Court interprets the "generally known" prong of the CUTSA, Defendants were able

4    to use ███████████ to quickly gather the specific evidence sought by the Court's

5    PI Order—namely, ████████████████████████████████████████████

6    ██████████████████████████████████████████████████████████████.

7    Defendants diligently filed this Motion for Reconsideration to present that evidence

8    to the Court. *Cf.* Fed. R. Civ. P. 59, Committee Notes on Rules – 2009 Amendment

9    (explaining that Rule 59(e) was amended to lengthen the time period for a motion

10   from 10 days to 28 days because "[e]xperience has proved that in many cases *it is not*

11   *possible to prepare a satisfactory post-judgment motion in 10 days*[.]") (emphasis

12   added).

13        Defendants properly brought their Motion under Local Rule 7-18 based on "the

14   emergence of new material facts," and Defendants' Motion is timely under Rule 7-18

15   because Defendants acted diligently in discovering those "new material facts" and in

16   bringing their Motion based thereon.

17

18

19

20

21

22   _____

23        [3] On March 18, the Court granted Defendants' Motion to strike the TSS trade

24   secret from the case and, consequently, denied Plaintiffs' Motion for Preliminary

     Injunction. (Dkt. 186, 187.) Plaintiffs moved for reconsideration on these two orders.

25   (Dkt. 193.) It was not until April 29 that the Court revisited these decisions, reinstating

26   the TSS into the case and granting Plaintiffs' Motion for Preliminary Injunction. (Dkt.

27   258.)

     -10-
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  June 14, 2021

Amanda R. Washton
Sherron Wiggins, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation


By:  */s/Amanda R. Washton*
     Amanda R. Washton
     Attorneys for Defendants
     True Wearables, Inc. and Marcelo Lamego

-11-