Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
stephen.jensen@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
James E. Youngblood (Bar No. 325993)
jamie.youngblood@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707−4001

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>    Plaintiffs/Counterdefendants,<br><br>    v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>    Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS 6, 7 AND 11**<br><br>**Hon. James V. Selna**<br>**Hon. Magistrate John D. Early**<br><br>**[Discovery Document: Referred to Magistrate Judge John D. Early]**<br><br>**Hearing: June 24, 2021**<br>**Time: 10:00 a.m.**<br>**Court: Room: 6A** |

Pursuant to this Court's Order dated June 24, 2021 [Dkt. 311] and Local Rule 79-5.2.2(b), Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively "Plaintiffs") respectfully request leave to file under seal:

(1) Portions of Exhibit 6;

(2) Portions of Exhibit 7; and

(3) Portions of Exhibit 11.

Plaintiffs' Exhibits 6, 7 and 11 filed in support of its Opposition to Non-Party Apple, Inc.'s Motion to Quash Subpoena [Dkt. 282] contain confidential information that falls under the Protective Order and therefore Plaintiffs respectfully submit that there is good cause to file Exhibits 6, 7 and 11 under seal. The nature and confidentiality of these documents outweigh the public's interest to access court records.

Plaintiffs have provided a proposed redacted version of Exhibits 6, 7 and 11.

## I. LEGAL STANDARD

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Courts preserve the secrecy of discovery material attached to non-dispositive motions for good cause. *Id*. at 1180. Further the public has a diminished need for access to court records that are "unrelated, or only tangentially related to the underlying cause of action." *Id*. at 1179. "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id*. at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Good cause also exists to seal confidential personal information, where public disclosure would infringe upon privacy rights. *See Icon-IP Pty Ltd v. Specialized Bicycle Components, Inc.*, 2015

-1-

WL 984121, *8 (N.D. Cal. Mar. 4, 2015).

## II.   ARGUMENT

### A.   The Information Plaintiffs Seek To Seal Is Confidential

Portions of Exhibits 6, 7 and 11 in Support of Plaintiffs' Opposition to Apple, Inc.'s Motion to Quash Plaintiffs' Subpoena contain highly confidential information. The redacted portions of Plaintiffs' Exhibits 6, 7 and 11 detail Plaintiffs' confidential technical and commercially sensitive information including, discussions of Plaintiffs' uncommercialized technical developments, events concerning Plaintiffs' confidential testing on those uncommercialized technical developments, and the commercial significance of those technical developments to Plaintiffs. Kachner Decl. ¶ 4. This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technology. If Plaintiffs' confidential technical, and the commercial significance of that technical information were disclosed, Plaintiffs' competitors would gain an unfair competitive advantage over Plaintiffs. *Id.*

In addition, redacted portions of Plaintiffs' Exhibits 7 detail private information including names, salaries, and immigration status for some of Plaintiffs' employees. *Id.* at ¶ 5. Public disclosure would infringe upon Plaintiffs' employees privacy rights. *Id*. This information is not available elsewhere. *Id*. Further, this private information is unrelated to the underlying cause of action. *Id*.

## III.   CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal:

(4)   Portions of Exhibit 6;

(5)   Portions of Exhibit 7; and

(6)   Portions of Exhibit 11.

///

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| Dated: June 28, 2021 | By: */s/ Mark D.. Kachner*<br>Joseph R. Re<br>Stephen C. Jensen<br>Irfan A. Lateef<br>Perry D. Oldham<br>Brian C. Claassen<br>Mark D. Kachner<br>Adam B. Powell<br>James E. Youngblood<br><br>Attorneys for Plaintiffs,<br>Masimo Corporation and<br>Cercacor Laboratories, Inc. |