Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
stephen.jensen@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
James E. Youngblood (Bar No. 325993)
jamie.youngblood@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Mark D. Kachner (Bar No. 234192)
mark.kachner@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Adam B. Powell (Bar No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707−4001

Attorneys for Plaintiffs,
Masimo Corporation and
Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**PLAINTIFFS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL**<br><br>**Hon. James V. Selna**<br>**Hon. Magistrate John D. Early**<br><br>**Hearing:  Oct. 4,2021**<br>**Time: 1:30 p.m.**<br>**Court: Room: 10C**<br><br>**Discovery Cutoff: 05/21/2021**<br>**Pre-Trial Conf.: 12/13/2021**<br>**Trial: 01/11/2022** |

Pursuant to Local Rule 79-5.2.2(a), Plaintiffs Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively "Plaintiffs") respectfully request leave to file under seal:

(1) Portions of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Opposition");

(2) Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc.'s Statement of Genuine Disputes of Material Fact in Opposition to Defendants' Motion for Partial Summary Judgment ("Statement of Genuine Disputes");

(3) Declaration of Joe Kiani in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Kiani Declaration"); and

(4) Exhibits 1-4 and 6, 8-12, 14-18, and 21-24 to the Declaration of Brian C. Claassen in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment.

Plaintiffs have provided proposed a redacted version of the Opposition. The Statement of Genuine Disputes, Kiani Declaration and Exhibits 1-4, 6, 8-12, 14-18, and 21-24 are placed under seal in their entirety due to the amount of confidential information contained therein.

## I.  LEGAL STANDARD

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist" when disclosure would "release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Information should be sealed where

"competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material). Moreover, Section 3426.5 of the California Civil Code broadly requires a court to "preserve the secrecy of an alleged ***trade secret*** by reasonable means," including "sealing the records of the action." Cal. Civ. Code § 3426.5 (emphasis added).

## II.   ARGUMENT

### A.   The Information Plaintiffs Seek To Seal Is Confidential

Plaintiffs' Opposition, Statement of Genuine Disputes, Kiani Declaration and Exhibits 1-4 and 6, 8-12, 14-18, and 21-24 to the Claassen Declaration, each contain confidential information as described in more detail below.

The redacted portions of Plaintiffs' Opposition detail Plaintiffs' confidential and proprietary technical trade secrets, including explanations of Plaintiffs' confidential algorithms, development efforts, and other technical information. Claassen Decl. ¶ 4. The redacted portions of Plaintiffs' Opposition also correlate aspects of Plaintiffs' trade secrets with internal True Wearables documents. *Id.* This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.*

The Statement of Genuine Disputes details Plaintiffs' confidential and proprietary technical trade secrets, including explanations of Plaintiffs' confidential algorithms, development efforts, and other technical information. Claassen Decl. ¶ 4. The Statement of Genuine Disputes also correlates aspects of Plaintiffs' trade secrets with internal True Wearables documents. *Id.* This information is confidential and valuable to Plaintiffs in part because of its secrecy. Plaintiffs are technology leaders with industry-leading performance due, in part, to

their years-long investment in their technical trade secrets. If Plaintiffs' trade secrets were disclosed, Plaintiffs' competitors would reap the benefits of Plaintiffs' large investment without the time or costs incurred by Plaintiffs. *Id.*

The Kiani Declaration details Plaintiffs' confidential technological development and testing efforts and confidential business discussions. *Id.* ¶ 5. Disclosure of the Kiani Declaration would harm Plaintiffs for the reasons discussed above. *Id*. Disclosure would also reveal Plaintiffs' confidential business strategies.

Exhibits 2, 10, 11, 12, 14, 15, 16, 17 and 21-22 include deposition excerpts, internal presentations, correspondence, and expert reports served in this litigation that contain information regarding Masimo's confidential business operation and Masimo's trade secrets. *Id*. ¶ 6. This information is confidential and valuable to Masimo in part because of its secrecy. Masimo is a technology leader with industry-leading performance due, in part, to its years-long investment in its technical trade secrets. *Id*. If Masimo's trade secrets were disclosed, Masimo's competitors would reap the benefits of Masimo's large investment without the time or costs incurred by Masimo. *Id*. Disclosure of these exhibits would harm Plaintiffs for the same reasons discussed above. *Id.*

Exhibits 1, 3, 4, 6, 8, 14, 18, and 23-24 are documents that True Wearables designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the Protective Order. *Id.* ¶ 7. Masimo requests the Court seal these documents based on True Wearables' designations.

**B.** <u>**The Court Should Grant Plaintiffs' Application to Seal**</u>

Courts seal documents where, as here, disclosure "will cause competitive harm." *See Apple*, 727 F.3d at 1221. Plaintiffs' competitors should not, because of the judicial process, be permitted to access Plaintiffs' confidential information that they "could not obtain anywhere else." *Id.* at 1229. Plaintiffs seek to seal trade secret[s]," which should be sealed in accordance with Cal. Civ. Code

§ 3426.5. Indeed, regardless of any dispute True Wearables may raise on the merits of Plaintiffs' trade secret claims, there can be no dispute that the documents Plaintiffs seek to seal discuss Plaintiffs' "alleged trade secret[s]," which should be sealed in accordance with Cal. Civ. Code § 3426.5. Further, the Ninth Circuit has explained that "compelling reasons" to seal exist where, as here, disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court seal portions of the Opposition, the Statement of Genuine Disputes, the Kiani Declaration in its entirety, and Exhibits 1-4, 6, 8-12, 14-18, and 21-24 in their entirety.

Respectfully submitted

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Dated: September 13, 2021      By: */s/ Brian C. Claassen*
         Joseph R. Re
         Stephen C. Jensen
         Irfan A. Lateef
         Perry D. Oldham
         Brian C. Claassen

         Attorneys for Plaintiffs,
         Masimo Corporation and
         Cercacor Laboratories, Inc.