1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
MASIMO CORPORATION, et al.,    ) CERTIFIED TRANSCRIPT
               Plaintiffs,     )
     vs.                       )
                               )   SACV-18-02001-JVS
TRUE WEARABLES, INC., et al.,  )
               Defendants.     )
-------------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

December 13, 2021

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiffs:

 3   JOSEPH R. RE
     STEPHEN C. JENSEN
 4   BRIAN CHRISTOPHER CLAASEN
     LAUREN K. KATZENELLENBOGEN
 5   KNOBBE MARTENS OLSON & BEAR, LLP
     2040 Main Street, 14th Floor
 6   Irvine, CA  92614
     (949) 760-0404
 7
     For the Defendants:
 8
     PETER A. GERGELY
 9   MERCHANT & GOULD, PC
     767 Third Avenue, Suite 23C
10   New York, NY  10017
     (212) 223-6520
11
     RYAN J. FLETCHER
12   MERCHANT & GOULD, PC
     1801 California Street, Suite 3300
13   Denver, CO  80202
     (303) 357-1670
14
     SCOTT P. SHAW
15   MERCHANT & GOULD, PC
     611 Wilshire Boulevard, Suite 808
16   Los Angeles, CA  90017
     (303) 357-1670
17

18

19

20

21

22

23

24

25
```

```
 1   SANTA ANA, CALIFORNIA; MONDAY, DECEMBER 13, 2021; 11:01 A.M.
 2              THE CLERK:  Item No. 5, SACV-18-02001-JVS, Masimo
 3   Corporation, et al., versus True Wearables, Inc., et al.
 4              Counsel, please state your appearances for the
 5   record.
 6              MR. RE:  Good morning, Your Honor.  Joseph Re from
 7   Knobbe Martens, and with me are my partners Steve Jensen,
 8   Brian Claassen, and Lauren Katzenellenbogen.
 9              MR. GERGELY:  Good morning, Your Honor.  Peter
10   Gergely from Merchant & Gould, and with me are my partners
11   Ryan Fletcher and Scott Shaw.
12              THE COURT:  Good morning.
13              Well, the complexion of the case has changed
14   somewhat since the parties filed their Proposed Pretrial
15   Conference Order.
16              Mr. Re, why don't you spell out the consequences
17   of your decision to drop all legal claims.
18              MR. RE:  Yes, Your Honor.  As you could tell from
19   the ex parte application that was briefed last week, the
20   plaintiff has agreed to withdraw all claims that give rise
21   to a right to trial by jury.  We will not seek any damages
22   or any remedy at law.  Under that view, we propose that we
23   have a bench trial under the Court's bench trial procedures
24   rather than impanel a jury when there are no legal remedies
25   at stake.
```

 1          THE COURT:  It seems to me that the plaintiff has
 2   the right to abandon anything or everything.  Why don't you
 3   get a formal waiver on file, and we will proceed
 4   accordingly.
 5          MR. RE:  I suggest, as I have stated to the
 6   defendants, that we submit a Revised Pretrial Conference
 7   Order setting the case for a bench trial with the remaining
 8   issues.
 9          THE COURT:  Well, I'm setting the case today.  It
10   seems to me a three-week continuance ought to allow you
11   enough time to comply with the declaration requirements for
12   a bench trial.  We will get that bench trial order out
13   today.
14          The parties' Pretrial Conference Order is
15   extraordinary in terms of the detailed facts.  The facts are
16   laid out in an evidentiary form for your case-in-chief and
17   the supporting facts for the affirmative defenses.  Plus I
18   assume that you have been working diligently to prepare
19   witness testimony, and  I think a three-week continuance
20   would be sufficient.
21          So I'm going to set the matter for February 1,
22   2022, as a bench trial.  The testimony under my standing
23   order for an existing trial would be due 12/22.  That would
24   get pushed out to 1/8.  The responsive testimony would
25   presently be due 12/29.  Push that out to 1/19.  The

```
 1   objections would be 1/6, but I will push that out to 1/27.
 2   We will have a trial on 2/1.
 3           In terms of the time for that trial, I'm going to
 4   allot five days for any additional examinations.  In bench
 5   trials, the party that presents the witness puts the witness
 6   on the stand.  They authenticate the declaration with any
 7   changes or corrections.  It's not for additional testimony
 8   but for any additions or corrections.  And then they are
 9   tendered for cross, redirect, and recross.  Only in
10   exceptional circumstances would I give you another round, so
11   you need to concentrate on your examinations.
12           Is a week long enough to put in the new Pretrial
13   Conference Order?
14           MR. RE:  Yes, that's fine.
15           THE COURT:  It seems to me you need to get your
16   waiver on file and any current proposal just needs to be
17   edited accordingly.
18           MR. GERGELY:  Your Honor, may I be heard?
19           THE COURT:  Please.
20           MR. GERGELY:  Your Honor, the defendants have not
21   waived the right to a jury trial.
22           THE COURT:  Well, tell me what your right to a
23   jury trial is.
24           MR. GERGELY:  Your Honor, under the case law,
25   if -- you really have to look at the substance of the claim
```

1  to determine whether it's legal or equitable.  The case law
2  is that a claim for disgorgement of profits, which is what
3  the plaintiffs claim that --
4           THE COURT:  An equitable claim?
5           MR. RE:  It would be an equitable claim.  But they
6  are not seeking disgorgement of profits in this particular
7  case.  I think it's fairly conceded that True Wearables does
8  not have any profits.  So really what they are seeking here
9  is a money judgment for personal liability against True
10 Wearables and Dr. Lamego to the tune of $12 million to
11 $14 million.  It's not a disgorgement of profits claim.
12          THE COURT:  Well, sir, the only equitable claim
13 involving money is going to be disgorgement, and
14 disgorgement isn't going to be profits.  Evidence is going
15 to be presented as to --
16          MR. GERGELY:  And that's what I am trying to
17 explain to Your Honor.  It's that their claim is not in fact
18 a disgorgement for profits claim.  It's a claim for damages.
19 And under the case law from the Supreme Court, the
20 Great-West case, and also the Federal Circuit, the issue is
21 is it in fact disgorgement of profits, or are they seeking a
22 legal remedy of a personal judgment against the defendants?
23          What they are seeking is a personal judgment of
24 $12 million to $14 million.  So it is in fact a damages
25 claim.  It's not unjust enrichment because there are no

   1    profits to disgorge from these defendants.  What they are

   2    seeking is a damages claim based on the entire enterprise

   3    value of True Wearables.  It's not -- these aren't profits.

   4    These are damages.

   5          So we would take the position that the defendants

   6    are entitled to a jury trial on that issue, as well as

   7    breach of fiduciary duty.  Because what the plaintiffs in

   8    their papers have said is that their breach of fiduciary

   9    duty claim is based on underlying conduct of negligence, and

  10    case law from the Ninth Circuit -- the DePinto case from

  11    1963 says when the claim is based on an underlying claim of

  12    negligence, which this is -- it's a breach of fiduciary

  13    claim, but underlying that is the assertion of negligence --

  14    the defendants are entitled to a jury trial.  So we think

  15    there would be a jury trial issue on that claim as well, as

  16    well as statute of limitations.  I think the Estate of

  17    Fenter (phonetic) case from California stands for that

  18    proposition as well.

  19          These issues have not been briefed.  The

  20    plaintiffs submitted some very short argument in their

  21    response to our ex parte application in the case.  We

  22    haven't had an opportunity to brief these issues, and my

  23    client has not authorized me to waive a jury trial.  They

  24    would like to proceed as a jury trial.

  25          So we think under the pleadings as framed and even

1    under plaintiffs' proposal to revise the pleadings that
2    there is a right to a jury trial.  A lot of these claims are
3    intertwined -- the breach of contract, the trade secret
4    misappropriation, the breach of fiduciary duty.
5            A lot of them grow out of plaintiffs' breach of
6    contract claim under nondisclosure agreements.  Now,
7    typically that would be a legal claim.  Now, of course, the
8    plaintiffs are seeking damages under the trade secret
9    misappropriation claim, as well as breach of fiduciary duty.
10   And because it's predicated under breach of contract as well
11   as negligence, we think there is a jury trial right on those
12   issues as well.
13           We would like the opportunity to brief the issue
14   before a decision is made to proceed with a jury or a bench
15   trial.
16           THE COURT:  Get your brief in by Thursday at noon.
17           You have until the end of the day on Friday to
18   file a response, Mr. Re.
19           And we will continue this conference to 11:00 a.m.
20   on the 20th.  I think we need to know which way we are going
21   quickly.
22           MR. GERGELY:  One other issue is under plaintiffs'
23   proposal -- as you know, this case started out -- I believe
24   it was a six-patent case.  I don't remember how many claims
25   or issues, but I want to say something like maybe 50 or 60

1  different patent claims.  As I understand it now, they are
2  proposing to proceed on one patent claim under one patent.
3  So we have kind of shrank from six patents down to a single
4  patent and a single claim.
5           For federal jurisdiction, plaintiffs understand if
6  they dismiss --
7           THE COURT:  Well, even if they dismissed it, I'm
8  so far into this case I would exercise supplemental
9  jurisdiction.
10          MR. GERGELY:  Your Honor, we would assert that the
11 state law claims predominate.
12          THE COURT:  Sir, it doesn't matter.  What would be
13 the sense of sending this case back to state court given the
14 work that this Court has done?  It doesn't make sense.
15          MR. GERGELY:  I think federal subject matter
16 jurisdiction has to exist at all times, and --
17          THE COURT:  No, sir.  It has to exist at the
18 initiation of the suit.  That's when jurisdiction is
19 determined.
20          MR. GERGELY:  Your Honor, the other issue my
21 client has with this proposal that the plaintiffs are
22 advocating is that they have literally spent hundreds of
23 thousands of dollars defending themselves on these claims,
24 including the patent infringement claims.  Literally it was
25 a six-patent case with 50 to 60 claims.  And now they are

1  saying, well, we are just going to proceed on one patent and
2  one claim.
3          The defendants literally have spent hundreds of
4  thousands of dollars defending themselves, and there has
5  been no offer or any consideration from the other side
6  whether to compensate my client for basically putting them
7  through discovery, putting them through claim construction,
8  putting them through summary judgment.
9          THE COURT:  If you think you have a remedy, you
10 can seek it.
11         MR. GERGELY:  Understood.
12         THE COURT:  Okay.
13         MR. GERGELY:  Lastly, Your Honor, we have been
14 assuming for three years that this was going to be a jury
15 trial, and now at the last minute they are saying we want to
16 switch it to a bench trial.  You know, there is something
17 like 20 plus witnesses on each side and 3,200 proposed
18 exhibits.  The amount of time and effort that's going to go
19 into preparing these witness statements and proposed
20 findings of fact and conclusions of law and trial briefs is
21 going to be a tremendous amount of expense and effort to my
22 client.
23         THE COURT:  The trial briefs shouldn't be any
24 different if they are provided to the Court.
25         MR. LEE:  It is a lot more work, and this is

```
 1   basically forced on us at the last minute.  But we think
 2   there is a right to jury trial in any event.
 3            THE COURT:  Well, we will get that resolved
 4   quickly.
 5            MR. GERGELY:  Thank you.
 6            THE COURT:  Okay, then everybody has their
 7   marching orders.  The defendants are to put in their brief
 8   on the jury trial issue no later than noon on Thursday, the
 9   end of the day on Friday for the defendants, and 11:00 on
10   20th for a continuation of this pretrial conference.
11            MR. GERGELY:  Your Honor, can we do the pretrial
12   conference by Zoom because I have my children visiting from
13   out of town, and they will be with me during the holiday?
14            THE COURT:  You are welcome to bring them to court
15   and let them see what you do for a living.  Absent COVID
16   problems, I think we need to do this in person.  We are
17   going to do it in person.  They are welcome, seriously.
18            MR. GERGELY:  Your Honor, I'm coming from across
19   the country.
20            THE COURT:  Oh.
21            MR. GERGELY:  I don't live local.  I live in
22   New York City.
23            THE COURT:  That's a tough week to travel.  We
24   will do it via Zoom.
25            MR. GERGELY:  Thank you, Your Honor.
```

```
1          THE COURT:  Anything else?
2          MR. RE:  Nothing from the plaintiff, Your Honor.
3          THE COURT:  Okay.  Thank you.
4          (Whereupon, the proceedings were concluded.)
5                       *   *   *
```

# CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   December 13, 2021

/s/   Sharon A. Seffens   12/13/21
_____
SHARON A. SEFFENS, U.S. COURT REPORTER