```
              UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA

                   SOUTHERN DIVISION

                        - - -

     THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING


       MASIMO CORPORATION, et al.,    )CERTIFIED TRANSCRIPT
                     Plaintiffs, )
         vs.                          )
                                      )   SACV-18-02001-JVS
       TRUE WEARABLES, INC., et al., )
                     Defendants. )
       ------------------------------)



          REPORTER'S TRANSCRIPT OF PROCEEDINGS

                Santa Ana, California

                  February 22, 2022



              SHARON A. SEFFENS, RPR
              United States Courthouse
              411 West 4th Street, Suite 1-1053
              Santa Ana, CA  92701
              (612) 804-8655
```

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiffs:

 3   JOSEPH R. RE
     STEPHEN C. JENSEN
 4   BRIAN CHRISTOPHER CLAASEN
     KNOBBE MARTENS OLSON & BEAR, LLP
 5   2040 Main Street, 14th Floor
     Irvine, CA  92614
 6   (949) 760-0404

 7   For the Defendants:

 8   PETER A. GERGELY
     MERCHANT & GOULD, PC
 9   767 Third Avenue, Suite 23C
     New York, NY  10017
10   (212) 223-6520

11   SCOTT P. SHAW
     MERCHANT & GOULD, PC
12   611 Wilshire Boulevard, Suite 808
     Los Angeles, CA  90017
13   (303) 357-1670

14   **PAIGE S. STRADLEY**
     **MERCHANT & GOULD, PC**
15   **80 South 8th Street**
     **3200 IDS Center**
16   **Minneapolis, MN  55402**
     **(612) 332-5300**
17

18

19

20

21

22

23

24

25
```

|   |   |
|---|---|
| 1 | SANTA ANA, CALIFORNIA; TUESDAY, FEBRUARY 22, 2022; 10;32 |
| 2 | A.M. |
| 3 | THE CLERK:  Calling Item No. 4, SACV-18-02001-JVS, |
| 4 | Masimo Corporation, et al., versus are True Wearables, Inc., |
| 5 | et al. |
| 6 | Appearances on behalf of the plaintiff, please. |
| 7 | MR. RE:  Go100 morning, Your Honor.  Joseph Re |
| 8 | from Knobbe Martens for the plaintiffs Masimo and Cercacor |
| 9 | Laboratories, and with me are my partners Stephen Jensen and |
| 10 | Brian Claassen. |
| 11 | THE COURT:  Good morning. |
| 12 | THE CLERK:  Appearances on behalf of the defense, |
| 13 | please. |
| 14 | MR. GERGELY:  Good morning, Your Honor.  Peter |
| 15 | Gergely from Merchant & Gould on behalf of the defendants |
| 16 | True Wearables and Dr. Marcelo Lamego, and with me today are |
| 17 | my partners Scott Shaw and Paige Stradley. |
| 18 | THE COURT:  Good morning. |
| 19 | I understand you folks are having some |
| 20 | difficulties regarding the evidentiary declarations and the |
| 21 | exhibits.  Tell me about that. |
| 22 | MR. RE:  This is Mr. Re. |
| 23 | I'm not aware of the difficulty.  I think we |
| 24 | received an e-mail from the clerk explaining the process. |
| 25 | Our statements are due tomorrow, and I didn't think there |

```
10:33   1    was any difficulty with regard to exhibits.
10:33   2              THE COURT:  Well, my standing order requires that
10:33   3    the exhibits that are going to come in through a witness be
10:33   4    filed along with the testimony.
10:33   5              I'm looking for an e-mail.  Bear with me for a
10:34   6    minute, please.
10:34   7              (Pause in proceedings)
10:35   8              THE COURT:  I received an e-mail from the clerk
10:35   9    saying you folks were having some difficulty with regard to
10:35  10    very large exhibits, and you would have to break them down
10:35  11    to 35 megabytes in order to file them.
10:35  12              MR. JENSEN:  Yes, Your Honor.
10:36  13              THE COURT:  Let me ask you this.  If you were
10:36  14    trying this case before a jury, wouldn't you slim things
10:36  15    down quite a bit?  Why should the presentation to the Court
10:36  16    be any different?
10:36  17              MR. CLAASSEN:  The presentation will identify the
10:36  18    specific pages just as if we were here in court.  It would
10:37  19    be pulled up on the screen to a jury.  A particular page
10:37  20    number from the exhibit would be focused on.  I think that's
10:37  21    the way the statements are set up as they are currently.
10:37  22              THE COURT:  I looked at your previous filings on
10:37  23    the motions regarding the case law and citations as to being
10:37  24    hyperlinked.  Can you hyperlink the record as to the
10:37  25    exhibits?
```

| | | |
|---|---|---|
| 10:37 | 1 | MR. CLAASSEN: We will have to look into that. If |
| 10:37 | 2 | we are filing it electronically, that should be possible. |
| 10:37 | 3 | THE COURT: Okay. Does that address the issue |
| 10:38 | 4 | with regard to the witness declarations? Mr. Gergely. |
| 10:38 | 5 | MR. GERGELY: Yes, Your Honor. I saw an e-mail |
| 10:38 | 6 | from your staff indicating that this issue was resolved, so |
| 10:38 | 7 | in my mind, it was resolved. |
| 10:38 | 8 | THE COURT: Well, I think Ms. Bredahl made clear |
| 10:38 | 9 | what the Court's requirements are, but I wanted to make sure |
| 10:38 | 10 | as we go that everybody understands. |
| 10:38 | 11 | Are you good to go then, Mr. Gergely? |
| 10:38 | 12 | MR. GERGELY: I think we are good to go. |
| 10:38 | 13 | Paige and Scott, do you agree? |
| 10:38 | 14 | MR. SHAW: Yes, I agree. |
| 10:38 | 15 | MR. RE: Your Honor, there is one witness in |
| 10:38 | 16 | particular that presents a unique situation. I would like |
| 10:38 | 17 | to alert the Court and my adversary here. One witness is |
| 10:39 | 18 | cooperating but at a very slow pace I would say, slightly |
| 10:39 | 19 | cooperating. We do expect a written statement from him, but |
| 10:39 | 20 | I do not anticipate it will be signed in time. So there may |
| 10:39 | 21 | be one witness who I will call an adverse witness named |
| 10:39 | 22 | Mr. Matt Paul, and he will be filing a statement sometime, |
| 10:39 | 23 | but I don't know if it will be done on time. We are using |
| 10:39 | 24 | our best efforts. |
| 10:39 | 25 | THE COURT: Okay. That's all you can do if he's |

| | | |
|---|---|---|
| 10:39 | 1 | not under your control. |
| 10:39 | 2 | MR. RE: He's not under our control. |
| 10:39 | 3 | THE COURT: Well, I will respond to the problem if |
| 10:39 | 4 | needed. |
| 10:39 | 5 | I have had a chance to review the Pretrial |
| 10:39 | 6 | Conference Order. I guess I'm concerned about the exhibits |
| 10:40 | 7 | and objections. I think there are 3,400 exhibits. I have |
| 10:40 | 8 | been in a lot of big cases in my life, and I have never been |
| 10:40 | 9 | in a case where the case turned on more than a hundred |
| 10:40 | 10 | documents. I'm concerned that you are just dumping this |
| 10:40 | 11 | stuff all in the record. I question whether 3,400 documents |
| 10:40 | 12 | are really necessary. |
| 10:40 | 13 | Second, I'm concerned about rogue objections. So |
| 10:41 | 14 | you might want to revisit and consider some of those |
| 10:41 | 15 | objections that you want to bring to the Court's attention |
| 10:41 | 16 | rather than rogue objections. |
| 10:41 | 17 | Mr. Gergely. |
| 10:41 | 18 | MR. GERGELY: Your Honor, one suggestion I might |
| 10:41 | 19 | make, which has worked in other cases and I think makes a |
| 10:41 | 20 | lot of sense particularly in a bench trial, is to have a |
| 10:42 | 21 | sponsoring witness for each exhibit, because sometimes I |
| 10:42 | 22 | have been in situations where someone has proposed, well, |
| 10:42 | 23 | there is no objection to an exhibit. It's just going to |
| 10:42 | 24 | come in, but -- |
| 10:42 | 25 | THE COURT: Well, that's what you folks stipulated |

| | | |
|---|---|---|
| 10:42 | 1 | to in your Pretrial Conference Order. |
| 10:42 | 2 |       MR. GERGELY:  Well, we did have an objection in |
| 10:42 | 3 | there that we would like a sponsoring witness for each |
| 10:42 | 4 | exhibit.  I think that ought to be a requirement because it |
| 10:42 | 5 | puts the exhibit in context.  It establishes the relevance |
| 10:42 | 6 | of the exhibit.  I don't see how relevance can be |
| 10:42 | 7 | established without a witness saying what a document is and |
| 10:42 | 8 | what it means to the case. |
| 10:42 | 9 |       THE COURT:  Well, if the lawyer believes and has |
| 10:42 | 10 | stipulated to the admission of the document and the Court |
| 10:42 | 11 | accepts that, it comes in. |
| 10:43 | 12 |       MR. GERGELY:  Your Honor, I don't think we made |
| 10:43 | 13 | that stipulation.  I think we actually made an objection |
| 10:43 | 14 | that there should be a witness for each exhibit that comes |
| 10:43 | 15 | in. |
| 10:43 | 16 |       (Pause in proceedings) |
| 10:44 | 17 |       MR. CLAASSEN:  Your Honor, if you could look at |
| 10:44 | 18 | page 34, paragraph 10, line 7. |
| 10:45 | 19 |       THE COURT:  I'm just going through the objections |
| 10:45 | 20 | themselves.  I haven't found any objections on the basis |
| 10:45 | 21 | of a sponsoring party. |
| 10:45 | 22 |       MR. GERGELY:  Your Honor, I don't have the |
| 10:45 | 23 | objections in front of me, but my memory is that we had a |
| 10:45 | 24 | general objection to that effect, that we wanted that |
| 10:45 | 25 | requirement.  I think that would cut down on the volume of |

|       |    |                                                                        |
|-------|----|------------------------------------------------------------------------|
| 10:45 | 1  | documents put in the record.  If there is an actual                    |
| 10:45 | 2  | requirement that a witness actually talk about the relevance           |
| 10:45 | 3  | of a particular document and what it means to the case, no,            |
| 10:45 | 4  | we are not going to have 3,000 exhibits in the record.  We             |
| 10:45 | 5  | are going to get down to about 100 or 200 that really                  |
| 10:45 | 6  | matter.                                                                |
| 10:45 | 7  |       THE COURT:  Mr. Re.                |
| 10:45 | 8  |       MR. RE:  Well, I'm surprised to hear this, Your |
| 10:45 | 9  | Honor.  There are lots of documents put in by both sides.              |
| 10:46 | 10 | If Mr. Gergely really means what he is saying, I want to               |
| 10:46 | 11 | know why his list is so long and why there are so many                 |
| 10:46 | 12 | objections that have nothing to do with a sponsoring                   |
| 10:46 | 13 | witness.  We may have to have a lot of witnesses if every              |
| 10:46 | 14 | single document has to be sponsored individually.  We will             |
| 10:46 | 15 | do that.                                                               |
| 10:46 | 16 |       THE COURT:  Well, I set the timing for the bench |
| 10:46 | 17 | trial for five days.  I thought it was appropriate in light            |
| 10:46 | 18 | of the fact that your initial trial estimate was seven days.           |
| 10:46 | 19 | In the earlier Pretrial Conference Order, Masimo thought a             |
| 10:46 | 20 | jury trial could be completed in five to seven days.                   |
| 10:47 | 21 |       MR. RE:  I agree.                  |
| 10:47 | 22 |       THE COURT:  Do what you want, but I'm not going to |
| 10:47 | 23 | consider any declarant who has not in fact been presented              |
| 10:47 | 24 | for cross-examination.                                                 |
| 10:47 | 25 |       MR. RE:  What it sounds like is we need to cull |

```
10:47   1    down the exhibits and cull down the objections.  I didn't
10:47   2    think we had a lot of objections.
10:47   3              THE COURT:  I do think that the parties need to
10:48   4    have some further discussions.
10:48   5              At this point, we are open for jury trials.  We
10:48   6    still have a highly transmissible going on in all counties
10:48   7    in the district.  Highly transmissible means everybody is
10:48   8    masked and the jury is socially distanced.  It's not a
10:48   9    problem for a bench trial.
10:48  10              Any further discussions with regard to the
10:48  11    logistics?
10:49  12              MR. CLAASSEN:  Your Honor, I would like to clarify
10:49  13    the filing of the witness statements with respect to the
10:49  14    exhibits.  I understood your instructions are that we file
10:49  15    them electronically and hopefully with hyperlinks.
10:49  16              THE COURT:  I want a hard copy hyperlinked to the
10:49  17    declarations.
10:49  18              MR. CLAASSEN:  Yes, Your Honor.
10:49  19              THE COURT:  Any other comments or questions?
10:49  20              This case cries out for the parties to resolve it
10:49  21    themselves.  It's unclear how much money is going to change
10:49  22    hands.  It seems to me that this is a case understanding
10:50  23    True Wearables' condition that the parties ought to reach a
10:50  24    business solution.  But the taxpayers pay for the courtroom,
10:50  25    and that's what we are here for, settling disputes.
```

| | | |
|---|---|---|
| 10:50 | 1 | Mr. Re. |
| 10:50 | 2 | MR. RE:  Your Honor, we completely agree with you. |
| 10:50 | 3 | We're not demanding any money from the defendant in our |
| 10:50 | 4 | discussions.  But I do think the Court should know that in |
| 10:50 | 5 | our view this case is proceeding not because of True |
| 10:50 | 6 | Wearables.  To be candid with the Court, I do believe that |
| 10:50 | 7 | the defendant is cooperating with another party who is |
| 10:50 | 8 | prompting the case.  I feel I have to let you know that |
| 10:50 | 9 | because this dispute does not justify this type of |
| 10:50 | 10 | proceeding.  But there is a third party that is clearly |
| 10:51 | 11 | involved, and True Wearables has a joint defense agreement |
| 10:51 | 12 | with them. |
| 10:51 | 13 | THE COURT:  Mr. Gergely. |
| 10:51 | 14 | MR. GERGELY:  Actually, I can respond to that. |
| 10:51 | 15 | No, there's no -- there was a common interest agreement at |
| 10:51 | 16 | one point.  It's been terminated. |
| 10:51 | 17 | THE COURT:  Well, it's not my business to get into |
| 10:51 | 18 | the -- |
| 10:51 | 19 | MR. GERGELY:  And there is no -- I mean, if Mr. Re |
| 10:51 | 20 | is referring to Apple, Apple is not -- they are not giving |
| 10:51 | 21 | any financial support to Dr. Lamego.  If that's what the |
| 10:51 | 22 | suggestion is, no. |
| 10:51 | 23 | MR. RE:  The suggestion is Apple clearly has its |
| 10:51 | 24 | fingers in this case. |
| 10:52 | 25 | THE COURT:  Okay, anything else we should discuss |

```
10:52   1   today?
10:52   2           MR. RE:  Not from the plaintiff, Your Honor.
10:52   3           MR. GERGELY:  Not from us, Your Honor.  I would be
10:52   4   happy to revisit settlement.  That's fine by me.  We have
10:52   5   tried, but we have been unsuccessful.  I can say why we were
10:52   6   unsuccessful, but it probably wouldn't be appropriate in
10:52   7   front of Your Honor.
10:52   8           THE COURT:  If you need a further status
10:52   9   conference, contact Ms. Bredahl.
10:52  10           MR. RE:  Thank you, Your Honor.
10:52  11           MR. GERGELY:  Thank you, Your Honor.
10:52  12           (Whereupon, the proceedings were concluded.)
10:52  13                       *   *   *
10:52  14
10:52  15
10:52  16
10:52  17
10:52  18
10:52  19
10:52  20
10:52  21
10:52  22
10:52  23
10:52  24
10:52  25
```

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   February 24, 2022

/s/   Sharon A. Seffens  2/24/22
_____
SHARON A. SEFFENS, U.S. COURT REPORTER