# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>TRUE WEARABLES, INC., a Delaware corporation; and MARCELO LAMEGO, an individual,<br><br>Defendants/Counterclaimants. | Case No. 8:18-CV-02001-JVS-JDE<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>**Hon. James V. Selna**<br>**Hon. Magistrate John D. Early** |

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, in accordance with the Court's Findings of Fact and Conclusions of Law [Dkt. 598] dated November 7, 2022, issued after the Court presided over a bench trial, and the entirety of the record available, the Court hereby **ORDERS** and **ENTERS FINAL JUDGMENT**.

The Court finds in favor of Plaintiffs Masimo Corporation and Cercacor Laboratories, Inc. (together, "Masimo") and against Defendants True Wearables, Inc. and Marcelo Lamego (together, "Lamego") on:

a) Masimo Corp.'s claim for breach of contract (the First Cause of Action);

b) Cercacor's claim for breach of contract (the Second Cause of Action);

c) Masimo's claim for misappropriation of trade secrets in violation of the California Uniform Trade Secret Act (the Third Cause of Action) with regard to Trade Secrets 1 (partial), 8, 9, and 12 ("Masimo's Trade Secrets");

d) Cercacor's claim for breach of fiduciary duty (the Fifth Cause of Action); and

The Court finds that Masimo did not demonstrate the existence of trade secrets with respect to alleged Trade Secrets 1 (partial), 5, and 11.

The Court finds that Masimo did not prove that Lamego infringed Claim 9 of U.S. Patent No. 10,194,848 (the Eleventh Cause of Action and Lamego's Sixth Claim for Relief) and that Lamego did not prove that Claim 9 is invalid (Lamego's Twelfth Claim for Relief).

The Court previously dismissed all other causes of action and claims for relief brought in this case, as set forth in the Amended Joint Final Pretrial Conference Order [Dkt. 508]. Therefore, no causes of action or claims remain in this case.

In view of the above, Lamego, including True Wearables, Inc.'s affiliated companies, officers, directors, agents, representatives, servants, employees,

attorneys, successors and assigns, and any person or entity in active concert with Lamego, are hereby **ENJOINED** from:

1. Further misappropriating Masimo's Trade Secrets;
2. Publishing any patent, patent application, document, paper, or presentation that discloses Masimo's Trade Secrets or confidential information;
3. Selling the Oxxiom in its current form;
4. Making further use of any Masimo "confidential information," as defined in the employment agreements, including the documents in Lamego's possession (collectively, "Masimo's Confidential Documents"), copies of which were the following trial exhibits:
   - JTX-311 at Exs. 2, 3, 4, 9,
   - JTX-312 at Exs. 2, 4, 5, 6, 9,
   - JTX-313 at TRUE016662–81, TRUE016694–96, TRUE016697–715; and
5. Retaining, disclosing, disseminating, or making further use of any of Masimo's confidential information, including any documents and electronic information.

To ensure compliance with this injunction, Marcelo Lamego may read the description of Masimo's Trade Secrets as set forth in paragraphs 67, 101, 113, and 158 of Dkt. 598. Lamego may also read the portions of the Amended Direct Testimony of Dr. James McNames [Dkt. 534] regarding the Trade Secrets found to be misappropriated, with the understanding that this illustrative testimony does not limit the scope of the trade secrets as defined in the written description. To maintain the confidentiality of Masimo's Trade Secrets, Marcelo Lamego may read, but not copy or otherwise maintain, the description of those trade secrets and the testimony noted above, and any reading must occur in the offices of any counsel of record and in the presence of Lamego's counsel of record.

Within 30 days from the entry of this Final Judgment and Injunction,

Lamego is **ORDERED** to:

6. Return all of Masimo's confidential information, including but not limited to Masimo's Confidential Documents, regardless of whether such information and documents are stored electronically or in any tangible form such as paper;

7. After complying with paragraph 6 above, destroy all Masimo confidential information that exists in electronic form; and

8. Take all necessary steps to preserve the confidentiality of or stop issuance of the following United States Patent Applications:

    - U.S. App. No. 16/198,335;
    - U.S. App. No. 16/939,925;
    - U.S. App. No. 16/198,550;
    - U.S. App. No. 16/198,504;
    - U.S. App. No. 17/326,957;
    - U.S. App. No. 17/351,767;
    - U.S. App. No. 17/363,314;
    - U.S. App. No. 62/591,158;
    - U.S. App. No. 62/878,670;
    - U.S. App. No. 62/884,578;
    - U.S. App. No. 62/932,394;
    - U.S. App. No. 62/951,651; and
    - Any application, foreign or domestic, that depends on these above applications for priority or otherwise incorporates any of the above applications by reference.

To ensure that Masimo's Trade Secrets remain confidential, Lamego shall file notices in the United States Patent and Trademark Office or, if applicable, the foreign patent office in which any foreign application is pending, expressly abandoning the above patent applications so that they never publish and/or issue.

Lamego shall not file any new patent application claiming priority or otherwise incorporating any of the applications listed above.

9. Lamego shall take all steps necessary to prevent publication of any other patent, patent application, document, paper, or presentation that discloses Masimo's Trade Secrets or confidential information.

10. Within 60 days of the entry of this Final Judgment and Injunction, Lamego shall file a Notice of Compliance certifying to this Court that Lamego has complied with all of its terms.

11. Each Party shall bear its own attorneys' fees and costs.

Masimo may serve this Final Judgment and Injunction as may be necessary to ensure compliance.

**IT IS SO ORDERED.**

Dated: December 22, 2022     By: _____
                             Honorable James V. Selna
                             United States District Judge